1  GREGG A. RAPOPORT, APLC
2  Gregg A. Rapoport (SBN 136941)
   444 S. Flower St. Suite 1700
3  Los Angeles, California 90071
   Tel.  213-438-5285; Fax 213-478-0955
4  gar@garlaw.us

5  Attorney for Plaintiffs
6  MOSES CHOI and
   SOUTHEAST REGIONAL CENTER, LLC

7

8              **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  MOSES CHOI, an individual; and          **Case No. 2:17-cv-8958**
12  SOUTHEAST REGIONAL CENTER,
    LLC, a Georgia limited liability        **COMPLAINT FOR:**
13  company,
                                            1) **DECLARATORY**
14              Plaintiffs,                     **JUDGMENT;**

15          vs.                             2) **BREACH OF JOINT**
                                               **VENTURE PARTNERSHIP**
16  8TH BRIDGE CAPITAL, INC., a               **AGREEMENT;**
17  California corporation; YOUNG HUN
    KIM, an individual; 8TH BRIDGE         3) **ENFORCEMENT OF RIGHTS**
18  CAPITAL, LLC, a California limited         **UNDER THE REVISED**
    liability company; MANHATTAN REAL         **UNIFORM PARTNERSHIP**
19  ESTATE FUND GP, LLC, a Delaware            **ACT;**
    limited liability company;
20  MANHATTAN REAL ESTATE FUND,            4) **BREACH OF FIDUCIARY**
    LP, a Delaware limited partnership;       **DUTY;**
21  MANHATTAN REAL ESTATE FUND
    II, LP, a Delaware limited partnership; 5) **FRAUDULENT**
22  MANHATTAN REAL ESTATE               **CONCEALMENT;**
    EQUITY FUND, LP, a Delaware limited
23  partnership; and PATRICK JONGWON     6) **CONSTRUCTIVE FRAUD;**
    CHANG, an individual,
24                                         7) **CONVERSION;**
                Defendants.
25                                         8) **VIOLATION OF THE**
                                              **DEFENSE OF TRADE**
26                                            **SECRETS ACT;**

27                                         9) **VIOLATION OF THE**
                                              **CALIFORNIA UNIFORM**
28                                            **TRADE SECRETS ACT;**

                                              (continued)

**10)  JUDICIAL DISSOLUTION;**

**11)  BREACH OF CONTRACT TO FORM JOINT VENTURE;**

**12)  BREACH OF FIDUCIARY DUTY;**

**13) PROMISSORY ESTOPPEL;**

**14)  VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200;**

**15) AN ACCOUNTING; and**

**16)  QUANTUM MERUIT**

**DEMAND FOR JURY TRIAL**

Plaintiffs MOSES CHOI ("Choi") and SOUTHEAST REGIONAL CENTER, LLC ("SRC") (together, "Plaintiffs") hereby complain of Defendants 8TH BRIDGE CAPITAL, INC., YOUNG HUN KIM, 8TH BRIDGE CAPITAL, LLC, MANHATTAN REAL ESTATE FUND GP, LLC, MANHATTAN REAL ESTATE FUND, LP, MANHATTAN REAL ESTATE FUND II, LP, MANHATTAN REAL ESTATE EQUITY FUND, LP, and PATRICK CHANG (collectively, "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Plaintiffs' state law based claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs on the one hand, and Defendants on the other, and more than $75,000 in controversy in this action, exclusive of interest and costs.

2.      The Court has subject matter jurisdiction over Plaintiffs' federal trade secret claim pursuant to 18 U.S.C. §§ 1836 et seq. and 28 U.S.C. §§ 1331 and 1343, and further has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated in this District, and because at least one of the Defendants resides in this judicial district.

## NATURE OF THE ACTION

4.      This action arises from disputes between members of a joint venture involved in the business of marketing federally-approved EB-5 projects to potential immigrant investors, primarily in Asia. As set forth below, Plaintiffs invested more than $500,000 in cash, devoted more than 18 months of their time and effort, and provided access to their own proprietary and confidential extensive network of foreign immigration agents, as well as the assistance of their own paid expert advisor, in a joint venture with Defendants YOUNG HUN KIM ("Kim") and his wholly-owned company, 8TH BRIDGE CAPITAL, INC. ("8th Bridge Inc."), to cooperatively market EB-5 projects to targeted investors in China, South Korea, Vietnam, and elsewhere.

5.      Defendants Kim and 8th Bridge Inc. requested and received these contributions of money, time, effort, and proprietary information from Plaintiffs and, largely as a result thereof, secured the funding of a successful EB-5 project, yielding to 8th Bridge Inc. substantial ongoing management and other fees.

6.      Having secured this funding and having begun receiving these fees, Kim and 8th Bridge Inc. thereupon froze Plaintiffs out by transferring partnership assets to third parties, by refusing to recognize Plaintiffs' right to a share in profits, by refusing to allow them to continue to be involved with or benefit from the EB-5 project, by denying them access to the book and records of the joint venture or the project, by disavowing and denying having formed any joint venture, and/or by purporting to rescind the joint venture without cause.

7.      Plaintiffs now allege claims seeking relief in the form of damages, imposition of a constructive trust on revenues obtained from the joint venture, an injunction, appointment of a receiver, restitution, and an accounting.

## **THE PARTIES / DIVERSITY**

8.      Plaintiff SOUTHEAST REGIONAL CENTER, LLC ("SRC") is a Georgia limited liability company with its principal place of business in the State of Georgia.

9.      Plaintiff Choi is an individual with his residence and domicile in the State of Georgia, and is the sole member of Plaintiff SRC.

10.     Defendant Kim is an individual with his residence and domicile in the State of California, within this judicial district.

11.     Defendant 8TH BRIDGE CAPITAL, INC. ("8th Bridge Inc.") is a California corporation formed in 2009, with its principal place of business within this judicial district.

12.     Defendant 8TH BRIDGE CAPITAL, LLC ("8th Bridge LLC") is a California limited liability company, formed on or about December 21, 2016, with its principal place of business within this judicial district.

13.     Defendant Kim is and at all relevant times was sole shareholder and principal officer of 8th Bridge Inc., and the sole member and manager of Defendant 8th Bridge LLC.

14.     MANHATTAN REAL ESTATE FUND GP, LLC ("MRE Fund GP") is a Delaware limited liability company, formed on or about September 16, 2015, with its principal place of business in the State of California, within this judicial district.

