Russell M. Selmont (SBN 252522)
  rselmont@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOSES CHOI; and SOUTHEAST REGIONAL CENTER, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> 8TH BRIDGE CAPITAL, INC; YOUNG HUN KIM; 8TH BRIDGE CAPITAL, LLC; MANHATTAN REAL ESTATE FUND GP, LLC; MANHATTAN REAL ESTATE FUND, LP; MANHATTAN REAL ESTATE FUND II, LP; MANHATTAN REAL ESTATE EQUITY FUND, LP; and PATRICK JONGWON CHANG, <br><br> Defendants. | Case No. 2:17-of-8958-CAS (AFMx) <br><br> *Hon. Christina A. Snyder – Crtrm 8D* <br><br> **DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** <br><br><br> *Action Filed: December 13, 2017* |
| 8TH BRIDGE CAPITAL, INC.; YOUNG HUN KIM; and PATRICK JONGWON CHANG, <br><br> Counter-Claimants, <br><br> v. <br><br> MOSES CHOI; SOUTHEAST REGIONAL CENTER, LLC; and SRC AJIN-WOOSHIN FUND V, LLC, <br><br> Counter-Defendants. | |

ERVIN COHEN & JESSUP LLP

1

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant 8TH
2   BRIDGE CAPITAL, INC. ("Defendant"), hereby submits its answer to the
3   Complaint of Plaintiffs Moses Choi  and Southeast Regional Center LLC
4   ("Plaintiffs"), as follows:

5   **JURISDICTION AND VENUE**

6   1.   Answering the allegations in Paragraph 1, Defendant lacks sufficient
7   knowledge or information to form a belief concerning the truth of the factual
8   allegations contained therein and on that basis denies such allegations.

9   2.   Answering the allegations in Paragraph 2, Defendant lacks sufficient
10  knowledge or information to form a belief concerning the truth of the factual
11  allegations contained therein and on that basis denies such allegations.

12  3.   Answering the allegations in Paragraph 3, Defendant lacks sufficient
13  knowledge or information to form a belief concerning the truth of the factual
14  allegations contained therein and on that basis denies such allegations.

15  **NATURE OF THE ACTION**

16  4.   Answering the allegations in Paragraph 4, Defendant denies each and
17  every allegation contained therein.

18  5.   Answering the allegations in Paragraph 5, Defendant denies each and
19  every allegation contained therein.

20  6.   Answering the allegations in Paragraph 6, Defendant denies each and
21  every allegation contained therein.

22  7.   Answering the allegations in Paragraph 7, Defendant lacks sufficient
23  knowledge or information to form a belief concerning the truth of the factual
24  allegations contained therein and on that basis denies such allegations.

25  8.   Answering the allegations in Paragraph 8, Defendant lacks sufficient
26  knowledge or information to form a belief concerning the truth of the factual
27  allegations contained therein and on that basis denies such allegations.

28  / / /

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

**THE PARTIES / DIVERSITY**

9.     Answering the allegations in Paragraph 9, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

10.     Answering the allegations in Paragraph 11, Defendant admits the allegations contained therein.

11.     Answering the allegations in Paragraph 11, Defendant admits the allegations contained therein.

12.     Answering the allegations in Paragraph 12, Defendant admits the allegations contained therein.

13.     Answering the allegations in Paragraph 13, Defendant admits the allegations contained therein.

14.     Answering the allegations in Paragraph 14, Defendant admits the allegations contained therein.

15.     Answering the allegations in Paragraph 15, Defendant admits the allegations contained therein.

16.     Answering the allegations in Paragraph 16, Defendant admits the allegations contained therein.

17.     Answering the allegations in Paragraph 17, Defendant admits the allegations contained therein.

18.     Answering the allegations in Paragraph 18, Defendant admits the allegations contained therein.

19.     Answering the allegations in Paragraph 19, Defendant admits the allegations contained therein.

20.     Answering the allegations in Paragraph 20, Defendant admits the allegations contained therein.

21.     Answering the allegations in Paragraph 21, Defendant denies each and every allegation contained therein.

ERVIN COHEN & JESSUP LLP

22.     Answering the allegations in Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

**ALTER EGO RELATIONSHIPS**

23.     Answering the allegations in Paragraph 23, Defendant denies each and every allegation contained therein.

**COMMON ALLEGATIONS**

**A.     THE EB-5 IMMIGRANT INVESTOR PROGRAM**

24.     Answering the allegations in Paragraph 24, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

25.     Answering the allegations in Paragraph 25, Defendant admits the allegations contained therein.

26.     Answering the allegations in Paragraph 26, Defendant admits the allegations contained therein.

27.     Answering the allegations in Paragraph 27, Defendant admits the allegations contained therein.

28.     Answering the allegations in Paragraph 28, Defendant admits the allegations contained therein.

29.     Answering the allegations in Paragraph 29, Defendant denies each and every allegation contained therein.

30.     Answering the allegations in Paragraph 30, Defendant admits that some, but not all, regional centers rely upon their relationship with intermediary agents.

**B.     PLAINTIFFS' EXPERIENCE IN THE EB-5 REGIONAL CENTER BUSINESS**

31.     Answering the allegations in Paragraph 31, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  allegations contained therein and on that basis denies such allegations.

2       32.     Answering the allegations in Paragraph 32, Defendant lacks sufficient
3  knowledge or information to form a belief concerning the truth of the factual
4  allegations contained therein and on that basis denies such allegations.

5       33.     Answering the allegations in Paragraph 33, Defendant lacks sufficient
6  knowledge or information to form a belief concerning the truth of the factual
7  allegations contained therein and on that basis denies such allegations, except as to
8  deny that Choi and SRC's network of local immigration agents across China and
9  South Korea were "valuable".

10       34.     Answering the allegations in Paragraph 34, Defendant lacks sufficient
11  knowledge or information to form a belief concerning the truth of the factual
12  allegations contained therein and on that basis denies such allegations, except as to
13  deny that the "Advisor" was an "expert" or "valuable."

14  **C.**     **FORMATION OF A JOINT VENTURE RELATIONSHIP AMONG**
15       **CHOI, SRC, KIM AND 8TH BRIDGE INC.**

16       35.     Answering the allegations in Paragraph 35, Defendant denies each and
17  every allegation contained therein.

18       36.     Answering the allegations in Paragraph 36, Defendant admits that in
19  August 2015, there was an exchange of a NDA with respect to an EB-5 project in
20  Los Angeles, California and denies the rest of the allegations.

21       37.     Answering the allegations in Paragraph 37, Defendant admits that Choi
22  provided a list of immigration agents in China, and denies it was "proprietary" and
23  the reason for the provision of the list.

24       38.     Answering the allegations in Paragraph 38, Defendant denies each and
25  every allegation contained therein.

26       39.     Answering the allegations in Paragraph 39, Defendant denies each and
27  every allegation contained therein.

28       40.     Answering the allegations in Paragraph 40, Defendant denies each and

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

1 | every allegation contained therein.

2 |     41.    Answering the allegations in Paragraph 41, Defendant admits that Kim

3 | sent a draft "Collaboration Agreement" that day and denies the rest of the

4 | allegations.

5 | **D.    PLAINTIFFS' CONTRIBUTIONS TO THE JOINT VENTURE**

6 |         **RELATIONSHIP**

7 |     42.    Answering the allegations in Paragraph 42, Defendant denies each and

8 | every allegation contained therein.

9 |     43.    Answering the allegations in Paragraph 43, Defendant denies each and

10 | every allegation contained therein.

11 |     44.    Answering the allegations in Paragraph 44, Defendant denies each and

12 | every allegation contained therein.

13 |     45.    Answering the allegations in Paragraph 45, Defendant admits that Choi

14 | wired $50,000 and denies the rest of the allegations.

15 |     46.    Answering the allegations in Paragraph 46, Defendant denies each and

16 | every allegation contained therein.

17 |     47.    Answering the allegations in Paragraph 47, Defendant denies each and

18 | every allegation contained therein.

19 |     48.    Answering the allegations in Paragraph 48, Defendant admits that Choi

20 | paid for part of Kim's flights and denies the rest of the allegations.

21 |     49.    Answering the allegations in Paragraph 49, Defendant admit that the

22 | Ace Hotel loan documents were sent to SRC and denies the rest of the allegations.

23 |     50.    Answering the allegations in Paragraph 50, Defendant denies each and

24 | every allegation contained therein.

25 |     51.    Answering the allegations in Paragraph 51, Defendant admits that Kim

26 | wrote ". . . 'we need to organize the company structure among entities and

27 | employees," suggesting places and locations for a "company retreat," and asking

28 | Choi to help "organize our plans and goals for 2016 before the company retreat so

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

1  [that] we can share our company values and directions to the others.", but denies

2  that the email was to finalize the written partnership agreement because no

3  agreement or meeting of the minds had yet been reached and denies the rest of the

4  allegations.

5       52.    Answering the allegations in Paragraph 52, Defendant denies each and

6  every allegation contained therein.

7       53.    Answering the allegations in Paragraph 53, Defendant denies each and

8  every allegation contained therein.

9       54.    Answering the allegations in Paragraph 54, Defendant admits that the

10 business cards of Choi and Chang were as described and denies the rest of the

11 allegations.