15.     On information and belief, Defendant 8th Bridge LLC is the sole member of MRE Fund GP.

16.     MANHATTAN REAL ESTATE FUND, LP ("MRE Fund LP") is a Delaware limited partnership, formed on September 15, 2015, with its principal

place of business in the State of California, within this judicial district.  None of the limited partners of MRE Fund LP is a citizen of the State of Georgia or a U.S. citizen domiciled abroad.

17.     MANHATTAN REAL ESTATE FUND II, LP ("MRE Fund II LP") is a Delaware limited partnership, formed on June 30, 2017, with its principal place of business in the State of California, within this judicial district. None of the limited partners of MRE Fund II LP is a citizen of the State of Georgia or a U.S. citizen domiciled abroad.

18.     MANHATTAN REAL ESTATE EQUITY FUND, LP ("MRE Equity Fund LP") is a Delaware limited partnership, formed on June 30, 2017, with its principal place of business in the State of California, within this judicial district. None of the limited partners of MRE Equity Fund LP is a citizen of the State of Georgia or a U.S. citizen domiciled abroad.

19.     MRE Fund GP is the general partner of MRE Fund LP, MRE Fund II LP, and MRE Equity Fund, and is owned and controlled by 8th Bridge Inc.

20.     Defendant PATRICK JONGWON CHANG ("Chang") is an individual who is domiciled in in the State of California, within this judicial district.

21.     Plaintiffs are informed and believe that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

22.     Whenever herein an act or omission of Defendant is alleged, the allegation shall be deemed to mean and include an allegation that Defendant acted or omitted to act through its authorized officers, directors, members, managers, agents, servants, and/or employees, acting within the ordinary course and scope of their duties, that the act or omission was authorized by corporate managerial

officers or directors, and that the act or omission was ratified by the officers and directors of the corporate or business entity.

## ALTER EGO RELATIONSHIPS

23.     On information and belief, there has existed a unity of interest and ownership between and among Defendants Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP, such that any individuality and separateness between or among them has ceased, and such that each is the alter ego of the other; in that:

a.     Kim has at relevant times completely controlled, led, dominated, managed and operated 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP, has intermingled his assets with their assets, and has intermingled the assets of each of them with those of the other, to suit his and their convenience.

b.     Kim has at relevant times used the assets of 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP for his own use, and has caused or will cause their assets to be transferred to him and to one another without adequate consideration.

c.     8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP each is, and at relevant times was, a mere shell and sham without sufficient capital or assets, or its capitalization is and was trifling, compared with the business to be done and the risks of loss attendant thereto.

d.     8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP each is, and at relevant times was, a mere shell, instrumentality, and conduit through which Kim carried on his businesses, exercising complete control and dominance of 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP to such an extent that any individuality or separateness between and among them does not, and at all relevant times did not, exist.

e.     8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP each is and at relevant times was intended and used by Kim as a device to avoid the

imposition of liability, and for the purpose of substituting a financially insolvent company in his place.

       f.     Adherence to the fiction of the separate existences of Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP as distinct persons and legal entities would permit an abuse of the corporate privilege and would sanction fraud and promote injustice; in that, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP each has distributed or will distribute a substantial portion of its assets to Kim and/or to the other without adequate consideration, all for the purpose of avoiding and preventing attachment and execution by creditors of Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP, including Plaintiffs, thereby rendering Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP insolvent and unable to meet their obligations.

## COMMON ALLEGATIONS

### A.    THE EB-5 IMMIGRANT INVESTOR PROGRAM

24.    Plaintiff Choi formed SRC in 2009 to serve as a "regional center" under the federal "EB-5 Program" and "EB-5 Immigrant Investor Program," administered by the U.S. Citizenship and Immigration Services ("USCIS").

25.    The EB-5 Program was created by Congress in 1990 to stimulate the economy through job creation and capital investment by foreign investors.  The term "EB-5" is an acronym for the 10,000 "Employment-Based Fifth Preference" visas that USCIS grants each year to program participants and their spouses and unmarried children, enabling them to apply for permanent residency in the United States.  Since its inception, the EB-5 Program has enabled U.S. businesses to raise billions of dollars in investment capital from foreign investors.

26.    Under federal law, to obtain an EB-5 visa, foreign investors must invest a minimum of $1,000,000 in capital in a USCIS-approved new commercial enterprise, or a minimum of $500,000 in capital in an approved new enterprise

within a high-unemployment or rural area, known as a "Targeted Employment Area" (or "TEA").  The enterprise may be formed to conduct any lawful for-profit business, but must directly create full-time jobs for at least ten qualifying employees.

27.     The EB-5 Immigrant Investor Program was established in 1992 to set aside EB-5 visas for EB-5 Program participants who invest in commercial enterprises associated with "regional centers," which are for-profit entities approved by USCIS to pool investment capital based on specific project proposals located within the regional center's geographic territory.

28.     Regional centers facilitate greater investment volume because new project enterprises they create are permitted to count full-time positions created either directly or indirectly by the enterprise toward the ten-employee job creation requirement.

29.     Regional centers may create projects using either an "equity model," by which investors invest in ownership of a business, or a "loan model," in which investors invest in and receive interest revenue from a limited partnership entity created for the purpose of funding an approved project through financing arranged with the project's developer, with the regional center receiving a management fee.

30.     Regional centers cultivate and rely heavily upon their relationships with intermediary immigration agents, located in the countries where potential immigrant investors live, to identify and market the investment vehicles to these investors and their spouses.

### B.     PLAINTIFFS' EXPERIENCE IN THE EB-5 REGIONAL CENTER BUSINESS

31.     Plaintiff Moses Choi has a Business degree from New York University and more than seven years of experience as an investment banker,

having worked for Wall Street firms in their New York City, Hong Kong, and South Korean offices.

32.     SRC received approval from USCIS to operate as a regional center in 2010.  SRC has sponsored several approved EB-5 projects through which it has provided approximately $35 million in financing for the expansion of automotive manufacturing businesses in rural parts of Georgia and Alabama.

33.     Over the course of several years, Choi and SRC have cultivated and developed a valuable network of local immigration agents across China and South Korea.  These agents are subject to non-disclosure agreements and contract with SRC to identify potential investors and facilitate SRC's marketing efforts.

34.     Choi and SRC further developed a valuable ongoing relationship with an expert advisor (the "Advisor"), a former high-level official with USCIS, who assisted SRC extensively in gaining approval of proposed projects from that agency, as well as in the marketing of SRC's projects to potential foreign investors.