12      55.    Answering the allegations in Paragraph 55, Defendant denies each and

13 every allegation contained therein.

14      56.    Answering the allegations in Paragraph 56, Defendant denies each and

15 every allegation contained therein.

16      57.    Answering the allegations in Paragraph 57, Defendant denies each and

17 every allegation contained therein.

18      58.    Answering the allegations in Paragraph 58, Defendant denies each and

19 every allegation contained therein.

20      59.    Answering the allegations in Paragraph 59, Defendant denies each and

21 every allegation contained therein.

22      60.    Answering the allegations in Paragraph 60, Defendant admits that

23 Chang went to work in Los Angeles and denies the rest of the allegations.

24      61.    Answering the allegations in Paragraph 61, Defendant admits that Choi

25 signed a lease and that Chang lived there for a portion of time and denies the rest of

26 the allegations.

27      62.    Answering the allegations in Paragraph 62, Defendant denies each and

28 every allegation contained therein.

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

**E.** **FORMATION OF MRE FUND GROUP FOR THE ACE HOTEL PROJECT**

63. Answering the allegations in Paragraph 63, Defendant admits the allegations contained therein.

64. Answering the allegations in Paragraph 64, Defendant admits that Operating Agreement was executed that date and denies the rest of the allegations.

65. Answering the allegations in Paragraph 65, Defendant admits that a Confidential Private Offering Memorandum was created and denies the rest of the allegations.

66. Answering the allegations in Paragraph 66, Defendant admits the allegations contained therein except as to deny there was any "success fees."

67. Answering the allegations in Paragraph 67, Defendant admits the allegations contained therein.

68. Answering the allegations in Paragraph 68, Defendant denies each and every allegation contained therein.

69. Answering the allegations in Paragraph 69, Defendant admits the allegations contained therein.

70. Answering the allegations in Paragraph 70, Defendant denies each and every allegation contained therein.

**F.** **DEFENDANTS' DISAVOWAL AND DENIAL, OR RESCISSION WITHOUT CAUSE, OF THE JOINT VENTURE**

71. Answering the allegations in Paragraph 71, Defendant denies each and every allegation contained therein.

72. Answering the allegations in Paragraph 72, Defendant denies each and every allegation contained therein.

73. Answering the allegations in Paragraph 73, Defendant admits the allegation that Kim requested Choi stop funding 8th Bridge, but Defendant denies each any every other allegation contained therein.

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

74.     Answering the allegations in Paragraph 74, Defendant admits that SRC made the request, but Defendant denies each and every other allegation contained therein.

75.     Answering the allegations in Paragraph 75, Defendant admits that Kim requested Choi provide better communication, but Defendant denies each and every other allegation contained therein.

76.     Answering the allegations in Paragraph 76, Defendant admits that Kim sent Choi $200,000 and stated "that 'As to our partnership terms, many . . . questions are still . . unanswered'.", but Defendant denies each and every other allegation contained therein.

77.     Answering the allegations in Paragraph 77, Defendant denies each and every allegation contained therein.

78.     Answering the allegations in Paragraph 78, Defendant admits that the quoted language was stated by Kim and denies the rest of the allegations.

79.     Answering the allegations in Paragraph 79, Defendant admits that Chang became an employee of 8th Bridge in or around June 2017, but Defendant denies each and every other allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment – Against Kim and 8th Bridge Inc.)

80.     Answering Paragraph 80, Defendant incorporates by reference its response to Paragraphs 1 to 79, inclusive, as though set forth in full.

81.     Answering the allegations in Paragraph 81, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

82.     Answering the allegations in Paragraph 82, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

83.     Answering the allegations in Paragraph 83, Defendant lacks sufficient

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1  knowledge or information to form a belief concerning the truth of the factual
2  allegations contained therein and on that basis denies such allegations.

3  **SECOND CLAIM FOR RELIEF**

4  **(Breach of Joint Venture Partnership Agreement**
5  **Against Kim and 8th Bridge Inc.)**

6  84.   Answering Paragraph 84, Defendant incorporates by reference its
7  response to Paragraphs 1 to 83, inclusive, as though set forth in full.

8  85.   Answering the allegations in Paragraph 85, Defendant denies each and
9  every allegation contained therein.

10  86.   Answering the allegations in Paragraph 86, Defendant denies each and
11  every allegation contained therein.

12  87.   Answering the allegations in Paragraph 87, Defendant denies each and
13  every allegation contained therein.

14  **THIRD CLAIM FOR RELIEF**

15  **(Enforcement of Rights Under the Revised Uniform Partnership Act**
16  **Against Kim and 8th Bridge Inc.)**

17  88.   Answering Paragraph 88, Defendant incorporates by reference its
18  response to Paragraphs 1 to 87, inclusive, as though set forth in full.

19  89.   Answering the allegations in Paragraph 89, Defendant lacks sufficient
20  knowledge or information to form a belief concerning the truth of the factual
21  allegations contained therein and on that basis denies such allegations.

22  90.   Answering the allegations in Paragraph 90, Defendant denies each and
23  every allegation contained therein.

24  **FOURTH CLAIM FOR RELIEF**

25  **(Breach of Fiduciary Duty – Against Kim, 8th Bridge Inc., and Chang)**

26  91.   Answering Paragraph 91, Defendant incorporates by reference its
27  response to Paragraphs 1 to 90, inclusive, as though set forth in full.

28  92.   Answering the allegations in Paragraph 91, Defendant denies each and

ERVIN COHEN & JESSUP LLP

1 every allegation contained therein.

2    93.    Answering the allegations in Paragraph 92, Defendant denies each and
3 every allegation contained therein.

4    94.    Answering the allegations in Paragraph 93, Defendant denies each and
5 every allegation contained therein.

6    95.    Answering the allegations in Paragraph 94, Defendant denies each and
7 every allegation contained therein.

8              **FIFTH CLAIM FOR RELIEF**

9    **(Fraudulent Concealment – Against Kim, 8th Bridge Inc., and Chang)**

10    96.    Answering Paragraph 96, Defendant incorporates by reference its
11 response to Paragraphs 1 to 95, inclusive, as though set forth in full.

12    97.    Answering the allegations in Paragraph 97, Defendant denies each and
13 every allegation contained therein.

14    98.    Answering the allegations in Paragraph 98, Defendant denies each and
15 every allegation contained therein.

16    99.    Answering the allegations in Paragraph 99, Defendant denies each and
17 every allegation contained therein.

18    100.    Answering the allegations in Paragraph 100, Defendant denies each and
19 every allegation contained therein.

20    101.    Answering the allegations in Paragraph 101, Defendant denies each and
21 every allegation contained therein.

22    102.    Answering the allegations in Paragraph 102, Defendant denies each and
23 every allegation contained therein.

24    103.    Answering the allegations in Paragraph 103, Defendant denies each and
25 every allegation contained therein.

26    104.    Answering the allegations in Paragraph 104, Defendant denies each and
27 every allegation contained therein.

28    105.    Answering the allegations in Paragraph 105, Defendant denies each and

ERVIN COHEN & JESSUP LLP

1  every allegation contained therein.

2      106.   Answering the allegations in Paragraph 106, Defendant denies each and
3  every allegation contained therein.

4      107.   Answering the allegations in Paragraph 107, Defendant denies each and
5  every allegation contained therein.

6      108.   Answering the allegations in Paragraph 108, Defendant denies each and
7  every allegation contained therein.

8      109.   Answering the allegations in Paragraph 109, Defendant denies each and
9  every allegation contained therein.

10     110.   Answering the allegations in Paragraph 110, Defendant denies each and
11  every allegation contained therein.

12     111.   Answering the allegations in Paragraph 111, Defendant denies each and
13  every allegation contained therein.

14     112.   Answering the allegations in Paragraph 112, Defendant denies each and
15  every allegation contained therein.

16     113.   Answering the allegations in Paragraph 113, Defendant denies each and
17  every allegation contained therein.

18     114.   Answering the allegations in Paragraph 114, Defendant denies each and
19  every allegation contained therein.

20                        **SIXTH CLAIM FOR RELIEF**

21      **(Constructive Fraud – Against Kim, 8th Bridge LLC, MRE Fund GP,**

22      **MRE Fund LP, MRE Fund II LP and MRE Equity Fund)**

23     115.   Answering Paragraph 115, Defendant incorporates by reference its
24  response to Paragraphs 1 to 114, inclusive, as though set forth in full.

25     116.   Answering the allegations in Paragraph 116, Defendant denies each and
26  every allegation contained therein.

27     117.   Answering the allegations in Paragraph 117, Defendant denies each and
28  every allegation contained therein.

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

118. Answering the allegations in Paragraph 118, Defendant denies each and every allegation contained therein.

119. Answering the allegations in Paragraph 119, Defendant denies each and every allegation contained therein.

120. Answering the allegations in Paragraph 120, Defendant denies each and every allegation contained therein.

121. Answering the allegations in Paragraph 121, Defendant denies each and every allegation contained therein.

122. Answering the allegations in Paragraph 122, Defendant denies each and every allegation contained therein.

123. Answering the allegations in Paragraph 123, Defendant denies each and every allegation contained therein.

124. Answering the allegations in Paragraph 124, Defendant denies each and every allegation contained therein.

125. Answering the allegations in Paragraph 125, Defendant denies each and every allegation contained therein.

126. Answering the allegations in Paragraph 126, Defendant denies each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

### (Conversion

### Against Kim, 8th Bridge Inc., 8th Bridge LLC and MRE Fund GP)

127. Answering Paragraph 127, Defendant incorporates by reference its response to Paragraphs 1 to 126, inclusive, as though set forth in full.