## C.     FORMATION OF A JOINT VENTURE RELATIONSHIP BETWEEN PLAINTIFFS AND DEFENDANTS KIM AND 8TH BRIDGE INC.

35.     In or about early 2015, Choi and Kim met and began a series of discussions about working together to apply their combined experience and contacts gained from working in the EB-5 field and in investment banking, real estate finance, and foreign marketing.

36.     A few months later, Choi and Kim, on behalf of their respective companies, SRC and 8th Bridge Inc., agreed to maintain confidentiality and executed a Mutual Non-Disclosure Agreement (the "NDA") "to explore a business opportunity under which each may disclose Confidential Information to

the other." A true copy of the NDA is attached hereto as **<u>Exhibit A</u>**, and its terms incorporated here as though set forth in full.

37.    At or about that time, and pursuant to these agreements, Choi provided Kim with a proprietary list of SRC's local immigration agents in China.

38.    In or about early September 2015, Choi and Kim met in Los Angeles to discuss forming a joint venture to develop new EB-5 real estate project proposals, using either SRC or other regional centers approved for the geographic areas in which the projects would be located.

39.    After that meeting, Choi and Kim confirmed their mutual desire to work together and began, both individually and through SRC and 8th Bridge Inc., respectively, to carry on as co-owners as business for profit, while deferring the creation of a formal written agreement.

40.    By October 2015, Choi and SRC had begun providing financial, marketing, advisory, and logistics support on an ongoing basis to Kim and 8th Bridge Inc., under the belief that the four had formed a joint venture partnership.

41.    On October 6, 2015, Kim confirmed in writing that he shared this belief, and proposed to formalize a five-year "Collaboration Agreement" under which Choi would make the initial capital contribution to cover business expenses, and the parties would "work together … by sharing each Party's expertise and experiences to capture future business opportunities," while sharing profits through a holding company. Kim further proposed to pursue a number of EB-5 projects, including one under development by Kim in New York City for the development of the Ace Hotel (the "Ace Hotel Project") (for which he had already formed MRE Fund GP), and two others under development by Kim in Los Angeles.

### D.     PLAINTIFFS' CONTRIBUTIONS TO THE JOINT VENTURE RELATIONSHIP

42.    In or about September 2015, Kim and Choi began coordinating the marketing efforts in Asia for EB-5 projects, primarily the Ace Hotel Project, for which Kim asked Choi to help in meetings with local immigration agents and prospective investors in Asia.

43.    Kim further requested that SRC's then-employee, Defendant Patrick Chang, work with 8th Bridge Inc. to prepare marketing materials for the Ace Hotel Project.

44.    From September 2015 through April 2017, Plaintiffs regularly participated with Kim and 8th Bridge Inc. in the management and control of the joint venture.

45.    In or about October 2015, Choi and SRC wired $50,000 to 8th Bridge Inc. to cover the cost of opening an office for 8th Bridge Inc. in Los Angeles, paying its employees, and producing company brochures.

46.    In late October 2015, 8th Bridge Inc. sought assistance from Choi and SRC in preparing its business plan, economic analysis, private placement memorandum, and limited partnership agreement for the Ace Hotel Project.

47.    In early November 2015, at Kim's suggestion, the developer of the Ace Hotel Project invited Choi and SRC's expert Advisor to participate in creating a promotional videotape event for the project.

48.    In November 2015, Choi and Kim traveled at Choi's expense to China, where they met with SRC's local immigration agency, primarily to promote the Ace Hotel Project.

49.    In early November 2015, Kim sent SRC the final loan documents for the Ace Hotel Project for SRC's review.

50.     In late November 2015, at Kim's request, SRC provided its comments on a proposed timeline for the marketing of the Ace Hotel Project to immigrant investors.

51.     In early December 2015, Kim emailed Choi to urge him to finalize a written partnership agreement, stating that "we need to organize the company structure among entities and employees," suggesting places and locations for a "company retreat," and asking Choi to help "organize our plans and goals for 2016 before the company retreat so [that] we can share our company values and directions to the others."

52.     At the request of Kim, Choi and SRC continued through March 2017 to provide financial and administrative support to Kim and 8th Bridge Inc. to operate 8th Bridge Inc. as the face of the joint venture, pay for Kim's travel expenses, and pay for marketing expenses for the Ace Hotel Project, as well as other EB-5 projects controlled by 8th Bridge Inc.

53.     From January 2016 through March 2017, Choi and Kim conducted a "road show" on behalf of the joint venture, at Choi's expense, attending numerous meetings with local immigration agencies and potential individual investors in various cities in China, Vietnam, and South Korea, primarily to promote the Ace Hotel Project.

54.     For the purpose of these meetings, in or about January 2016, Kim had business cards printed for Choi and Chang, who were both then formally employed by SRC, showing Choi as the Managing Director of 8th Bridge Inc. and Chang as an Associate of 8th Bridge Inc.

55.     When dealing with local immigration agencies in Asia, Kim routinely referred to Choi as a "member" or "Managing Director" of 8th Bridge Inc.

56.     Choi regularly signed agreements on behalf of MRE Fund GP, which was in charge of the Ace Hotel Project.

57.     During this same period, SRC's expert Advisor participated in several of the marketing presentations in Asia, primarily on behalf of the Ace Hotel Project.

58.     Choi also arranged meetings for Kim to meet Choi's business contacts in the United States, to further the interests of the joint venture.

59.     During this period, Plaintiffs, their expert Advisor, and Defendants Kim and 8th Bridge Inc., routinely participated in regular "internal conference calls" and exchanges of task lists and status reports to go over their combined efforts on behalf of the joint venture, primarily to market the Ace Hotel Project.

60.     In or about early 2016, at Kim's request, SRC sent Chang from Atlanta, Georgia to Los Angeles to work fulltime on behalf of the joint venture with Kim and 8th Bridge Inc., while continuing to pay Chang a salary.

61.     In April 2016, Choi and SRC signed a lease for an apartment in downtown Los Angeles for 8th Bridge Inc. to use for workspace and living space for Chang while he worked with Kim and 8th Bridge Inc. on marketing the Ace Hotel Project.

62.     In all, SRC and Choi advanced more than $500,000 in expenditures and transfers to 8th Bridge Inc., devoted thousands of man-hours, and provided access to their own valuable proprietary and confidential network of agents and their expert Advisor, all for the purpose of furthering the objectives of their joint venture with Kim and 8th Bridge.