128. Answering the allegations in Paragraph 128, Defendant denies each and every allegation contained therein.

129. Answering the allegations in Paragraph 129, Defendant denies each and every allegation contained therein.

130. Answering the allegations in Paragraph 130, Defendant denies each and

ERVIN COHEN & JESSUP LLP

1   every allegation contained therein.

2   131.   Answering the allegations in Paragraph 131, Defendant denies each and

3   every allegation contained therein.

4   132.   Answering the allegations in Paragraph 132, Defendant denies each and

5   every allegation contained therein.

6   **<u>EIGHTH CLAIM FOR RELIEF</u>**

7   **(Violation of the Defend Trade Secrets Act –**

8   **Against Kim, 8th Bridge Inc., 8th Bridge LLC and Chang)**

9   133.   Answering Paragraph 133, Defendant incorporates by reference its

10   response to Paragraphs 1 to 132, inclusive, as though set forth in full.

11   134.   Answering the allegations in Paragraph 134, Defendant denies each and

12   every allegation contained therein.

13   135.   Answering the allegations in Paragraph 135, Defendant denies each and

14   every allegation contained therein.

15   136.   Answering the allegations in Paragraph 136, Defendant denies each and

16   every allegation contained therein.

17   137.   Answering the allegations in Paragraph 137, Defendant denies each and

18   every allegation contained therein.

19   138.   Answering the allegations in Paragraph 138, Defendant denies each and

20   every allegation contained therein.

21   139.   Answering the allegations in Paragraph 139, Defendant denies each and

22   every allegation contained therein.

23   140.   Answering the allegations in Paragraph 140, Defendant denies each and

24   every allegation contained therein.

25   141.   Answering the allegations in Paragraph 141, Defendant denies each and

26   every allegation contained therein.

27   142.   Answering the allegations in Paragraph 142, Defendant denies each and

28   every allegation contained therein.

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

1  143.  Answering the allegations in Paragraph 143, Defendant denies each and

2  every allegation contained therein.

3  144.  Answering the allegations in Paragraph 144, Defendant denies each and

4  every allegation contained therein.

5  145.  Answering the allegations in Paragraph 145, Defendant denies each and

6  every allegation contained therein.

7  146.  Answering the allegations in Paragraph 146, Defendant denies each and

8  every allegation contained therein.

9  147.  Answering the allegations in Paragraph 147, Defendant denies each and

10  every allegation contained therein.

11  148.  Answering the allegations in Paragraph 148, Defendant denies each and

12  every allegation contained therein.

13  ## NINTH CLAIM FOR RELIEF

14  **(Violation of the California Uniform Trade Secrets Act –**

15  **Against Kim, 8th Bridge Inc., 8th Bridge LLC and Chang)**

16  149.  Answering Paragraph 149, Defendant incorporates by reference its

17  response to Paragraphs 1 to 148, inclusive, as though set forth in full.

18  150.  Answering the allegations in Paragraph 150, Defendant denies each and

19  every allegation contained therein.

20  151.  Answering the allegations in Paragraph 151, Defendant denies each and

21  every allegation contained therein.

22  152.  Answering the allegations in Paragraph 152, Defendant denies each and

23  every allegation contained therein.

24  153.  Answering the allegations in Paragraph 153, Defendant denies each and

25  every allegation contained therein.

26  154.  Answering the allegations in Paragraph 154, Defendant denies each and

27  every allegation contained therein.

28  155.  Answering the allegations in Paragraph 155, Defendant denies each and

ERVIN COHEN & JESSUP LLP

1    every allegation contained therein.

2         156.   Answering the allegations in Paragraph 156, Defendant denies each and
3    every allegation contained therein.

4         157.   Answering the allegations in Paragraph 157, Defendant denies each and
5    every allegation contained therein.

6         158.   Answering the allegations in Paragraph 158, Defendant denies each and
7    every allegation contained therein.

8         159.   Answering the allegations in Paragraph 159, Defendant denies each and
9    every allegation contained therein.

10        160.   Answering the allegations in Paragraph 160, Defendant denies each and
11   every allegation contained therein.

12        161.   Answering the allegations in Paragraph 161, Defendant denies each and
13   every allegation contained therein.

14                    **TENTH CLAIM FOR RELIEF**

15        **(Judicial Dissolution – Against Kim and 8th Bridge Inc.)**

16        162.   Answering Paragraph 162, Defendant incorporates by reference its
17   response to Paragraphs 1 to 161, inclusive, as though set forth in full.

18        163.   Answering the allegations in Paragraph 163, Defendant denies each and
19   every allegation contained therein.

20        164.   Answering the allegations in Paragraph 164, Defendant denies each and
21   every allegation contained therein.

22        165.   Answering the allegations in Paragraph 165, Defendant denies each and
23   every allegation contained therein.

24        166.   Answering the allegations in Paragraph 166, Defendant denies each and
25   every allegation contained therein.

26   / / /

27   / / /

28   / / /

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

**ELEVENTH CLAIM FOR RELIEF**

**(Breach of Contract to Form Joint Venture –**

**Against Kim and 8th Bridge Inc.)**

167.   Answering Paragraph 167, Defendant incorporates by reference its response to Paragraphs 1 to 166, inclusive, as though set forth in full.

168.   Answering the allegations in Paragraph 168, Defendant denies each and every allegation contained therein.

169.   Answering the allegations in Paragraph 169, Defendant denies each and every allegation contained therein.

170.   Answering the allegations in Paragraph 170, Defendant denies each and every allegation contained therein.

171.   Answering the allegations in Paragraph 171, Defendant denies each and every allegation contained therein.

172.   Answering the allegations in Paragraph 172, Defendant denies each and every allegation contained therein.

**TWELFTH CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty – Against Kim, 8th Bridge Inc. and Chang)**

173.   Answering Paragraph 173, Defendant incorporates by reference its response to Paragraphs 1 to 172, inclusive, as though set forth in full.

174.   Answering the allegations in Paragraph 174, Defendant denies each and every allegation contained therein.

175.   Answering the allegations in Paragraph 175, Defendant denies each and every allegation contained therein.

176.   Answering the allegations in Paragraph 176, Defendant denies each and every allegation contained therein.

177.   Answering the allegations in Paragraph 177, Defendant denies each and every allegation contained therein.

/ / /

16337.1:9199254.2                                                    2:17-cv-8958-CAS (AFMx)

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

**THIRTEENTH CLAIM FOR RELIEF**

**(Promissory Estoppel – Against Kim and 8th Bridge Inc.)**

178.   Answering Paragraph 178, Defendant incorporates by reference its response to Paragraphs 1 to 177, inclusive, as though set forth in full.

179.   Answering the allegations in Paragraph 179, Defendant denies each and every allegation contained therein.

180.   Answering the allegations in Paragraph 180, Defendant denies each and every allegation contained therein.

181.   Answering the allegations in Paragraph 181, Defendant denies each and every allegation contained therein.

182.   Answering the allegations in Paragraph 182, Defendant denies each and every allegation contained therein.

**FOURTEENTH CLAIM FOR RELIEF**

**(Violation of CA Bus. & Prof §17200**

**Against Kim, 8th Bridge Inc., 8th Bridge LLC and Chang)**

183.   Answering Paragraph 183, Defendant incorporates by reference its response to Paragraphs 1 to 182, inclusive, as though set forth in full.

184.   Answering the allegations in Paragraph 184, Defendant denies each and every allegation contained therein.

185.   Answering the allegations in Paragraph 185, Defendant denies each and every allegation contained therein.

186.   Answering the allegations in Paragraph 186, Defendant denies each and every allegation contained therein.

187.   Answering the allegations in Paragraph 187, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1

## FIFTEENTH CLAIM FOR RELIEF

2

## (Accounting – Against Kim, 8th Bridge Inc., 8th Bridge LLC, MRE Fund

3

## GP, MRE Fund LP, MRE Fund II LP, and MRE Equity Fund)

4    188.   Answering Paragraph 188, Defendant incorporates by reference its

5    response to Paragraphs 1 to 187, inclusive, as though set forth in full.

6    189.   Answering the allegations in Paragraph 189, Defendant denies each and

7    every allegation contained therein.

8

## SIXTEENTH CLAIM FOR RELIEF

9

## (Quantum Meruit – Against Kim and 8th Bridge Inc.)

10    190.   Answering Paragraph 190, Defendant incorporates by reference its

11    response to Paragraphs 1 to 189, inclusive, as though set forth in full.

12    191.   Answering the allegations in Paragraph 191, Defendant denies each and

13    every allegation contained therein.

14    192.   Answering the allegations in Paragraph 192, Defendant denies each and

15    every allegation contained therein.