**E.     FORMATION OF MRE FUND GP FOR THE ACE HOTEL PROJECT**

63.     On information and belief, on September 16, 2015, Kim formed Defendant MRE Fund GP in Delaware, for the purpose of creating one or more limited partnerships to operate as investment vehicles under the EB-5 program for the financing of the development of the Ace Hotel Project.

64.     On information and belief, on October 25, 2015, Kim executed, on behalf of 8th Bridge Inc., an Operating Agreement for MRE Fund GP which stated that 8th Bridge Inc. would serve as its sole member and manager, with Kim as its President.  At the time, Kim did not disclose to Plaintiffs that MRE Fund GP was under his sole control, and falsely told Plaintiffs that the Operating Agreement was "not available yet."

65.     On or about November 5, 2015, 8th Bridge Inc. and SRC jointly produced, for MRE Fund GP, a Confidential Private Offering Memorandum and business plan for MRE Fund LP, stating that it was a new EB-5 commercial enterprise intending to raise up to $20 million in capital from 40 foreign investors to loan to Omnia Group, Ltd., a part owner and developer of the Ace Hotel Project.

66.     The Ace Hotel Project was structured to yield origination, marketing, and success fees to MRE Fund GP, as well as interest to MRE Fund LP of 4.32% for five years (with 3.25% payable quarterly after funding, and the balance deferred until maturity), with up to two one-year extension options at an interest rate of 4.82%.

67.     The interest proceeds received by MRE Fund LP were to be distributed to the limited partner investors and to the general partner, MRE Fund GP.

68.     By late 2016, and largely as the result of Plaintiffs' investment and extensive efforts to market the Ace Hotel Project, 8th Bridge Inc. had secured the investors it needed to fund the project.

69.     On information and belief, in or about late 2016, MRE Fund LP disbursed loan proceeds to Omnia Group, Ltd., and since then has been receiving quarterly interest payments from the borrower.

70.     On information and belief, MRE Fund GP to date has received in excess of $1,000,000 in interest, management fees and other compensation from the Ace Hotel Project.

**F.      DEFENDANTS' DISAVOWAL AND DENIAL, OR RESCISSION WITHOUT CAUSE, OF THE JOINT VENTURE**

71.     In or about early 2017, Kim began to take steps to carry out a plan to disavow and deny, or rescind without cause, the joint venture with Choi and SRC so that he would not be required to share the profits from the Ace Hotel Project and other EB-5 projects developed using Plaintiffs' money, time and resources.

72.     On information and belief, in or about early 2017, Kim secretly caused the membership interest of 8th Bridge Inc. in MRE Fund GP to be transferred to 8th Bridge LLC.

73.     In January 2017, Kim asked Choi to work with him to organize their relationship "once and for all," falsely implying that the relationship had not already been formed.  Until they figured out "the future budget plan" and what expenses had been covered by SRC for 8th Bridge Inc., Kim asked Choi to "stop funding" 8th Bridge Inc.

74.     In early February 2017, SRC requested that 8th Bridge Inc. provide a copy of its bookkeeping records on a monthly basis.  Kim and 8th Bridge Inc. ignored the request.

75.     In February 2017, Kim confirmed to Choi that while he was committed to their partnership, he needed better communication with Choi to "firm up" that commitment.

76.     In March 2017, Kim sent Choi $200,000, purportedly as partial repayment or a refund of his "funding" to 8th Bridge Inc., and stated that "As to our partnership terms, many … questions are still … unanswered."

77.     In March 2017, Kim falsely accused Choi of undermining efforts to market 8th Bridge Inc.'s EB-5 projects by encouraging a local agency in Vietnam to market SRC's own EB-5 project.

78.     In April 2017, Kim informed Choi that he had decided to "stop putting my effort to find a resolution to or prolonged cooperation terms," indicating that Kim was either denying the existence of a joint venture, or rescinding it.

79.     In or about June 2017, 8th Bridge Inc. hired Defendant Chang to work directly for it fulltime.  SRC requested that Chang not do so and that he refrain from disclosing any of SRC's confidential information, but Chang proceeded to become employed by 8th Bridge Inc.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment --
### Against Kim and 8th Bridge Inc.)

80.     Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

81.     An actual and justiciable controversy, within the meaning of 28 U.S.C. § 2201, exists between Plaintiffs on the one hand and Defendants Kim and 8th Bridge Inc. on the other hand, concerning the existence of a joint venture agreement between and among them.

82.     Plaintiffs contend they are entitled to a declaratory judgment establishing that, by their statements and conduct as alleged above, the parties orally and impliedly formed an association to carry on as co-owners a single business enterprise for profit, to share profits and losses, and to participate in the management and control of the business, which constituted a partnership in the form of a joint venture under California law, Corporations Code §§ 16100 et seq., the objective of which was to use Plaintiffs' funds, efforts and resources cooperatively to market the Ace Hotel Project initially, as well as potentially a

number of other EB-5 investment projects thereafter, to target investors through local immigration agencies in Asia and elsewhere, and then share in the profits from these projects once funded.

83.     On information and belief, Defendants deny such allegations.

## SECOND CLAIM FOR RELIEF

### (Breach of Joint Venture Partnership Agreement -- Against Kim and 8th Bridge Inc.)

84.     Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

85.     Plaintiffs have fully performed all of their material obligations under the joint venture agreement, or such obligations were excused.

86.     Defendants have breached the terms of the joint venture agreement by their conduct as alleged above.

87.     As a direct and foreseeable result of Defendants' breach of the Agreement, Plaintiffs suffered and are entitled to recover their actual and foreseeable consequential damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Enforcement of Rights Under the Revised Uniform Partnership Act -- Against Kim and 8th Bridge Inc.)