16

## ANSWER TO PRAYER FOR RELIEF

17    Answering paragraphs 1-11 of the prayer for relief, Defendant denies that

18    Plaintiffs are entitled to the relief sought in these paragraphs, and denies that

19    Plaintiffs are entitled to any relief whatsoever.

20

## AFFIRMATIVE DEFENSES

21    Defendant 8th Bridge Capital Inc. pleads the following separate and distinct

22    affirmative defenses without conceding that it bears the burden of proof as to any of

23    these issues.  Defendant reserves the right to assert additional affirmative defenses

24    that discovery indicates are proper.

25

## FIRST AFFIRMATIVE DEFENSE

26

## (Failure to State a Claim)

27    1.   Plaintiff's First Amended Complaint, and each cause of action alleged

28    therein, fails to state a claim upon which relief can be granted.

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred by such statutes of limitation as may be applicable.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

3. The purported claims of Plaintiff against Defendants are barred under the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

4. Defendant is informed and believes and, based thereon, alleges that Defendant duly paid, satisfied and discharged all duties and obligations it owed to Plaintiff arising out of any and all agreements, representations or contracts made by or on behalf of Defendant prior to the commencement of the action.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Plaintiff's First Amended Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Conditions Precedent - Failure to Exhaust All Statutory and Administrative Remedies )

6. Plaintiff's First Amended Complaint, and each cause of action therein, is barred because Plaintiff has failed to exhaust all the statutory and administrative remedies that are conditions precedent or necessary prerequisites to the filing of this lawsuit.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

7. Any recovery on Plaintiff's First Amended Complaint, or any

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1  purported cause of action alleged herein, is barred by his failure to satisfactorily

2  perform his job responsibilities and otherwise conduct himself in accordance with

3  the standards and policies of Defendant.

4  ### EIGHTH AFFIRMATIVE DEFENSE

5  ### (Fraud)

6  8.      The First Amended Complaint, and each cause of action set forth

7  therein, is barred by Plaintiffs' or their predecessors' or agents' or a third party's

8  fraud.

9  ### NINTH AFFIRMATIVE DEFENSE

10  ### (Offset)

11  9.      If the Court should find that Plaintiff is entitled to recovery against

12  Defendant, then such recovery, if any, should be offset and reduced by any sums

13  previously paid to Plaintiff by Defendant, or by third parties who engaged Plaintiff

14  directly or otherwise paid Plaintiff for Plaintiff's services.  In addition, Defendant is

15  informed and believe, and based thereupon alleges, that Defendant has valid and

16  enforceable claims for money against Plaintiff each of which is due, owing, and

17  payable to Defendant by Plaintiff, and which Defendant is entitled to set off against

18  Plaintiff's claimed damages, if any should be found to exist.

19  ### TENTH AFFIRMATIVE DEFENSE

20  ### (Unclean Hands)

21  10.     The First Amended Complaint, and each claim set forth therein, is

22  barred by the doctrine of unclean hands.

23  ### ELEVENTH AFFIRMATIVE DEFENSE

24  ### (Reservation of Rights to Assert Additional Defenses)

25  11.     Defendant reserves the right to assert, and hereby gives notice that it

26  intends to rely upon, any other defenses that may become available or appear during

27  discovery proceedings or otherwise in this case and hereby reserves its right to

28  amend its Answer to assert any such defense.

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

**PRAYER FOR RELIEF**

1        WHEREFORE, Defendant 8th Bridge Capital, Inc., prays for judgment against

Plaintiffs, as follows:

        1.      That judgement be awarded in favor of Defendant and against

Plaintiffs, and that the Complaint be dismissed with prejudice;

        2.      That Plaintiffs take nothing by their Complaint;

        3.      That Defendant be awarded reasonably attorneys' fees as may be

determined by this Court; and

        4.      For such other and further relief as the Court shall deem just and

proper.


**DEFENDANT 8TH BRIDGE CAPITAL INC.'S COUNTERCLAIM**

        Defendants and Counterclaimants Young Hun Kim ("Kim"), 8th Bridge

Capital, Inc. ("8BC"), 8th Bridge Capital, LLC and Patrick Jongwon Chang

("Chang") for their counterclaims against Plaintiff and Counter-Defendants Moses

Choi ("Choi"),  Southeast Regional Center, LLC ("SRC") and SRC Ajin-Wooshin

Fund V, LLC ("SRCAW") allege as follows:

A.      **NATURE OF THE ACTION (SUMMARY)**

        1.      Choi is a habitual fraudster who has developed a reputation for

targeting and duping successful businessmen to ingratiate himself into their

companies and lives, all for the purpose of subsequently claiming unfounded

ownership of their companies, unearned responsibility for their achievements and

undeserved entitlement to their profits.

        2.      Kim and 8BC are recent victims of Choi's dishonesty and delusion.

Several years ago, Kim and 8BC had very preliminary discussions with Choi and

SRC about partnering so they could explore what Kim and 8BC were dishonestly

led to believe by Choi was the potential for advantageous synergy in the EB-5

business world for all parties involved.  However, the representations made by Choi

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1   that caused Kim to believe that such a collaborative relationship would be fruitful

2   turned out to be all lies.

3       3.      Fortunately for Kim and 8BC, they at least recognized some of Choi's

4   less egregious personality flaws early on and avoided entering into any partnership

5   agreement with Choi and SRC.  Kim prepared a very loose term sheet that failed to

6   include such critical terms as ownership interest, division of profits or capital

7   contribution and sent it to Choi.  Despite Kim's repeated pleas to Choi to provide

8   feedback, negotiate, or even simply address the draft term sheet to see if a meeting

9   of the minds could be reached, Choi simply refused to engage.  A few months later,

10  because of Choi's chronic unreliableness, inability to communicate and poor work

11  ethic, Kim informed Choi that he was no longer interested in joining forces.

12      4.      Based on Choi's earlier misrepresentations about the strength of his

13  network and ability to identify willing EB-5 investors, Kim did agree that Choi

14  could serve as a master distributor, responsible for sourcing investors for Kim's Ace

15  Hotel project in a select geographic region.  Ultimately, Choi failed rather

16  miserably, as most of his contacts turned out to be phony and unreliable.  Despite

17  claiming that he would be able to provide at least 30 investors for the project, after

18  almost a year, Choi was only able to recruit 4 of them.  Worse, Choi was not able to

19  seal the deal with any of these investors on his own or through legitimate business

20  practices.  Kim and his 8BC team had to fly to China to nurture these relationships

21  on at least five different occasions and Choi, acting on his own accord, paid

22  irregular extra fees and gifts to the agencies who helped recruit the investors,

23  decreasing their value to 8BC.  Kim and 8BC on their own were able to source the

24  other 37 investors required to raise sufficient capital.

25      5.      Master distributor's fees are generally fixed within a set range, both

26  within the EB-5 industry and within any specific deal.  Kim and 8BC offered to pay

27  Choi and SRC a generous amount commensurate, and in fact in excess, of what a

28  master distributor would ordinarily be entitled.  However, Choi, without any legal

ERVIN COHEN & JESSUP LLP

1  justification or factual support, instead has claimed that he is entitled to a percentage

2  of Kim and 8BC's profits on the Ace Hotel project, notwithstanding the fact that

3  Kim had obtained the rights to the deal before meeting Choi, had structured the deal

4  without Choi, had sourced 90% of the investors without Choi, and has been actively

5  managing the development without Choi.  Furthermore, after Kim failed to

6  acquiesce to Choi's unwarranted request, Choi began sabotaging and disrupting

7  Kim's and 8BC's longstanding relationships with their business associates, which

8  has caused 8BC to lose revenue from repudiated contracts and negatively impacted

9  8BC's subsequent EB-5 projects.

10        6.      This Counterclaim seeks a judicial determination as to the proper scope

11  of the business relationship between the parties (*i.e.,* that no partnership agreement

12  was ever formed contractually, implicitly or otherwise) as well damages for Choi's

13  tortious interference with Kim and 8BC's contracts and prospective economic

14  advantage.

15  **B.      PARTIES AND JURISDICTION**

16        7.      Kim is an individual residing in the State of California within this

17  judicial district.

18        8.      8BC is a California corporation formed in 2009 with its principal place

19  of business within this judicial district.

20        9.      8th Bridge Capital, LLC is a California limited liability corporation with

21  its principal place of business within this judicial district.

22        10.     Chang is an individual residing in the State of California within this

23  judicial district.

24        11.     On information and belief, Choi is an individual with his residence in

25  the State of Georgia and is the sole member of SRC.

26        12.     On information and belief, SRC is a Georgia limited liability company

27  with its principal place of business in the State of Georgia.

28        13.     On information and belief, SRC Ajin-Wooshin Fund V, LLC

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

1  ("SRCAW") is a Georgia limited liability company founded in 2014 with a principal

2  place of business in Duluth, Georgia.

3      14.    On December 22, 2017, Choi and SRC filed an Amended Complaint in

4  this Court against, *inter alia,* Kim, 8BC and Chang.  The allegations set forth in this

5  Counterclaim generally arise out of the same occurrences that comprise the subject

6  matter of the Amended Complaint.

7  **C.**    <u>**ALTER EGO ALLEGATIONS**</u>

8      15.    On information and belief, there has existed a unity of interest and

9  ownership between Choi and SRC, such that any individuality and separateness

10  between or among them has ceased, and such that each is the alter ego of the other

11  in that:

12      a.    Choi has at relevant times completely controlled, led, dominated,

13  managed and operated SRC and SRCAW, and has intermingled his assets

14  with SRC's and SRCAW's assets, to suit his and SRC's and SRCAW's

15  convenience.