88.      Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

89.     Pursuant to California Corporations Code § 16405, Plaintiffs bring this claim to enforce their rights under the Revised Uniform Partnership Act, including:

(1)     Their rights under § 16401(b) to their joint venture partnership accounts and a share of the joint venture's profits;

(2)     Their rights under § 16401(c) to reimbursement for payments made in the ordinary course of the business of the joint venture partnership or for the preservation of its business or property;

(3)     Their rights under § 16401(d) to reimbursement for advances to the joint venture partnership beyond the amount of capital Plaintiffs agreed to contribute;

(4)     Their rights under § 16401(e) to interest on amounts recoverable under §§ 16401(c) and (d);

(5)     Their rights under § 16401(f) to equal management and conduct of the joint venture partnership;

(6)     Their rights under § 16403(b) to access to the books and records of the joint venture partnership from September 2015 to the time of judgment;

(7)     Their rights under § 16403(c) to access to any information concerning the joint venture partnership's business and affairs reasonably required for the proper exercise of Plaintiffs' rights and duties under the joint venture agreement or California partnership law;

(8)     Their rights under § 16403(c) to reasonable and proper access to any other information concerning the joint venture partnership's business and affairs from September 2015 to the time of judgment;

(9)     Their rights under § 16404 to have Defendants Kim and 8th Bridge Inc. account to the joint venture and hold as trustee for it any property, profit, or benefit derived by them in the conduct of the joint venture business or derived from a use by them of joint venture property or information, including the appropriation of a partnership opportunity;

(10)    Their rights under § 16404 to have Defendants Kim and 8th Bridge Inc. refrain from competing with the joint venture in the conduct of partnership business;

(11)   Their rights under § 16404 to have Defendants Kim and 8th Bridge Inc. discharge their duties to the joint venture and Plaintiffs and exercise any rights consistently with their obligation of good faith and fair dealing; and

(12)   Their rights under § 16807(b) to a settlement of all partnership accounts.

90.   Plaintiffs are entitled to an order enforcing the foregoing rights.

### **FOURTH CLAIM FOR RELIEF**
### **(Breach of Fiduciary Duty --**
### **Against Kim, 8th Bridge Inc., and Chang)**

91.   Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

92.    As joint venture partners, Defendants Kim and 8th Bridge Inc. owed fiduciary duties of loyalty and care to Plaintiffs and to the joint venture.

93.   Kim and 8th Bridge Inc. breached their fiduciary duties to Plaintiffs by the following acts, among others:

(1)   Withholding financial information from Plaintiffs regarding the revenues received by MRE Fund GP from the Ace Hotel Project;

(2)   Placing MRE Fund GP under the sole control of 8th Bridge Inc. and Kim, without transferring any shares in 8th Bridge Inc. to Plaintiffs, and without disclosing that fact from Plaintiffs;

(3)   Transferring 8th Bridge Inc.'s interest in MRE Fund GP to 8th Bridge LLC, while concealing that fact from Plaintiffs;

(4)   Disavowing and denying the existence of the joint venture or rescinding it without cause;

(5)   Converting joint venture assets to their own use;

(6)   Depriving Plaintiffs of possession of the joint venture business;

(7)     Purporting to repay or refund a portion of Plaintiffs' financial investment rather than recognizing Plaintiffs' right to share in the joint venture's profits;

(8)     Inducing Defendant Chang to resign from SRC to become employed directly by 8th Bridge Inc.;

(9)     Misappropriating Plaintiffs' confidential and proprietary information; and

(10)    Failing to disclose their intent to disavow and deny the existence of the joint venture or rescind it without cause, upon the funding of the Ace Hotel Project.

94.     As a direct and proximate result of the foregoing breach of fiduciary duties, Plaintiffs suffered damages in an amount to be proven at trial in this matter.

95.     Defendants and their employees, authorized by officers, directors, or managing agents of Kim and 8th Bridge Inc., undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Defendants, and each of them, should be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

## **FIFTH CLAIM FOR RELIEF**
### **(Fraudulent Concealment --**
### **Against Kim, 8th Bridge Inc., and Chang)**

96.     Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

97.     Defendants Kim and 8th Bridge Inc. owed Plaintiffs fiduciary duties to disclose all material facts relating to the joint venture.

98.    Defendants Kim and 8th Bridge Inc. intentionally failed to disclose to Plaintiffs, at any time prior to entering into the joint venture or thereafter, that they planned to disavow and deny the existence of the joint venture or rescind it without cause, upon the funding of the Ace Hotel Project.

99.    Defendants Kim and 8th Bridge Inc. further intentionally failed to disclose to Plaintiffs that they had placed MRE Fund GP under their sole control.

100.   Defendants Kim and 8th Bridge Inc. further intentionally failed to disclose to Plaintiffs that they had transferred 8th Bridge Inc.'s interest in MRE Fund GP to 8th Bridge LLC.

101.   These undisclosed facts were important to Plaintiffs but known only to Defendants Kim and 8th Bridge Inc. and could not have been discovered by Plaintiffs.

102.   Defendants Kim and 8th Bridge Inc. intended to deceive Plaintiffs by concealing these facts from Plaintiffs and thereby inducing Plaintiffs to continue to invest their substantial money, time, effort and proprietary and confidential information in the joint venture.

103.   Had Plaintiffs known that Kim and 8th Bridge Inc. planned to disavow and deny the existence of the joint venture or rescind it without cause upon the funding of the Ace Hotel Project, Plaintiffs would not have entered into the joint venture and would not have invested their money, time, effort and proprietary and confidential information in the joint venture.

104.   Had Plaintiffs known that Kim and 8th Bridge Inc. had placed MRE Fund GP under their sole control, Plaintiffs would not have continued to invest their money, time, effort and proprietary and confidential information in the joint venture.

105.   Had Plaintiffs known that Kim and 8th Bridge Inc. had transferred 8th Bridge Inc.'s interest in MRE Fund GP to 8th Bridge LLC, Plaintiffs would not

have continued to invest their money, time, effort and proprietary and confidential information in the joint venture.

106.   On information and belief, Defendant Chang, while employed by SRC and thus under a fiduciary duty to SRC, learned information from Kim and 8th Bridge Inc. that made or should have made him aware that Kim and 8th Bridge Inc. planned to disavow and deny the existence of the joint venture or rescind it without cause, upon the funding of the Ace Hotel Project.

107.   On information and belief, Defendant Chang, while employed by SRC and thus under a fiduciary duty to SRC, learned information from Kim and 8th Bridge Inc. that made or should have made him aware that Kim and 8th Bridge had placed MRE Fund GP under their sole control.

108.   On information and belief, Defendant Chang, while employed by SRC and thus under a fiduciary duty to SRC, learned information from Kim and 8th Bridge Inc. that made or should have made him aware that Kim and 8th Bridge had transferred 8th Bridge Inc.'s interest in MRE Fund GP to 8th Bridge LLC.

109.   On information and belief, Chang intentionally failed to disclose to SRC what he had learned about the undisclosed intentions and actions of Kim and 8th Bridge Inc., with the intent to continue working for 8th Bridge Inc. and living in Los Angeles.

110.   On information and belief, Kim and 8th Bridge Inc. conspired with Chang, and Chang aided and abetted Kim and 8th Bridge Inc., to breach their fiduciary duties to Plaintiffs.