16      b.    Choi has at relevant times used the assets of SRC and SRCAW

17  for his own use, and has caused or will cause its assets to be transferred to

18  him without adequate consideration.

19      c.    SRC and SRCAW are, and at relevant times were, mere shells

20  and shams without sufficient capital or assets, or their capitalization is and

21  was trifling, compared with the business to be done and the risks of loss

22  attendant thereto.

23      d.    SRC and SRCAW are, and at relevant times were, mere shells,

24  instrumentalities, and conduits through which Choi carried on his business,

25  exercising complete control and dominance of SRC and SRCAW to such an

26  extent that any individuality or separateness between and among them does

27  not, and at all relevant times did not, exist.

28      e.    SRC  and SRCAW are and at relevant time were intended and

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

1   used by Choi as devices to avoid the imposition of liability and for the

2   purpose of substituting a financially insolvent company in his place.

3          f.     Adherence to the fiction of the separate existences of Choi and

4   SRC and SRCAW as distinct persons and legal entities would permit an abuse

5   of the corporate privilege and would sanction fraud and promote injustice, in

6   that SRC and SRCAW has distributed or will distribute a substantial portion

7   of its assets to Choi without adequate consideration, all for the purpose of

8   avoiding and preventing attachment and execution by creditors of Choi or

9   SRC or SRCAW, including Counterclaimants, thereby rendering Choi and

10  SRC  and SRCAW insolvent and unable to meet their obligations.

**D.**    **COMMON ALLEGATIONS RELEVANT TO ALL**

**COUNTERCLAIMS**

13      16.    Under the EB-5 Immigrant Investor Program, created by Congress in

14  1992, entrepreneurs (and their spouses and unmarried children under 21) are eligible

15  to apply for a green card if they invest in commercial enterprises associated with

16  regional centers approved by USCIS based on proposals for promoting economic

17  growth.

18      17.    Kim has had a successful career on the cutting edge of EB-5 business

19  transactions since 2009 (back when there were only approximately 70 Regional

20  Centers compared to the approximately 1000 in existence, or soon to be in

21  existence, today).  From 2009 to 2013 alone, he led numerous EB-5 offerings and

22  raised over $330,000,000 in EB-5 capital.  Kim led an EB-5 team of ten people

23  working under his direction and Kim worked in concert with some of the biggest

24  EB-5 agencies in China, Korea and Vietnam.  Furthermore, Kim's experience

25  spanned all aspects of the EB-5 business, including structuring the deals, sourcing

26  the investors, managing the projects, setting up new regional centers and advising

27  financial companies, developers and existing regional centers on how to optimally

28  utilize EB-5 financing.

ERVIN COHEN & JESSUP LLP

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

18.     In 2013, Kim launched 8BC to diversify assets throughout the United States and take advantage of Kim's remarkable success and routinely sought-after expertise.  Largely because of Kim's accomplishments in previous deals and the impressive business relationships he had forged in the process, 8BC was hired by numerous US developers and foreign agencies, as well as existing regional centers, to consult and provide key guidance on the EB-5 aspects of business transactions. Specifically, 8BC and Kim were retained by reputable developers and financial groups to set up new regional centers, advise on how best to raise EB-5 capital and advise how to optimally structure deals with respect to managing regional centers, USCIS rules and regulations and US security compliance issues.  8BC received substantial income annually from the provision of its consulting services in which it provided its EB-5 expertise and advice.

19.     Kim recognized early on that EB-5 marketing conditions and policies changed yearly and it was essential that he stay abreast of this ever expanding stream of information.  In order to maintain the most up-to-date EB-5 market conditions, Kim traveled extensively overseas to the countries where the investors seeking the green cards were located.  From 2010 onward, Kim traveled to over 10 different provinces and cities in China, Hong Kong, Taiwan, South Korea, Singapore, Vietnam and Dubai frequently (between 5-7 significant multi-week trips each year).  During this process, Kim built relationships with a number of marketing foreign agencies in each country that were geared at helping locate foreign nationals that would be interested in participating in EB-5 projects in the United States.

20.     One particularly important business relationship that Kim developed was with Tran "Tony" Van Tinh ("Tinh") and his company IMM Group PTE LTD ("IMM").  Kim first met Tinh in Vietnam in 2012 while he was managing a successful EB-5 project as a Vice-President, and at that time, Tinh helped the company Kim was working with source approximately ten investors for that EB-5 deal.  The relationship eventually expanded beyond mere agent and principal and

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1  grew into a deep rooted partnership touching on all aspects of 8BC's and 8th Bridge

2  Capital, LLC's and IMM's businesses.  For example, 8th Bridge Capital, LLC was

3  hired to perform diligence on all IMM's EB-5 deals and worked with IMM toward

4  creating a Vietnamese company to handle inbound and outbound investment

5  opportunities.  Kim and 8BC were so deeply integrated with Tinh and IMM that

6  Tinh introduced Kim to IMM's board members and invited Kim to the year-end

7  party in Malaysia.  Kim donated to Tinh's charities and the two talked frequently

8  about the unified future of the two companies and how best to formulate a strategy

9  for them to work together on numerous EB-5 deals, as well as other debt and private

10  equity deals.

11        21.    In or about May 2015, Kim, through an existing contact and business

12  associate with whom he was working on a separate deal, learned of a new project

13  involving the development of an Ace Hotel in Manhattan.  Kim taught the developer

14  about the potential advantages of an EB-5 capital raise and effectively created an

15  EB-5 project out of the deal.  Kim immediately began working steadfastly on

16  exploring, securing, structuring and developing this deal.  In particular, Kim and

17  8BC created the offering documents, the marketing materials and pro forma, the

18  educational materials, and negotiated and drafted the term sheet.  They also

19  assembled an EB-5 team (including underwriters, business plan writers, economists,

20  regional centers, escrow agents and attorneys), negotiated critical issues like

21  security, flow of funds, disbursement, safety financing mechanisms and closing

22  conditions with the developer, and spent significant times on calls and in-person

23  meetings with the developer in New York  The term sheet for the project was

24  ultimately signed on July 12, 2015 and all the heavy lifting in structuring and

25  creating the deal was handled by Kim and 8BC between May 2015 and October

26  2015.

27        22.    Kim first met Choi in person in late April, 2015, at an EB-5 conference

28  in Washington D.C.  Prior to that, the entire extent of their interaction was that Choi

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1   had sought advice for one of his investment projects, named Ajin, from a company

2   for whom Kim was providing consultation services.  Kim had rejected the project

3   because it was not suitable for the market.  Still, at the Washington D.C. conference,

4   Choi approached Kim and praised his for his achievements.

5        23.    At a subsequent conference in China, Choi approached Kim and again

6   provided high praise for Kim's numerous past accomplishments in EB-5 business

7   and expressed an interest in potentially helping each other professionally.  Choi flew

8   to Los Angeles multiple times to meet with Kim, giving gifts and inviting Kim to

9   stay at his apartment next time he was in Beijing instead of staying at a hotel.  Choi

10  even told Kim to consider him an "older brother."  Each time they met, Choi

11  became more aggressive and adamant that he and Kim, and their respective

12  companies 8BC and SRC, should consider working together in some fashion.

13       24.    Choi made clear that part of the reason he wanted to work with Kim so

14  desperately was that Choi's primary EB-5 project, Joon, LLC, dba Ajin USA

15  ("Ajin"), was a manufacturing rather than a real estate deal.  According to Choi,

16  who at the time was based in China, while he had a solid network of business

17  contacts and agents who could source Chinese investors for prospective EB-5 deals,

18  Chinese investors were interested almost exclusively in real estate investment

19  opportunities in major U.S. cities like Los Angeles and New York.  Choi was

20  impressed with Kim's high profile real estate deals, including the Ace Hotel and a

21  high rise condo development in Los Angeles, and thought his resources would be of

22  benefit to Kim and 8BC.  Furthermore, Choi hoped that he would be able to

23  leverage Kim's contacts in Korea, Vietnam and other countries where investors

24  were more interested in manufacturing opportunities to help source his Ajin deal.

25       25.    From April 2015 through October 2015, the entirety of the discussions

26  about Kim and Choi working together related solely to a billion dollar real estate

27  project in Los Angeles that 8BC had already secured one of three exclusivities for as

28  a result of years of Kim's and 8BC's relationship building.  What was exclusively

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1  contemplated was that Choi and SRC would serve as Kim's and 8BC's subagent and

2  help market that project to foreign nationals.  In fact, the NDA that Choi attached to

3  the Complaint in this matter did not relate at all to the Ace Project but instead

4  related to the downtown Los Angeles project and solely for the exchange of

5  documents related thereto.