111.   Plaintiffs were harmed by the loss of the money, time, effort, and proprietary and confidential information they invested in the joint venture, while ignorant of the true facts that were concealed from them.

112.   Plaintiffs' harm was substantially caused by Defendants' fraudulent concealment, as alleged herein.

113.    Based on the foregoing, Plaintiffs are entitled to damages, according to proof.

114.    Defendants and their employees, authorized by officers, directors, or managing agents of Kim and 8th Bridge Inc., undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Defendants, and each of them, should be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

## SIXTH CLAIM FOR RELIEF

### (Constructive Fraud --

### Against Kim, 8th Bridge Inc., 8th Bridge LLC, MRE Fund GP, MRE Fund LP, MRE Fund II LP, and MRE Equity Fund)

115.    Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

116.    By their statements and conduct, as alleged above, Plaintiffs became joint venturers with Defendants Kim and 8th Bridge Inc., with each owing the other fiduciary duties of loyalty and care.

117.    By failing to disclose their intent to disavow and deny or rescind the joint venture without cause upon the funding of the Ace Hotel Project, Kim and 8th Bridge Inc. breached their fiduciary duties of disclosure of relevant matters arising from the relationship, inducing Plaintiffs' justifiable, reasonable, and prejudicial reliance, as alleged above.

118.    By placing MRE Fund GP under their sole control, and by failing to disclose that they had done so, Kim and 8th Bridge Inc. breached their fiduciary duties of loyalty and of disclosure of relevant matters arising from the

relationship, inducing Plaintiffs' justifiable, reasonable, and prejudicial reliance, as alleged above.

119.   By failing to disclose that they had transferred 8th Bridge Inc.'s interest in MRE Fund GP to 8th Bridge LLC, Kim and 8th Bridge Inc. breached their fiduciary duties of disclosure of relevant matters arising from the relationship, inducing Plaintiffs' justifiable, reasonable, and prejudicial reliance, as alleged above.

120.   As a direct and proximate result of the foregoing breach of fiduciary duties, Plaintiffs suffered damages in an amount to be proven at trial in this matter.

121.   Defendants Kim and 8th Bridge Inc., and their employees, authorized by officers, directors, or managing agents of Kim and 8th Bridge Inc., undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Kim and 8th Bridge Inc., and each of them, should be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

122.   The foregoing conduct justifies the imposition of a permanent injunction to restrain Defendants from distributing and receiving the proceeds of the joint venture without first accounting to Plaintiffs for their share of profits.

123.   The foregoing conduct justifies the imposition of a constructive trust, with Defendants as constructive trustees with a duty to transfer to Plaintiffs their share of profits from the joint venture.

124.   By reason of their joint venture, as alleged herein, Plaintiffs have a joint interest with Defendants Kim, 8th Bridge Inc., and 8th Bridge LLC, in MRE Fund GP.

COMPLAINT

125.   Plaintiffs' interest in MRE Fund GP is in danger of being lost, removed, or materially injured, and a receivership is necessary to preserve the property held and received by MRE Fund GP and preserve the rights of Plaintiffs thereto.

126.   Plaintiffs are entitled to the appointment of a receiver, pursuant to Code of Civil Procedure § 564, to hold the interests of MRE Fund GP and manage and control its affairs for the benefit of Plaintiffs and the other joint venturers.

## SEVENTH CLAIM FOR RELIEF
### (Conversion --
### Against Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP)

127.   Plaintiffs incorporate the allegations set forth above as though set forth fully in this paragraph.

128.   As joint venture partners, Plaintiffs were entitled to their share of the joint venture's property, assets, and profits.

129.   On information and belief, Defendants Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP have wrongfully taken possession of interest payments and management fees rightfully belonging to the joint venture, and have failed and refused to return those funds.

130.   As a direct and proximate result of the foregoing conversion, Plaintiffs suffered damages in an amount to be proven at trial in this matter.

131.   Defendants and their employees, authorized by officers, directors, or managing agents of Kim, 8th Bridge Inc., 8th Bridge LLC, and MRE Fund GP, undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Defendants, and each of them, should be made to pay exemplary damages in an amount sufficient

to deter them in the future from engaging in the conduct and omissions complained of herein.

132.   The foregoing conduct justifies the imposition of a constructive trust, with Defendants as constructive trustees with a duty to transfer to Plaintiffs their share of profits from the joint venture.

## EIGHTH CLAIM FOR RELIEF

### (Violation of the Defend Trade Secrets Act --
### Against Kim, 8th Bridge Inc., 8th Bridge LLC, and Chang)

133.   Plaintiffs incorporate the allegations set forth above as though set forth fully in this paragraph.

134.   Plaintiffs own and possess certain confidential, proprietary, and trade secret information, comprising the identities and contact information for an extensive network of local immigration agents in various cities in China, South Korea, and Vietnam.

135.   Plaintiffs have developed and used this information in conducting foreign commerce, in connection with SRC's role as a regional center under the federal "EB-5 Program" and "EB-5 Immigrant Investor Program," as well as in connection with Choi's development of EB-5 programs outside of SRC's region.

136.   Plaintiffs have committed significant time and resources to create and develop this information.

137.   This information derives independent economic value from not being generally known to, and no being readily ascertainable through proper means by, other persons who could obtain economic value from the disclosure or use of the information.

138.    Plaintiffs have taken reasonable measures to keep this information secret and confidential, including but not limited to by requiring the agents themselves, as well as contractors, consultants, potential business partners such as

Kim and 8th Bridge Inc., and employees such as Chang, to sign non-disclosure agreements.

139.   After May 11, 2016, in violation of Plaintiffs' rights, Defendants Kim and 8th Bridge Inc. misappropriated and used Plaintiffs' confidential, proprietary, and trade secret information to market Defendants' own EB-5 projects in Asia, while secretly intending to disavow and deny, or rescind, the joint venture for which the information was disclosed, as well as later using that information without Plaintiffs' knowledge or consent, having already disavowed and denied the joint venture, or rescinded it without cause.

140.   In or about June 2017, in violation of Plaintiffs' rights, Defendant Chang became employed directly by 8th Bridge Inc., and transferred Plaintiffs' confidential, proprietary, and trade secret information to that company, to Kim, and possibly to others, in violation of Chang's NDA with SRC.

141.   Defendants' misappropriation of Plaintiffs' confidential, proprietary, and trade secret information was in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836.