6      26.    While Kim and Choi were discussing Choi's intended role as subagent

7  on the Los Angeles deal, Choi kept pressing Kim for a bigger, more encompassing

8  deal, more akin to a partnership.  For his part, Kim continued to entertain Choi's

9  proposals based almost entirely on three representations by Choi, each of which

10  Kim subsequently learned was untrue.  The first lie was that Choi was experienced

11  in the Chinese market.  The truth was that Choi had been living in China for less

12  than two years at the time that representation was made and Choi had obtained

13  minimal success in China attracting investors.  The second was that Choi had a

14  robust collection of foreign agents, based primarily in China, who had significant

15  relationships with investors that were interested in EB-5 investments.  On July 26,

16  2015, in an email, Choi went so far as to claim that he had 59 agents in China and

17  the list he attached of those agents "is our only asset and most valuable one." The

18  truth was that Choi's "network" was unsophisticated, inexperienced, and simply

19  incapable of attracting sufficient investors suitable for the types of deals Kim and

20  8BC were putting together and in fact, Choi's entire network had not even been able

21  to source five investors for Choi's deals.  The third was that Choi had a partner,

22  Morrie Berez, who was a well-regarded EB-5 specialist and previously served as a

23  Director/Chief Immigration Official at the USCIS.  The truth was that Berez never

24  obtained that title.  Worse, Berez was nowhere near the asset Choi claimed him to

25  be.  Berez had basically retired in 2009 so his knowledge base was supremely

26  outdated.  Moreover, Berez repeatedly said that SRC's projects were the only ones

27  he would ever consider endorsing, which reflects his bias and lack of applicable

28  knowledge in the marketplace.  Kim would subsequently learn that Choi had a

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

pattern of misrepresenting Berez as an asset, including stating untruthfully on multiple occasions that Berez was the Director of Immigration under President Obama.

27.    Based on Choi's misrepresentations, on October 6, 2015 Kim sent Choi an initial draft of "Indicative Terms for Collaboration Agreement between Moses Choi and Young Kim" ("Draft Term Sheet").  This basic term sheet set out a possible prospective business relationship whereby 8BC and SRC would be folded into a new company that would be owned and managed by Kim and Choi.  The contemplated new company's initial projects including collaboration on the Ace Hotel, Ajin, and two other projects that were being spearheaded by Kim.  However, this Draft Term Sheet left many critical terms blank, as Kim expected he and Choi would negotiate these essential points before any agreement could be reached.  The key points the Draft Term Sheet was silent as to include (1) The membership interest in the new company for each of Kim and Choi; (2) The distribution of profits, if any; (3) Choi's required Initial Capital Contribution to the new company; (4) the monthly payments owed to Choi; and (5) the organization of the company structure.

28.    To be clear, the Draft Term Sheet as sent by Kim to Choi, was not a contract offer that Choi could simply decide to accept or reject because so many key terms were not included.  Furthermore, the Draft Term Sheet never gave any indication that, until those key terms were mutually agreed upon, Kim intended to share any of 8BC's business dealings, including the Ace Hotel project, with Choi, nor did he expect to acquire any interest in Choi's investment vehicles, including Ajin.  Rather, the purpose of the Draft Term Sheet was to see if they could find a way for Kim and Choi to collaborate on their respective EB-5 deals in a mutually beneficial manner but the specific ownership interests and financial arrangements still needed to be negotiated and fleshed out before any intent to contract could materialize.

ERVIN COHEN & JESSUP LLP

29.     Over the next several months, Kim repeatedly tried to get Choi to discuss the Draft Term Sheet to see if there could be a meeting of the minds such that a firm contract could be agreed to and memorialized but Choi refused to do so. For example, on December 2, 2015, Kim sent Choi an email stating in part "besides the profit sharing, which you hate the most to be discussed, we need to organize the company structure among entities and employees."  It was abundantly clear during this entire time period that not only had no collaboration or partnership agreement been reached between the parties but that Choi was aware that Kim did not intend to be bound as if a partnership or joint venture agreement had been mutually agreed to.

30.     The fact that no partnership or other concrete specified agreement had been formulated or otherwise reached is further underscored by the fact that in 2016 Kim refused Choi's request that he be added to 8BC's bank account.

31.     Despite the fact that there was no partnership agreement, Kim and 8BC did help out Choi and SRC.  Choi and SRC had no experience in setting up a regional center (the one Choi currently owns was not set up by him) and expressed to Kim in owning one in Los Angeles.  Kim and 8BC successfully prepared the entire application for such a regional center between March and December 2016 and the application was approved by USCIS in October 2017.  Choi and SRC never made any payment to Kim and 8BC for this service.  Kim also introduced Choi to his foreign contacts to help Choi market his Ajin project.

32.     In March 2016, Kim informed Choi by email that he no longer was interested in starting a new company with Choi.  Kim specifically stated "I've given a lot of thoughts about our partnership and I'd rather stop now before it's too late." This decision was based primarily on the fact that Choi was frequently unresponsive—failing to return phone calls or emails—and seemingly incapable of dedicating the time or energy needed to make the business work.  The idea that communication was important to Choi can hardly have come as a surprise to Choi because it was specifically delineated in the Draft Term Sheet.  Kim was also turned

ERVIN COHEN & JESSUP LLP

1    off that Choi was incapable of committing to plans, including blowing off meetings

2    because he had consumed too much alcohol the prior evening, was incredibly

3    disorganized, and was prone to violent outbursts.  In fact, Choi twice assaulted Kim,

4    one time even throwing a glass at Kim's head, just barely missing.

5         33.   Kim knew that Choi would be disappointed that they would not

6    become partners so, based on Choi's representations about the strength of his

7    foreign agents, Kim decided to do Choi a favor.  In that same March 2016 email,

8    Kim also stated that the Ace Hotel project had launched and, based on Choi's

9    representations that his network of agents would be able to source at least 30

10   investors, if not more, Kim offered to allow Choi to serve as a master distributor in

11   China and Korea for the deal and to engage with his network of agents.  This

12   arrangement was similar to the original role Kim had considered Choi for with

13   respect to the downtown Los Angeles real estate project between April and October

14   2015.

15        34.   In EB-5 transactions, master distributors are primarily responsible for

16   using their network of agents to locate interested investors.  Generally speaking, for

17   each investor sourced, the master distributor and his agents are given a finder's fee

18   upfront to share and the master distributor is entitled to 1-2% of the amount paid by

19   each investor annually for five years.

20        35.   Even after being informed that the company merger contemplated in

21   the Draft Term Sheet was off the table and that the only option available to Choi

22   was master distributor for China and Korea, Choi continued to express his interest in

23   working in that capacity on the Ace Hotel project. As detailed above, Kim was ok

24   with arrangement because of Choi's representations about how easy it would be for

25   him to get at least 30 investors, if not source all 40.

26        36.   It eventually became clear to Kim that Choi had grossly misrepresented

27   the quality of his network and his ability to source investors for the Ace Hotel or any

28   other EB-5 transactions.  Ultimately, Choi and his network were only able to help in

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1 sourcing 4 investors (and each of these required substantial efforts from Kim and

2 8BC to lock in), and Kim, through his own contacts, including Tinh, was

3 responsible (without any help from Choi and SRC) for obtaining the commitment of

4 the other 36 investors.

5      37.     8BC paid Choi's agents the full agreed upon upfront payment for the

6 four investors.  Thus, at most, the only outstanding money owed to Choi would be

7 the small percentage annual payout for the four investors he brought to the deal.

8      38.     During the time Choi was trying to source the Ace Hotel deal, he was

9 also trying to source investors for his Ajin deal.  Choi went so far as to ask Kim to

10 lower the administrative fee for Ace Hotel project from $55,000 to $50,000 so that

11 when he pitched both EB-5 opportunities, his low admin fee would not make Ajin

12 unattractive by comparison (and Kim obliged).  Even though Choi never actually

13 performed as he claimed he would with respect to the Ace Project, Kim assisted

14 Choi with his Ajin project.  Specifically, Kim introduced Choi to his foreign

15 network of agents, including Tinh.  Tinh, however, said he preferred not to work on

16 the Ajin deal because he already had too many projects and didn't want to dilute any

17 of the other deals he was working on by pitching investors too many opportunities at

18 once.  Even after Choi promised Kim to stop pressuring Tinh to take the Ajin deal,

19 he persisted, going behind Kim's back in the process.

20      39.     Chang began working for Choi in September 2014.  In September

21 2015, Chang informed Choi that he was interested in going to graduate school (at

22 that time, law school).  By that time, Chang had become instrumental to Choi and

23 Choi did not want to lose him as an employee.  Consequently, Choi told Chang that

24 if he continued to work for SRC for at least one more year, if he ever decided he still

25 wanted to go to graduate school at some point after that, Choi would pay for it.

26 Based on that assurance, Chang continued to work for SRC.

27      40.     At the time Choi and SRC first learned about the Ace Hotel deal, it

28 became very clear to them that there was a lot they didn't know about EB-5

ERVIN COHEN & JESSUP LLP

1  transactions. Choi and SRC had no experience structuring deals nor did they

2  understand deal process. Furthermore, Choi himself admitted that Berez's skillset

3  and knowledge were outdated and he served mostly as a marketing tool. In

4  November 2015, Choi suggested that Chang go work in Los Angeles with Kim and

5  8BC to effectively apprentice under Kim and learn these skills so Chang would

6  hopefully forego law school and implement what he learned serving in a similar

7  capacity for SRC.