142.   Defendants' misappropriation of Plaintiffs' confidential, proprietary, and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

143.   On information and belief, if Defendants are not enjoined, Defendants will continue to misappropriate and use Plaintiffs' trade secret information for their own benefit and to Plaintiffs' detriment.

144.   As a direct and proximate result of Defendants' misappropriation, Plaintiffs have suffered and are threatened with financial injury in an amount that will be proven at trial.  Plaintiffs have also incurred, and will continue to incur, additional costs and expenses, including attorney's fees, as a result of Defendants' misappropriation.

145.   As a further proximate result of the misappropriation and use of Plaintiffs' trade secrets, Defendants have been unjustly enriched, and Plaintiffs are entitled to disgorgement to that extent.

146.   As the direct and proximate result of Defendants' conduct, Plaintiffs have suffered and, if Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial.  Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests.  Plaintiffs' business operates in a competitive market and will continue to suffer irreparable harm absent injunctive relief.

147.   Defendants undertook this conduct willfully and maliciously, and as a result are liable for Plaintiffs' attorney's fees.

148.   Defendants and their employees, authorized by officers, directors, or managing agents of Kim and 8th Bridge Inc., undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Defendants, and each of them, should be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

## NINTH CLAIM FOR RELIEF

### (Violation of the California Uniform Trade Secrets Act --
### Against Kim, 8th Bridge Inc., 8th Bridge LLC, and Chang)

149.   Plaintiffs incorporate the allegations set forth above as though set forth fully in this paragraph.

150.   Plaintiffs own and possess certain confidential, proprietary, and trade secret information as to the identities and contact information for its extensive network of local immigration agencies and agents in various cities in China, South Korea, and Vietnam, which information constitutes trade secrets as defined by California's Uniform Trade Secrets Act.

151.   Plaintiffs have committed significant time and resources to create and develop this information.

152.   This information derives independent economic value from not being generally known to, and no being readily ascertainable through proper means by, other persons who could obtain economic value from the disclosure or use of the information.

153.   Plaintiffs have taken reasonable measures to keep this information secret and confidential, including but not limited to by requiring the agencies themselves, contractors, consultants, potential business partners such as Kim and 8th Bridge Inc., and employees such as Chang, to sign non-disclosure agreements.

154.   Defendants knew or should have known under the circumstances that the information misappropriated by Defendants were trade secrets.

155.   Defendants misappropriated and threaten to further misappropriate trade secrets by acquiring trade secrets by improper means, and by using the trade secrets to market Defendants' own EB-5 projects in Asia, both prior to April 2017 (while secretly intending to rescind without cause, or disavow and deny the existence of the joint venture for which the information was disclosed), and thereafter (using that information without Plaintiffs' knowledge or consent, having already rescinded the joint venture without cause or having already disavowed and denied it).

156.   In or about June 2017, in violation of Plaintiffs' rights, Defendant Chang became employed directly by 8th Bridge Inc., and transferred Plaintiffs'

confidential, proprietary, and trade secret information to that company, to Kim, and possibly to others, in violation of Chang's NDA with SRC.

157.   As a direct and proximate result of Defendants' misappropriation, Plaintiffs have suffered and are threatened with financial injury in an amount that will be proven at trial.  Plaintiffs have also incurred, and will continue to incur, additional costs and expenses, including attorney's fees, as a result of Defendants' misappropriation.

158.   As a further proximate result of the misappropriation and use of Plaintiffs' trade secrets, Defendants have been unjustly enriched, and Plaintiffs are entitled to disgorgement to that extent.

159.   As the direct and proximate result of Defendants' conduct, Plaintiffs have suffered and, if Defendants' conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial.  Because Plaintiffs' remedy at law is inadequate, Plaintiffs seek, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests.  Plaintiffs' business operates in a competitive market and will continue to suffer irreparable harm absent injunctive relief.

160.   Defendants undertook this conduct willfully and maliciously, and as a result are liable for Plaintiffs' attorney's fees.

161.   Defendants and their employees, authorized by officers, directors, or managing agents of Kim and 8th Bridge Inc., undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Defendants, and each of them, should

be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

## TENTH CLAIM FOR RELIEF

### (Judicial Dissolution --
### Against Kim and 8th Bridge Inc.)

162.   Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

163.   As a result of the conduct of Defendants Kim and 8th Bridge Inc., as alleged herein, the economic purpose of the joint venture is likely to be unreasonably frustrated.

164.   As alleged herein, Defendants Kim and 8th Bridge Inc. have engaged in conduct relating to the joint venture business that makes it not reasonably practicable to carry on the business in partnership with these Defendants.

165.   It is not otherwise reasonably practicable to carry on the joint venture business in conformity with the joint venture agreement.

166.    Plaintiffs are entitled to a judicial dissolution of the joint venture, pursuant to California Corporations Code § 16801.

## ELEVENTH CLAIM FOR RELIEF

### (Breach of Contract to Form Joint Venture --
### Against Kim and 8th Bridge Inc.)

167.   Plaintiffs incorporate the allegations set forth in paragraphs 1-79 as though set forth fully in this paragraph.

168.    An agreement to form a joint venture was formed either expressly or impliedly by the parties' conduct, as alleged herein, among Choi, SRC, Kim, and 8th Bridge Inc.

169.   The objective of the agreement to form a joint venture was to create an enterprise to cooperatively market the Ace Hotel Project, as well as potentially a number of other EB-5 investment projects thereafter, to target investors through

COMPLAINT

local immigration agencies in Asia, India, and Latin America, and then share in the profits from these projects.

170.   Plaintiffs have fully performed all of their material obligations under the agreement to form a joint venture, or such obligations were excused.

171.   Defendants have breached the terms of the agreement by their conduct as alleged above.

172.   As a direct and foreseeable result of Defendants' breach of the Agreement, Plaintiffs suffered and are entitled to recover their actual and foreseeable consequential damages in an amount to be proven at trial.

## TWELFTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty --
### Against Kim, 8th Bridge Inc., and Chang)

173.   Plaintiffs incorporate the allegations set forth in paragraphs 1-79 and 167-172 as though set forth fully in this paragraph.

174.   Having entered into a contract to form a joint venture with Plaintiffs, Kim and 8th Bridge Inc. owed fiduciary duties of loyalty and care to Plaintiffs.