8      41.   Chang, at Choi's request, moved to Los Angeles to work with Kim and

9  8BC in May 2016. While in Los Angeles Chang worked primarily on a mixture of

10 Choi's company's deals, including but not limited to SRC, 8BC's deals and

11 whatever tech issues arose in Choi's Atlanta offices.

12     42.   In April 2017, Choi began demanding of Chang that he return to

13 Georgia to work fulltime at SRC. Chang stated that he preferred to stay in

14 California and work for 8BC. In May 2017, Choi offered Chang money and his

15 own staff to effectively do what Kim did at 8BC for SRC but Chang refused. Choi

16 became increasingly angry, refused to accept Chang's letter of resignation,

17 threatened to tie Chang up in legal action with 8BC and, reneging on his earlier

18 promise, now stated he would only pay for Chang's graduate school if he came back

19 to work for SRC.

20     43.   On April 17, 2017, Kim sent Choi an email stating that he was unable

21 to continue working with Choi any longer because of Choi's inability to provide any

22 clear resolution on "concrete plans or terms on papers" and the "challenges in

23 communication" from Choi's inexplicable inability to timely respond to calls or

24 emails.

25     44.   In May and June 2017, Kim attempted to formally resolve all debts and

26 outstanding issues with Choi. Having already paid Choi back $200,000 in March

27 for money Choi insisted Kim use for travel expenses (money Kim could easily have

28 paid himself), Kim stated his intention to repay Choi the final $84,000 Choi had

ERVIN COHEN & JESSUP LLP

1  loaned to 8BC.  Kim also agreed to reimburse Choi for the expenses Choi used on

2  8BC but Kim informed Choi that Kim required a  detailed breakdown of those

3  expenses because it became clear that Choi wanted Kim to reimburse Choi for

4  expenses and trips that Choi took solely to further SRC and his Ajin deal that

5  provided no benefit at all to Kim or 8BC.  Kim also generously agreed to pay Choi

6  $200,000 for his role as master distributor (significantly more than Choi should have

7  made under the terms of the deal) and attempted to work out a resolution with

8  respect to Chang and also how to split the cost of the LA office lease that Choi had

9  initially requested for himself and then provided to Chang.

10      45.     Choi, for the first time in June 2017, expressed the illogical and

11  factually unsupportable opinion that he, Kim, 8BC, and SRC were partners and that

12  he was entitled to half of 8BC's total profits on the Ace Hotel project even though

13  (1) Kim had pitched, structured and signed the deal before his business involvement

14  with Choi; (2) Choi and SRC had no experience in structuring these deals; (3) Choi

15  and SRC's admitted their only value-add was in finding investors to raise EB-5

16  capital; (4) Choi and his network were only able to find 4 out of the 41 investors

17  required for the deal; (5) Choi and SRC have no experience in managing EB-5

18  developments after the capital is raised; (6) Kim and 8BC are currently expending

19  significant time and energy managing the Ace Project now that the capital has been

20  raised, which is providing Kim's and 8BC's primary revenue stream from the

21  project; (7) Choi and SRC's contributions to the Ace Hotel were virtually

22  nonexistent aside from the 4 investors; and (8) Choi has never offered Kim or 8BC

23  any portion of his profits or proceeds from SRC, including Ajin.

24      46.     On information and belief, this is not the first time that Choi has tried

25  to improperly claim an undeserved and never agreed to interest in someone else's

26  EB-5 business.  On information and belief, Choi also tried to usurp the business

27  assets and accomplishments of an EB-5 business owned by Young Koh, which has

28  led to a lawsuit against Choi currently pending in Gwinnett County in the State of

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  Georgia.

2       47.    On information and belief, in or around mid-late 2017, Choi reached

3  out to Tinh and deliberately told him misinformation about Kim and 8BC to

4  diminish their reputation and poison the business relationship.  Tinh subsequently

5  terminated his communications with Kim and 8BC, including with respect to IMM's

6  diligence (despite an existing contract) and refused to help Kim and 8BC with their

7  new EB-5 investment opportunity, which they had already spent significant time

8  working together toward a 2018 launch.  On information and belief, Tinh is now

9  working on sourcing investors for Choi's Ajin investment

10              **FIRST COUNTER-CLAIM FOR RELIEF**

11              **(Intentional Interference with Contract –**

12              **by 8th Bridge Capital, LLC against Choi)**

13      48.    The allegations set forth above in Paragraphs 1-47 are incorporated

14  herein as though set forth fully in this paragraph.

15      49.    On or about July 14, 2017, IMM and 8th Bridge Capital, LLC entered

16  into a "US Investment Management Service Agreement for IMM Group PTE LTD"

17  ("IMM Service Agreement").  Pursuant to that agreement, IMM agreed to appoint

18  8th Bridge Capital, LLC as its exclusive consultant to provide due diligence and

19  project oversight for all of IMM's EB-5 projects.  As consideration, 8th Bridge

20  Capital, LLC was entitled to receive a service of 1.5% per annum of the total EB-5

21  investment funds disbursed to the projects reviewed by 8th Bridge Capital, LLC.

22      50.    On information and belief, Choi knew about Kim and 8th Bridge

23  Capital LLC's business relationship with Tinh and IMM, including the existence of

24  the IMM Service Agreement.

25      51.    On information and belief, in or about mid-late 2017, Choi, upset that

26  Kim rebuffed his unwarranted demand for a portion of 8BC's profits from the Ace

27  Hotel deal and wanting to use Tinh and IMM to find investors for his Ajin project,

28  began telling Tinh falsehoods about his business relationship with Kim.  On

1  information and belief, Choi tried to paint Kim out to be a disreputable and

2  dishonest businessman although nothing could be further from the truth.  On

3  information and belief, Choi encouraged Tinh to cease doing business with Kim and

4  that Tinh should instead partner with Choi on his deals, including Ajin.  On

5  information and belief, Choi was deliberately intending to create a wedge between

6  Kim and Tinh because Choi saw firsthand how far superior Tinh was to Choi's

7  agents in locating potential EB-5 investors.  Furthermore, Choi had previously gone

8  behind Kim's back on multiple occasions to try to convince Tinh to sell the Ajin

9  deal even after Choi told Kim he would not.

10      52.     On or about December 20, 2017,  Tinh terminated communications

11  with Kim and thereby repudiated the IMM Service Agreement with 8th Bridge

12  Capital, LLC.  On or about January 25, 2018, Kim met with Tinh's partner, Chor

13  Ghee, who claimed that Choi had met with Tinh multiple times since Choi filed the

14  lawsuit and Ghee believed that Tinh terminated the contract because Choi pressured

15  and encouraged Tinh to do so.  Thus, on information and belief, Choi intended to

16  disrupt the contract between IMM and 8th Bridge Capital, LLC and furthermore, had

17  Choi not tried to get Tinh to stop working with Kim and 8BC and not made untrue

18  statements about their business relationship, IMM and Tinh would still be

19  continuing to honor the IMM Service Agreement.

20      53.     Choi's conduct in disrupting the IMM Service Agreement caused 8th

21  Bridge Capital, LLC damages in an amount to be proven at trial but believed to be

22  in excess of $1,300,000.

23      54.     Choi's conduct as set forth in Paragraphs 46 and 47 was made with

24  intentional malice, fraud, and willful and reckless disregard for 8th Bridge Capital,

25  LLC's welfare and rights.  Consequently, 8th Bridge Capital, LLC is entitled to an

26  award of punitive damages against Choi to deter him in the future from engaging in

27  such conduct again.

28

*ERVIN COHEN & JESSUP LLP*

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

**ERVIN COHEN & JESSUP LLP**

## SECOND COUNTER-CLAIM FOR RELIEF

### (Intentional Interference With Prospective Economic Advantage -- By 8th Bridge Capital, LLC and Kim Against Choi)

55.     The allegations set forth above in Paragraphs 1-54 are incorporated herein as though set forth fully in this paragraph.

56.     As detailed in Paragraph 19, Kim and 8BC (and 8th Bridge Capital, LLC) had a longstanding business relationship with Tinh dating back to 2013.  Kim and Tinh had worked together on multiple EB-5 offerings, and Tinh was responsible for attracting the highest number of investors to 8BC's most recent project with the Ace Hotel.

57.     In or around September 2017, Kim/8th Bridge Capital, LLC and Tinh/IMM began collaborating on a new EB-5 project that Tinh had agreed to help source investors for as he had done frequently and with great success in the past.  Numerous emails were exchanged to equip Tinh with sales points, project highlights, marketing strategy, seminar dates, guest speakers, sales team training, and translations.  Kim even flew to Vietnam three separate times to discuss the project with Tinh.  Tinh committed that he would be able to raise between $10M-$15M in EB-5 capital from investors for this new deal.

58.     On information and belief, Choi knew about Tinh's and IMM's preexisting relationship with Kim, 8BC and 8th Bridge Capital, LLC and knew how instrumental they had been to Kim's various projects, including most recently the Ace deal.  On information and belief, Choi also knew that Kim and 8th Bridge Capital, LLC had partnered with Tinh and were relying on Tinh for help raise EB-5 capital for a new deal set to launch in 2018.