175.   Kim and 8th Bridge Inc. breached their fiduciary duties to Plaintiffs by the following acts, among others:

(1)   Withholding financial information from Plaintiffs regarding the revenues received by MRE Fund GP from the Ace Hotel Project;

(2)   Placing MRE Fund GP under the sole control of 8th Bridge Inc. and Kim, without transferring any shares in 8th Bridge Inc. to Plaintiffs, and without disclosing that while concealing that fact from Plaintiffs;

(3)   Transferring 8th Bridge Inc.'s interest in MRE Fund GP to 8th Bridge LLC, while concealing that fact from Plaintiffs;

(4)   Converting the proposed joint venture's assets to their own use;

(5)   Depriving Plaintiffs of possession of the proposed joint venture business;

(6)    Purporting to repay or refund a portion of Plaintiffs' financial investment rather than recognizing Plaintiffs' right to share in the proposed joint venture's profits;

(7)    Inducing Defendant Chang to resign from SRC to become employed directly by 8th Bridge Inc.;

(8)    Misappropriating Plaintiffs' confidential and proprietary information; and

(9)    Failing to disclose their intent to disavow the proposed joint venture upon the funding of the Ace Hotel Project.

176.   As a direct and proximate result of the foregoing breach of fiduciary duties, Plaintiffs suffered damages in an amount to be proven at trial in this matter.

177.   Defendants and their employees, authorized by officers, directors, or managing agents of Kim and 8th Bridge Inc., undertook this conduct intentionally, fraudulently, maliciously and with reckless disregard for Plaintiffs' welfare, always placing their own interests in maximizing profits ahead of Plaintiffs' welfare and of Plaintiffs' rights and entitlement to be dealt with in a lawful manner in these transactions.  As a result, Defendants, and each of them, should be made to pay exemplary damages in an amount sufficient to deter them in the future from engaging in the conduct and omissions complained of herein.

## THIRTEENTH CLAIM FOR RELIEF

### (Promissory Estoppel --

### Against Kim and 8th Bridge Inc.)

178.   Plaintiffs incorporate the allegations set forth in paragraphs 1-79 as though set forth fully in this paragraph.

179.   Over the course of their working relationship, Defendants Kim and 8th Bridge Inc. made clear and unambiguous promises to Plaintiffs that their

continued collaborative efforts and Plaintiffs' continued funding of those efforts would result in shared profits.

180.   It was foreseeable to Kim and 8th Bridge Inc. that Plaintiffs would rely on these promises.

181.   Plaintiffs reasonably relied on these promises in their conduct as alleged herein.

182.   As a direct and foreseeable result of that reliance, Plaintiffs have been injured by having been deprived of the expected share of the profits from their efforts and financial investment, and are entitled to recover their actual and foreseeable consequential damages in an amount to be proven at trial.

## FOURTEENTH CLAIM FOR RELIEF
### (Violation of California Bus. & Prof. Code § 17200 --
### Against Kim, 8th Bridge Inc., 8th Bridge LLC, and Chang)

183.   Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

184.   Defendants engaged in unlawful, fraudulent and unfair business acts and practices. Such acts and practices include, but are not limited to, misappropriating Plaintiffs' confidential and proprietary trade secret information, as well as wrongfully depriving Plaintiffs of their rightful ownership interest in the joint venture.

185.   Defendants' business acts and practices were unlawful and fraudulent; in that a reasonable person would likely be deceived by their material concealment; in that Defendants have acquired and used Plaintiffs' confidential and proprietary trade secret information through material misrepresentations and omissions; and in that Defendants have unlawfully and fraudulently deprived Plaintiffs of their rightful ownership interest in the joint venture.

186. Defendants' business acts and practices were unfair; in that the substantial harm suffered by Plaintiffs outweighs any justification that Defendants may have for engaging in those acts and practices.

187. Plaintiffs have been harmed as a result of Defendants' unlawful, unfair, and fraudulent business acts and practices. Plaintiffs are entitled to (a) recover restitution, including without limitation, all benefits that Defendants received as a result of their unlawful, unfair, and fraudulent business acts and practices and (b) an injunction restraining Defendants from engaging in further acts of unfair competition, as alleged herein.

## FIFTEENTH CLAIM FOR RELIEF

### (Accounting --

### Against Kim, 8th Bridge Inc., 8th Bridge LLC, MRE Fund GP, MRE Fund LP, MRE Fund II LP, and MRE Equity Fund)

188. Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though set forth fully in this paragraph.

189. Based on the facts alleged above, Plaintiffs are entitled to an accounting by Defendants of all financial transactions relating to the business of the joint venture, including the operation and financial transactions of 8th Bridge Inc., 8th Bridge LLC, MRE Fund GP, MRE Fund LP, MRE Fund II LP, and MRE Equity Fund, and any EB-5 investment projects of these entities since September 2015.

## SIXTEENTH CLAIM FOR RELIEF

### (Quantum Meruit --

### Against Kim and 8th Bridge Inc.)

190. Plaintiffs incorporate the allegations set forth in paragraphs 1-79 as though set forth fully in this paragraph.

191.   Plaintiffs performed services for Defendants Kim and 8th Bridge Inc. at their request, as alleged herein, the reasonable value of which can be determined.

192.   Plaintiffs have not been paid for these services, and are entitled to damages or restitution in an amount sufficient reasonably to compensate them therefor.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays the Court enter judgment in their favor and against Defendants as follows:

1.      Judgment in Plaintiffs' favor and against Defendants on all claims for relief alleged herein;

2.      For damages in an amount to be proven at trial, but not less than $3,000,000;

3.      For restitution, as alleged;

4.      For imposition of a constructive trust, as alleged;

5.      For an order enforcing Plaintiffs' rights, as alleged;

6.      For preliminary and permanent injunctive relief;

7.      For the appointment of a receiver to operate MRE Fund GP;

8.      For an accounting as alleged;

9.      For punitive damages;

10.     For costs of suit, including attorney's fees to the extent allowed by law;

11.     For prejudgment interest; and

12.    For such other and further relief as the Court may deem to be just and proper.

Dated:  December 13, 2017

LAW OFFICES OF GREGG A. RAPOPORT, APLC

s/ *Gregg A. Rapoport*        _

Gregg A. Rapoport

Attorney For Plaintiffs
MOSES CHOI and
SOUTHEAST REGIONAL CENTER, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in this action.

Dated:  December 13, 2017

GREGG A. RAPOPORT, APLC

s/ *Gregg A. Rapoport*        _

Gregg A. Rapoport

Attorney For Plaintiffs
MOSES CHOI and
SOUTHEAST REGIONAL CENTER, LLC