59.     On information and belief, Choi wanted Tinh to focus his efforts marketing his Ajin project rather than any of Kim's or 8BC's or 8th Bridge Capital,LLC's EB-5 projects.  On further information and belief, Choi was upset that Kim refused to give in to his unwarranted demands that he be paid a portion of

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1  the profits from the Ace Hotel project.  Thus, on information and belief, Choi

2  intentionally told Tinh misinformation about his and Kim's business relationship in

3  a deliberate effort to demean Kim's reputation, paint him as an unscrupulous

4  business partner and poison the relationship.

5        60.     On information and belief, the statements made by Choi were

6  deliberately misleading, full of half-truths and lies, and did in fact convince Tinh to

7  cease doing business with Kim, including refusing to market the new EB-5 deal that

8  the Tinh and Kim had spent significant time preparing to launch together in 2018.

9        61.     Choi's conduct in intentionally interfering with Kim and 8BC's and 8th

10  Bridge Capital, LLC's business relationship with Tinh and IMM, particularly with

11  respect to the new project that Tinh had agreed to market and help raise EB-5 capital

12  for, which in turn would have provided significant management and other fees to

13  Kim and 8th Bridge Capital, LLC upon the closing of that EB-5 transaction damaged

14  Kim and 8th Bridge Capital, LLC in an amount to be proved at trial but believed to

15  be at least $4,500,000.

16        62.     Choi's conduct as set forth in Paragraphs 54 and 55 was made with

17  intentional malice, fraud, and willful and reckless disregard for Kim's and 8th Bridge

18  Capital LLC's welfare and rights.  Consequently, Kim and 8th Bridge Capital, LLC

19  are entitled to an award of punitive damages against Choi to deter him in the future

20  from engaging in such conduct again.

21  **THIRD COUNTER-CLAIM FOR RELIEF**

22  **(Declaratory Relief**

23  **By Kim and 8BC against All Counter-Defendants)**

24        63.     The allegations set forth above in Paragraphs 1-62 are incorporated

25  herein as though set forth fully in this paragraph.

26        64.     An actual and justiciable controversy, within the meaning of 28 U.S.C.

27  Section 2201, exists between Kim and 8BC on the one hand and Choi and SRC on

28  the other hand concerning the existence of whether a partnership or joint venture

1    agreement had ever been created between and among them.

2         65.    Kim and 8BC contend that there was never any meeting of the minds

3    sufficient to find the existence of any contract (partnership agreement or joint

4    venture), whether implied or oral, between them and Choi and SRC.  Kim prepared

5    a Draft Term Sheet for a possible partnership but numerous essential terms were

6    never discussed or agreed to, including (1) The membership interest in the new

7    company for each of Kim and Choi; (2) The distribution of profits, if any; (3) Choi's

8    required Initial Capital Contribution to the new company; (4) the monthly payments

9    owed to Choi; and (5) the organization of the company structure.  Furthermore, in

10   March 2016, Kim explicitly told Choi that he was no longer interested in a joint

11   venture whereby 8BC and SRC were rolled into a single company.  With respect to

12   the Ace Hotel deal, in March 2016, Kim offered Choi the opportunity to serve as

13   master distributor for China and Korea and that is the only agreement that Kim

14   believed, or that could logically or legally have been found, to be in effect from that

15   period forward.  Thus, Kim and 8BC contend that Choi and SRC are not entitled to

16   any portion of the profits they made on the Ace Hotel project and Choi is only

17   entitled to what was owed to him in his role as master distributor.

18        66.    On information and belief, Choi and SRC deny such allegations and

19   contend that a partnership or joint venture agreement was formed.

20        67.    Kim and 8BC are entitled to a declaratory judgment that no agreement

21   (partnership, joint venture or otherwise) was ever created and Choi and SRC have

22   no entitlement to any portion of the profits Kim or 8BC received from the Ace Hotel

23   deal nor do Choi or SRC have the right to inspect 8BC's records, participate in the

24   control of the company, or take any action that would be permissible if they were in

25   fact partners.

26        68.    In the alternative, if the Court were somehow to find that a partnership

27   or joint venture agreement did exist (and Kim and 8BC strongly deny that any such

28   agreement does exist), Kim and 8BC are entitled to a declaratory judgment that if

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1  such agreement entitles Choi and SRC to a portion of Kim's and 8BC's profits from

2  the Ace Hotel, control of 8BC and access to 8BC's books and records, such

3  agreement must necessarily also entitle Kim and 8BC to an equal portion of Choi's

4  and SRC's profits from its projects, including Ajin, which is under the control of

5  SRC Ajin-Wooshin Fund V, LLC and SRC and access to SRC's and SRC Ajin-

6  Wooshin Fund V, LLC's books and records.

7  **FOURTH COUNTER-CLAIM FOR RELIEF**

8  **(Rescission Based on Fraud**

9  **By Kim and 8BC against Choi and SRC)**

10  69.    The allegations set forth above in Paragraphs 1-68 are incorporated

11  herein as though set forth fully in this paragraph.

12  70.    As set forth throughout this Counterclaim, Kim and 8BC believe that

13  no partnership or joint venture agreement was ever reached between them, on the

14  one hand, and Choi and SRC, on the other.  However, to the extent this Court finds

15  that such an agreement was reached, Kim and 8BC hereby request that be rescinded

16  and deemed void because of Choi's fraud.

17  71.    As set forth in Paragraph 25, the only reason Kim even entertained

18  Choi's overtures to collaborate together and the only reason Kim prepared the Draft

19  Term Sheet was because Choi misrepresented (1) his knowledge of, and experience

20  in, the Chinese market; (2) the sophistication and experience of his foreign agents in

21  sourcing investors for EB-5 transactions; and (3) the qualifications and expertise of

22  his advisor, Morrie Berez.  Had Kim known the truth of the misrepresentations, he

23  never would have even entertained the notion of collaborating or working with

24  Choi.

25  72.    Thus, to the extent that this Court determines there an agreement was

26  somehow reached between Kim and 8BC, and Choi and SRC, Kim and 8BC hereby

27  assert their right to rescind that agreement and have it voided due to the fraud in its

28  inception and request an order from this Court adjudicating same.

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

## FIFTH COUNTER-CLAIM FOR RELIEF

### (Breach of Oral Contract

### By Chang against Choi)

73.     The allegations set forth above in Paragraphs 1-72 are incorporated herein as though set forth fully in this paragraph.

74.     In November 2015, Chang was considering leaving SRC to go law school (he had begun preparing applications) and Choi orally promised that if Chang worked for SRC for one more year, if at that time Chang still wished to go to a graduate school (law or business), Choi would pay for it.

75.     Based on Choi's representations, Chang agreed to stay on at SRC, even moving across the country in 2016 at Choi's request to apprentice with Kim and 8BC.  Chang worked for SRC until April 2017.  Thus, Chang fulfilled his end of the bargain.  Furthermore, Chang continued to express his interest in attending graduate school, including in an email to Choi in September 2016.

76.     In April 2017, Choi demanded that Chang return to work for SRC in Georgia.  Chang informed Choi that he preferred to stay in Los Angeles and still wanted to attend graduate school.  Choi told Chang that unless Chang came back to Georgia and continued to work for SRC for another indefinite period of time, Choi would not pay for Chang's graduate school.  Thus, Choi anticipatorily repudiated the oral agreement between Chang and himself that Chang relied on and performed fully under (and which any alleged nonperformance was excused).

77.     As a result of Choi's anticipatory breach of the oral contract, Chang has been damaged in an amount to be proven at trial but believed to be in excess of $200,000.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant 8TH Bridge Capital Inc., prays for judgment against Plaintiffs and Counter-Defendants, and each of them, as follows:

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

ERVIN COHEN & JESSUP LLP

1.     That judgement be awarded in favor of Counterclaimants and against Counter-Defendants on all claims for relief alleged herein;

2.     For an order enforcing Counterclaimants' rights as alleged;

3.     That Defendants and Counterclaimants be awarded monetary and punitive damages in an amount to be proven at trial but no less than $6,000,000;

4.     For prejudgment interest;

5.     That Defendants and Counterclaimants be awarded reasonably attorneys' fees and costs as may be determined by this Court; and

6.     For such other and further relief as the Court shall deem just and proper.

DATED: March 2, 2018            ERVIN COHEN & JESSUP LLP
                                Russell M. Selmont

                        By: _____/s/ Russell M. Selmont_____
                                Russell M. Selmont
                                Attorneys for Defendants and Counter-Claimants

## DEMAND FOR JURY TRIAL

Counterclaimant 8TH Bridge Capital Inc. hereby demands a trial by jury on all issues triable by a jury in the above-entitled action.

DATED: March 2, 2018            ERVIN COHEN & JESSUP LLP
                                Russell M. Selmont

                        By: _____/s/ Russell M. Selmont_____
                                Russell M. Selmont
                                Attorneys for Defendants and Counter-Claimants

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1

**<u>CERTIFICATE OF SERVICE</u>**

2

**CENTRAL DISTRICT OF CALIFORNIA**

3

*Moses Choi, et al. v. 8th Bridge Capital, Inc, et al.*

4

*Case No.: 2:17-cv-8958-CAS-AFM*

5
6

The undersigned certifies that on March 2, 2018, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

7
8

**DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

9
10
11

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

12

By: _____*/s/  Russell M. Selmont*_____

13

Russell M. Selmont

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT 8th BRIDGE CAPITAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS