UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Gregg Rapoport | Russell Selmont |

**Proceedings:**   MOTION TO STRIKE PORTIONS OF AMENDED
COUNTERCLAIMS AND AFFIRMATIVE DEFENSES (Dkt. 43,
filed April 25, 2018)

MOTION TO DISMISS COUNTERCLAIMS (Dkt. 44, filed April
25, 2018)

## I.   INTRODUCTION

On December 13, 2017, plaintiffs Moses Choi ("Choi") and Southeast Regional
Center ("SRC") filed this action against Young Hun Kim ("Kim"), 8th Bridge Capital,
Inc. ("8th Bridge") and six other affiliated defendants: Patick Jongwon Chang ("Chang");
8th Bridge Capital, LLC; Manhattan Real Estate Fund GP, LLC; Manhattan Real Estate
Fund, LP; Manhattan Real Estate Fund, LP II; and Manhattan Real Estate Equity Fund,
LP.  Dkt. 1.  The lawsuit arises from a business dispute between Choi and Kim over an
alleged joint venture to market EB-5 projects to potential immigrant investors.[1]

Plaintiffs filed the operative first amended complaint on December 22, 2017,
which asserts sixteen claims for relief: (1) declaratory judgment; (2) breach of joint
venture partnership agreement; (3) enforcement of rights under the Revised Uniform
Partnership Act ("RUPA"), Cal. Corp. Code §§ 16100, et seq.; (4) breach of fiduciary
duty; (5) fraudulent concealment; (6) constructive fraud; (7) conversion; (8) violation of
the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq.; (9) violation of the
California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, et seq.; (10)
judicial dissolution; (12) breach of fiduciary duty; (13) promissory estoppel; (14)

---

[1] The EB-5 immigrant visa program, administered by U.S. Citizenship and
Immigration Services ("USCIS"), enables foreign investors in qualifying projects to
obtain permanent resident status in the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|----------|--------------------------|------|---------------|
| Title    | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (15) accounting; and (16) quantum meruit. Dkt. 8 ("FAC").

Defendants answered on March 2, 2018. Dkts. 21–28. Pursuant to the parties' stipulation, defendants filed amended answers and amended counterclaims on March 30, 2018. Defendants allege identical affirmative defenses, including defenses based on the statute of limitations and alleged fraud by plaintiffs. Four of the defendants filed amended counterclaims for (1) intentional interference with contract, (2) intentional interference with prospective economic advantage, (3) declaratory relief, (4) rescission based on fraud, (5) breach of oral contract, and (6) promissory estoppel against Choi, SRC, and five related entities: SRC Ajin Fund I, LLC; SRC Ajin Fund II, LLC; SRC Ajin Fund III, LLC; SRC Ajin-Wooshin Fund IV, LLC; and SRC Ajin-Wooshin Fund V, LLC (collectively, the "Ajin LLCs"). Dkts. 31–38 (collectively, "ACC").

On April 25, 2018, plaintiffs filed the above-captioned motion to strike portions of the amended counterclaims and affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), dkt. 43 ("MTS"), and a motion to dismiss counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), dkt. 44 ("MTD"). On June 25, 2018, defendants filed oppositions to both motions. Dkt. 46 ("MTS Opp'n"); dkt. 47 ("MTD Opp'n"). Plaintiffs filed reply briefs on July 2, 2018. Dkt. 49 ("MTS Reply"); dkt. 48 ("MTD Reply"). The Court held a hearing on July 16, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The following facts are taken from the FAC and amended counterclaims.

Choi is a Georgia resident and the sole member of SRC, a limited liability company organized under the laws of and having its principal place of business in Georgia. FAC ¶¶ 8–9. SRC is a "regional center" under the EB-5 program, i.e. a for-profit entity approved by USCIS to pool investment capital to fund regional economic development projects. Id. ¶¶ 24, 27. One of Choi's EB-5 projects is Ajin USA, an automotive manufacturing facility in Alabama. ACC at 30; see also FAC ¶ 32. Defendants allege that the Ajin LLCs (Alabama and Georgia limited liability companies with their principal places of business in Duluth, Georgia) are the investment vehicle created by Choi and SRC to finance the Ajin project. ACC at 25–26. Defendants further allege that Choi is the alter ego of both SRC and each of the Ajin LLCs. Id. at 26–27.

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

Kim is a California resident as well as the sole shareholder and principal officer of 8th Bridge, a California corporation with its principal place of business in Los Angeles. FAC ¶¶ 10–11, 13; ACC at 24. Since 2009, Kim and 8th Bridge have been involved in structuring EB-5 deals, sourcing foreign investors, project management, setting up regional centers, and providing consulting services to financial companies, developers, and existing regional centers. One such project was the development of the Ace Hotel in Manhattan, New York. Id. at 27–30.

Plaintiffs allege that in 2015, Choi and SRC formed a joint venture with Kim and 8th Bridge to market EB-5 projects. FAC ¶ 4. They met in Los Angeles in September 2015 to discuss forming a joint venture and subsequently confirmed their mutual desire to work together and began, both individually and through SRC and 8th Bridge, to carry on as co-owners of a business for profit. Id. ¶¶ 38–39. On October 6, 2015, Kim proposed to formalize a five-year "Collaboration Agreement" under which Choi would make an initial capital contribution and the parties would work together on EB-5 projects while sharing profits through a holding company, including the Ace Hotel project and two other real estate projects under development by Kim in Los Angeles. Id. ¶ 41. In December 2015, Kim emailed Choi to urge him to finalize a written partnership agreement in order to "organize the company." Id. ¶ 51.

Between 2015 and 2017, plaintiffs allege that Choi invested more than $500,000 of his own personal funds to cover the joint venture's business and marketing expenses, including the cost of opening an office for 8th Bridge in Los Angeles. FAC ¶¶ 4, 45. After they executed a mutual non-disclosure agreement, Choi provided Kim with a proprietary list of SRC's immigration agents in China. Id. ¶¶ 36–37. Choi and Kim travelled to China, Vietnam, and South Korea, primarily to promote the Ace Hotel project to potential investors. Id. ¶¶ 48, 53, 56. Kim printed business cards for Choi that described him as a managing director at 8th Bridge. Id. ¶ 54. SRC also provided staff support—including by its then-employee, Chang, who moved from Atlanta to Los Angeles to work fulltime on behalf of the joint venture—as well as the assistance of SRC's expert advisor, Morrie Berez ("Berez"), a former USCIS officer and EB-5 specialist. Id. ¶¶ 57, 60; ACC at 31–32. In early 2017, Kim allegedly froze plaintiffs out, transferred the joint venture's assets to third parties, and refused to recognize plaintiffs' partnership interest. FAC ¶¶ 6, 71–79. Plaintiffs further allege that Chang "conspired" with Kim in the scheme, and left SRC to join 8th Bridge in June 2017. Id. ¶¶ 79, 110.

Defendants allege that Choi is a "habitual fraudster" with "egregious personality flaws" who has developed a reputation for "targeting and duping successful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|----------|--------------------------|------|---------------|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

businessmen" and "claiming unfounded ownership of their companies." ACC at 22–23. Defendants deny that the parties entered into a joint venture agreement. Based on several alleged misrepresentations by Choi, Kim agreed that Choi could serve as a "master distributor" responsible for sourcing investors for the Ace Hotel project. Despite claiming that he would be able to provide at least 30 investors for the project, Choi allegedly was only able to recruit four of them by paying irregular extra fees and providing gifts to local agencies. Kim and 8th Bridge independently sourced the other 37 investors required to raise sufficient capital to fund the project. Id. at 23. Kim and 8th Bridge offered to pay Choi and SRC master distributor fees, but Choi improperly claimed that he is entitled to a percentage of profits derived from the Ace Hotel project. Id. at 23–24.

To the extent the Court finds that the parties entered into any joint venture or partnership agreement, defendants seek to rescind that agreement on the ground that their consent was induced by fraud. Id. at 44–45. In particular, defendants allege that in a series of discussions between April and October 2015, Choi misrepresented (1) his knowledge of and experience in the Chinese market; (2) the sophistication and experience of his Chinese foreign agents in sourcing investors for EB-5 projects; and (3) the qualifications and expertise of his EB-5 expert advisor, Berez. Id. at 31–32, 44–45. Based on these misrepresentations, Kim emailed Choi on October 6, 2015 with an initial proposed Collaboration Agreement including a draft term sheet, setting forth a possible prospective business relationship whereby 8th Bridge and SRC would be folded into a new company owned and managed by Kim and Choi. The contemplated new company's initial projects included the Ace Hotel, the Ajin project, and two other projects being spearheaded by Kim. Id. at 32; dkt. 47-1, Declaration of Young Hun Kim ¶ 2, Ex. A.

Defendants further allege that Choi intentionally interfered with Kim's longstanding business relationship with Tran Van Tinh ("Tinh") and his company IMM Group PTE Ltd. ("IMM"), sabotaging an agreement signed in July 2017 pursuant to which 8th Bridge would provide due diligence and project oversight for all of IMM's EB-5 projects. Id. at 29, 39. Choi allegedly "told Tinh misinformation about his and Kim's business relationship in a deliberate effort to demean Kim's reputation, paint him as an unscrupulous business partner and poison the relationship." Defendants allege that these statements "effectively amounted to defamatory statements." Id. at 40. In December 2017, Tinh terminated communications with Kim and repudiated IMM's agreement with 8th Bridge. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

Finally, Chang asserts counterclaims against Choi and SRC for breach of oral contract and promissory estoppel. Chang alleges that in November 2015, when he was considering leaving SRC to attend law school, Choi orally promised that "if Chang worked for SRC for one more year, if at that time Chang still wished to go to a graduate school (law or business), Choi would pay for it." Based on this promise, Chang agreed to stay at SRC and moved to Los Angeles to apprentice with Kim. Chang fulfilled his end of the bargain, and ultimately left SRC in April 2017 after Choi told him that unless he returned to work for SRC in Georgia for an indefinite period, Choi would not pay for Chang's law or business school expenses. Chang seeks $200,000 in damages. Id. at 45.

## III.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(f)

A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). A motion to strike is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a Rule12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

Under Federal Rule of Civil Procedure 8, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979); see Fed. R. Civ. P. 8(a)(2) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it . . . ."). To meet this lenient "fair notice" standard, a defendant need only state "the nature and grounds for the affirmative defense." See, e.g., Vogel v. Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013); Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012).

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

### B.    Federal Rule of Civil Procedure 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

be substantial enough to approximate physical presence. <u>Bancroft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Id.</u> (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. <u>Rano v. Sipa Press, Inc.</u>, 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

<u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004) (citing <u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir. 1987)); <u>see also</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction. <u>Schwarzenegger</u>, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. <u>Schwarzenegger</u>, 374 F.3d at 802 (quoting <u>Burger King</u>, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the "extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4) the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial resolution of the controversy"; (6) the "importance of the forum to the plaintiff's interest

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

in convenient and effective relief"; and (7) the existence of an alternative forum.  Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

## C.    Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## D.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|----------|--------------------------|------|---------------|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

## III.    DISCUSSION

Plaintiffs have filed two motions: (1) a motion to strike portions of the amended counterclaims and two affirmative defenses pursuant to Rule 12(f); and (2) a motion to dismiss several counterclaims for lack of personal jurisdiction pursuant to Rule 12(b)(2), failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), and failure to meet Rule 9(b)'s heightened pleading requirements.  The Court addresses these motions in turn.

### A.    Motion to Strike Portion of Amended Counterclaims and Affirmative Defenses

#### 1.    Statements and Allegations Regarding Choi

First, plaintiffs move to strike portions of the amended counterclaims—specifically, paragraph 1, a portion of paragraph 3, and paragraph 53—on the ground that the allegations are "immaterial," "impertinent" and "scandalous."  Fed. R. Civ. P. 12(f).  MTS at 3–5.  The amended counterclaims allege, in relevant part, that Choi is a "habitual fraudster" with "egregious personality flaws" who "has developed a reputation for targeting and duping successful businessmen to ingratiate himself into their companies and lives, all for the purpose of subsequently claiming unfounded ownership of their companies, unearned responsibility for their achievements and undeserved entitlement to their profits."  ACC at 22–23, ¶¶ 1, 3.  Defendants further allege "this is not the first time that Choi has tried to improperly claim an undeserved and never agreed to interest in someone else's EB-5 business" and describe third-party allegations against Choi by an individual named Young Koh in addition to a previous co-owner of SRC.  Id. at 38, ¶ 50.

A matter is "immaterial" within the meaning of Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and "impertinent" matters are "statements that do not pertain and are not necessary to the issues in question."  Fantasy, 984 F.2d at 1527 (internal quotation marks and citation omitted).  A "scandalous" matter is one that "improperly casts a derogatory light on someone, most typically on a party to the action."  Cortina v. Goya Foods, Inc., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (internal quotation marks and citation omitted). Because motions to strike are generally disfavored, a federal court will not exercise discretion under Rule 12(f) to strike a pleading "unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Id. (quoting Ollier v. Sweetwater Union High Sch. Dist., 735 F.Supp.2d 1222, 1223 (S.D. Cal. 2010)).

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|----------|--------------------------|------|---------------|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

Defendants' allegation that Choi is a "habitual fraudster" with "egregious personality flaws" is an inappropriate ad hominem attack serving only to cast him in a derogatory light. Accordingly, these statements are plainly "scandalous" under Rule 12(f) and should be struck from the pleading. With respect to the third-party allegations against Choi in paragraph 53, plaintiffs argue that these statements are defamatory and prejudicial because Kim or his associates could publish them to potential investors under the shield of the litigation privilege. MTS at 5. Defendants contend the allegations are relevant to their fraud counterclaim and that evidence regarding Choi's prior history of misconduct is admissible under Federal Rule of Evidence 404(b) to prove motive and intent to engage in the alleged misconduct. MTS Opp'n at 5. The admissibility of evidence under Rule 404(b), however, is inapposite to the pleading issues before the Court. Defendants' third-party allegations are "immaterial" and "impertinent" under Rule 12(f) and therefore should also be struck from the pleading. Defendants may re-plead their allegations in paragraph 50 as follows:

> [O]n information and belief, Choi has an established pattern of practice of unilaterally attempting to create and modify business relationships that were not agreed to by the other party [including relationships with Young Koh and a previous co-owner of SRC].

Accordingly, plaintiffs' motion to strike paragraph 1, a portion of paragraph 3, and paragraph 50 is hereby **GRANTED**. Defendants are directed re-plead accordingly.

## 2.    Affirmative Defenses

Plaintiffs move to strike defendants' statute of limitations and fraud affirmative defenses for failure to meet the pleading requirements of Twombly and Iqbal and, with respect to the fraud defense, Rule 9(b)'s heightened pleading requirements. MTS at 5–8.

As a preliminary matter, the Court disagrees with plaintiffs' suggestion that the Twombly–Iqbal standard should apply to the pleading of affirmative defenses. There is a currently a split of authority among district courts in the Ninth Circuit on this issue. See Rosen v. Masterpiece Mktg. Grp., LLC, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016). This Court, among others, has taken the position that the well-established "fair notice" standard articulated in Wyshak continues to apply to affirmative defenses following Twombly and Iqbal. See, e.g., Vogel v. AutoZone Parts, Inc., No. CV 13-0300-CAS (AJWx), 2013 WL 2395905, at *1 n. 1 (C.D. Cal. May 31, 2013); see also Rosen, 222 F. Supp. 3d at 802 (collecting cases). The Ninth Circuit has also continued to recognize the validity of the "fair notice" standard in the context of pleading affirmative defenses. See

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (noting that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'") (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).

Plaintiffs offer no compelling reason why the Court should depart from the "fair notice" standard in the absence of further guidance from the Ninth Circuit. Here, the amended answers allege that plaintiffs' claims for breach of joint venture partnership agreement and breach of contract to form a joint venture are barred by the two-year statute of limitations for breach of oral contract, Cal. Code Civ. Pro. § 339. ACC at 19–20. The answers further allege that plaintiffs "knew, or should have known, that the oral contracts allegedly breached had been breached more than two years prior" to the filing of the complaint on December 13, 2017. Id. These allegations are more than sufficient to give plaintiffs fair notice and accordingly the defense is not the proper subject of a motion to strike under Rule 12(f).

Defendants' affirmative defense based on fraud, however, is subject to the heightened pleading requirements of Rule 9(b). See Chiron Corp. v. Abbott Labs., 156 F.R.D. 219, 221 (N.D. Cal. 1994) ("Rule 9(b) makes no exceptions for affirmative defenses or particular types of fraud") (citing Fed. R. Civ. P. 9(b) ("in *all* averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.") (emphasis added)). As mentioned, Rule 9(b) requires a plaintiff to identify the "who, what, when, where and how of the misconduct charged" in addition to "what is false or misleading" about the alleged misconduct and "why it is false." Cafasso, 637 F.3d at 1055 (internal quotation marks and citations omitted).

Here, the amended answers allege that to the extent the parties entered into partnership or joint venture agreement, any such agreement was induced by fraud, specifically:

From April 2015 through October 2015, Moses Choi, on behalf of himself and SRC, repeatedly made fraudulent statements to Defendant Young Kim in person, by telephone and by email including (1) Choi and SRC were established and well-versed in the Chinese market; (2) Choi and SRC had a robust network of foreign agents that were experienced and successful in

| CIVIL MINUTES – GENERAL | | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

procuring investors for EB-5 projects; and (3) Morrie Berez, Choi's partner, was a well-regarded EB-5 specialist and previously served as a Director/Chief Immigration Official at the USCIS.

ACC at 20–21.

Plaintiffs contend these allegations are insufficient because they do not specify "(1) on what specific date(s), where, and in what manner Choi made any of the three alleged fraudulent statements; and (2) what Choi actually said to Kim, as opposed to what seem to be summaries or at best paraphrasing." MTS at 8. These arguments are not well-taken. First, defendants are not required to allege specific dates—when the fraud allegedly occurred over a period of time, Rule 9(b) is "less stringently applied." United States v. Hempfling, 431 F. Supp. 2d 1069, 1076 (E.D. Cal. 2006). Accordingly, the particularity requirement may be satisfied by pleading "a reasonable range of dates." U.S., ex rel. Modglin v. DJO Glob. Inc., 114 F. Supp. 3d 993, 1017 (C.D. Cal. 2015). Here, defendants allege that Choi made various misrepresentations to Kim over a five-month period from April to October 2015. Moreover, defendants allege the "manner" in which Choi made the alleged misrepresentations: "in person, by telephone and by email." ACC at 21.

Defendants also adequately describe the content of the alleged misrepresentations, including what is false or misleading about the statements and why they are false. Choi allegedly misrepresented his knowledge of, and experience in, the Chinese market. Defendants allege that Choi had been living in China for less than two years and had "minimal success" in attracting investors. ACC at 20–21, 31–32. Defendants also allege that Choi misrepresented the sophistication and experience of his foreign agents in sourcing investors for EB-5 deals, who were, in fact, "unsophisticated, inexperienced, and simply incapable of attracting sufficient investors" for the projects. Id. Finally, Choi purportedly misrepresented the qualifications and expertise of his expert advisor, Berez, including misstating his previous title and responsibilities at USCIS. Id. The Court finds these allegations sufficient to put plaintiffs on notice of the specific misconduct such that they will be able to counter the affirmative defense.

Accordingly, plaintiffs' motion to strike the affirmative defenses is **DENIED**.

### B.  Motion to Dismiss Counterclaims

Plaintiffs first move to dismiss all counterclaims against the Ajin LLCs for lack of personal jurisdiction pursuant to Rule 12(b)(2). Second, plaintiffs move to dismiss the

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

counterclaims for intentional interference with prospective economic advantage, rescission based on fraud, breach of oral contract, and promissory estoppel for failure to state a claim upon which relief may be granted under Rule 12(b)(6) and for failure to meet Rule 9(b)'s particularity requirements.

### 1.     Personal Jurisdiction

Plaintiffs contend that the Court lacks personal jurisdiction over the Ajin LLCs. MTD at 6–11. Defendants joined these entities as counter-defendants on their third counterclaim for declaratory relief, which seeks a judicial determination as to the proper scope of the business relationship between the parties. See ACC at 24, 42–43. As mentioned, defendants deny that the parties ever reached an agreement on any joint venture. However, to the extent such a finding is made, defendants assert that the Ajin project in Alabama would be a part of that joint venture. This is evidenced by the draft term sheet that Kim emailed to Choi on October 6, 2015, which contemplated that the proposed new company's initial projects would include the Ace Hotel, the Ajin project, and two other projects led by Kim. Id. at 32.

Defendants allege that "since personal jurisdiction is proper against" Choi and SRC, "it is also proper against" the Ajin LLCs. ACC at 25. The amended counterclaims include the following jurisdictional allegations:

> Choi made misrepresentations about SRC and [the Ajin LLCs] to Kim while he was in California and made fraudulent statements to Kim by phone and by email while he knew Kim was in California. These misrepresentations were intended to get Kim and [8th Bridge] to agree to form a partnership or joint venture whereby, in part, Kim would have control over and benefit from the success of, Choi and SRC's EB-5 Ajin Project. On information and belief, [the Ajin LLCs] is the investment vehicle created by Choi and SRC to operate under the EB-5 program for the financing and development of the Ajin project. Thus, [the Ajin LLCs], through Choi and SRC, intentionally availed itself of this forum and the events giving rise to the claims herein occurred within this forum.

ACC at 25–26. Defendants further allege that Choi is the alter ego of both SRC and the Ajin LLCs, which are also the alter egos of each other, in that (1) Choi "completely controlled, led, dominated, managed and operated" both SRC and the Ajin LLCs; (2) he intermingled the assets of SRC and the Ajin LLCs; (3) he employed the assets of SRC and the Ajin LLCs for his own personal use and caused their assets to be transferred to

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|----------|---------------------------|------|----------------|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

him without adequate consideration; and (4) both SRC and the Ajin LLCs were inadequately capitalized. <u>Id.</u>  Choi has also filed a declaration stating that he is the sole managing member of SRC and that SRC is the managing member of each of the Ajin LLCs.  Dkt. 45, Declaration of Moses Choi ¶¶ 3–4.

Defendants maintain that the Court has specific personal jurisdiction over the Ajin LLCs.  MTD Opp'n at 4–9.  Because Choi admits that he is the sole managing member of SRC, which is the managing member of each of the Ajin LLCs, defendants assert that Choi "controlled, spoke for, and had the power to bind the Ajin LLCs" when he was negotiating the joint venture with Kim in California and when he was negotiating by email and telephone knowing that Kim was located in California.  Thus, defendants contend that because the Ajin LLCs were allegedly part of the joint venture, Choi was acting as the principal of or an agent for these entities when he was purposely availing himself of California in negotiating the agreement with Kim.  <u>Id.</u> at 5.

Plaintiffs assert that defendants have failed to allege or prove "facts to establish that Choi and SRC were acting on behalf of the Ajin LLCs" or that the Ajin LLCs ever "acted in California (through Choi and SRC or otherwise) in a manner to give rise to or support a finding that they were part of the joint venture."  MTD Reply at 5–6.  Plaintiffs note that the only evidence cited by defendants, the draft term sheet identifying "SRC Ajin-Wooshin Fund, GA" as one of the contemplated projects of the proposed joint venture, is a document that was sent by Kim to Choi in Georgia and therefore does not evidence any actions taken in California by Choi on behalf of the Ajin LLCs.  <u>Id.</u> at 2–3.  Plaintiffs contend that, at most, Kim's declaration and the draft term sheet "might be used to support jurisdiction, if at all, only as to" SRC Ajin-Wooshin Fund IV, a Georgia LLC.  <u>Id.</u> at 7.

The Court finds defendants' allegations sufficient to sustain personal jurisdiction over the Ajin LLCs.  There can be no dispute that the Court has jurisdiction over Choi and SRC, who commenced the action in this forum.  <u>See Adam v. Saenger</u>, 303 U.S. 59, 67 (1938) (filing a complaint constitutes consent to jurisdiction "for all purposes for which justice to the defendant requires his presence.").  Plaintiffs have not refuted the allegation, evidenced by the draft term sheet, that the Ajin project was part of the proposed joint venture.  Nor have plaintiffs refuted the allegation that Choi was acting as the principal of or an agent for the Ajin LLC when he was negotiating the joint venture with Kim.  <u>See Anglo Irish Bank Corp., PLC v. Superior Court</u>, 165 Cal. App. 4th 969, 981 (2008) ("a corporation or other business entity acts through authorized individuals,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

and the activities of its employees are attributed to the business entity for purposes of personal jurisdiction.").

It is also well established that courts may "exercise jurisdiction over an individual or corporation that is the alter ego of an individual or corporation over which the court has jurisdiction." 16 Moore's Federal Practice – Civil § 108.42 (2018); see, e.g., Taurus IP, LLC v. DaimlerChrysler Corp., 726 F.3d 1306, 1337 (Fed. Cir. 2013) (exercising personal jurisdiction over a limited liability company as well as its affiliated companies and its individual owner under the alter ego doctrine); Flynt Distributing Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) (employing the alter ego doctrine to exercise personal jurisdiction over the sole shareholders and partners of corporations and partnerships). Here, plaintiffs do not dispute the alter ego allegations concerning Choi, SRC, and the Ajin LLCs. See ACC at 25–26. Accordingly, because it is both undisputed that Choi and SRC consented to this Court's jurisdiction and that they are the alter egos of each of the Ajin LLCs, personal jurisdiction is properly exercised over the Ajin LLCs.

Accordingly, plaintiffs' motion to dismiss the Ajin LLCs for lack of personal jurisdiction is **DENIED**.

### 2. Intentional Interference with Prospective Economic Advantage

Plaintiffs move to dismiss defendants' counterclaim for intentional interference with prospective economic advantage. This counterclaim alleges that Kim and 8th Bridge had a longstanding business relationship with Tinh and his company, IMM, whereby IMM helped source investors for various EB-5 deals. ACC at 29, 41. Defendants allege that plaintiffs attempted to disrupt this business relationship, specifically: "Choi intentionally told Tinh misinformation about his and Kim's business relationship in a deliberate attempt to demean Kim's reputation, paint him as an unscrupulous business partner and poison the relationship . . . the statements effectively amounted to defamatory statements relating to Kim's trustworthiness and business ethics that were false and made with the intent to disrupt the business relationship between Tinh and Kim and their companies." Id. at 41.

Under California law, the elements of the tort of intentional interference with prospective economic advantage include (1) an economic relationship between the plaintiff and a third party containing the probability of a future economic benefit to the plaintiff, (2) knowledge by the defendant of the existence of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

disruption of the relationship; and (5) damages to the plaintiff proximately caused by the defendant. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153 (2003). However, "the act of interference with prospective economic advantage is not tortious in and of itself." Id. at 1159. To state a claim for intentional interference, a plaintiff must allege "the defendant engaged in an independently wrongful act," that is "wrongful by some legal measure other than the act of interference itself." Id. at 1153 (citing Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal.4th 376, 393 (1995)). An act is "independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law or other determinable legal standard." Id. at 1159. "Such conduct must also be independently actionable, meaning the legal standards must 'provide for, or give rise to, a sanction or means of enforcement for a violation of the particular rule or standard that allegedly makes the defendant's conduct wrongful.' " Redfearn v. Trader Joe's Co., 20 Cal. App. 5th 989, 1006 (2018) (citing Korea Supply, 29 Cal.4th at 1159 and Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate Services, Inc., 138 Cal. App. 4th 1215, 1223 (2006)).

Plaintiffs argue that defendants fail to state a claim for intentional interference with prospective economic advantage because they have not alleged any independently actionable, wrongful conduct. In particular, plaintiffs contend that the allegations regarding "effectively" defamatory statements are not independently actionable because they do not sufficiently describe the substance of Choi's statements to Tinh regarding Kim. MTD at 12–15.

"Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement." Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (citing Okun v. Superior Ct., 29 Cal.3d 442, 458 (1981)). "Even under liberal federal pleading standards, 'general allegations of the defamatory statements' which do not identify the substance of what was said are insufficient." Id. (quoting Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.Supp. 1303, 1314 (N.D. Cal. 1997)). Here, defendants' counterclaim merely alleges that "Choi intentionally told Tinh misinformation about his and Kim's business relationship" that "effectively amounted to defamatory statements relating to Kim's trustworthiness and business ethics." ACC at 41. The Court agrees that defendants' allegations are insufficiently specific regarding the substance of Choi's statements to constitute actionable defamation. See, e.g., Titan Global LLC v. Organo Gold Intern., Inc., No. 12-CV-2104-LHK, 2012 WL 6019285, at *11 (N.D. Cal. 2012) (granting motion to dismiss defamation claim based on allegations of "defamatory statements about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. |

[plaintiffs'] leadership abilities," including that plaintiff "is an incompetent and dishonest leader who will not reveal to his group the elements necessary to be successful," and "labeling him as an incompetent and dishonest business leader.").

In the alternative, defendants maintain that they can satisfy the requirement of an "independently wrongful" act by alleging unfair business practices in violation of the UCL. MTD Opp'n at 13–16. Defendants note that in CRST Van Expedited, Inc., 479 F.3d 1099 (9th Cir. 2007), the Ninth Circuit held that a claim for intentional interference with contractual relations, pled as a basis for a claim of unfair business practices in violation of the UCL, could also serve as the predicate independently wrongful act for purposes of an intentional interference with prospective economic advantage claim. The court noted its "reasoning works a practical merger of the two common law torts of intentional interference with existing contract and intentional interference with prospective economic relations, where the two are alleged to coexist along with a contemporaneous and derivative UCL violation." Id. at 1110. The contractual interference allegations thus served a "triple duty: first as a basis for tort, then as a basis for a statutory violation, then again as the basis for another tort *because* of the allegation of a statutory violation, *because* of the tort first alleged." Id. at 1111.

Relying on CRST, defendants argue that their substantive allegations support a claim for both intentional interference with contract and unfair business practices in violation of the UCL, which could supply the "independently wrongful" conduct required to state a claim for intentional interference with prospective economic advantage. MTD Opp'n at 13–16. However, the Ninth Circuit in CRST emphasized the existence of a "contemporaneous and derivative UCL violation" in discussing the adequacy of the intentional interference with contract claim as the predicate for a prospective economic advantage claim. 479 F.3d at 1110. Where, as here, "no such statutory violation is alleged," defendants' unpled UCL claim cannot serve as the independently wrongful conduct necessary to support their counterclaim. See California Expanded Metal Prod. Co. v. ClarkWestern Dietrich Bldg. Sys. LLC, No. CV 12-10791 DDP (MRWx), 2015 WL 12746230, at *6 (C.D. Cal. Oct. 2, 2015).

Accordingly, the Court **GRANTS** plaintiffs' motion to dismiss the counterclaim for intentional interference with prospective economic advantage. However, defendants may be able to cure this deficiency by alleging the substance of the defamatory statements with more specificity or pleading a claim for unfair business practices in violation of the UCL. Accordingly, the Court **GRANTS** leave to amend and dismisses the counterclaim **without prejudice**.

| | CIVIL MINUTES – GENERAL | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

### b.    Rescission Based on Fraud

Plaintiffs move to dismiss the counterclaim for rescission based on fraud on the ground that defendants fail to plead their fraud allegations with the particularity required by Rule 9(b).  MTD at 15–16.  The allegations supporting both defendants' fraud affirmative defense and their counterclaim for rescission based on fraud are effectively identical—defendants allege that Choi misrepresented (1) his knowledge of and experience in the Chinese market; (2) the sophistication and experience of his Chinese foreign agents; and (3) the qualifications and expertise of his EB-5 expert advisor.  ACC at 31–32, 44–45.  As already explained, the Court finds these allegations sufficient to satisfy Rule 9(b)'s heightened pleading standard.  Accordingly, for the reasons the Court denied plaintiffs' motion to strike the affirmative defense, the Court also **DENIES** plaintiffs' motion to dismiss the counterclaim for rescission based on fraud.

### c.    Breach of Oral Contract and Promissory Estoppel

Finally, plaintiffs move to dismiss defendant Chang's counterclaims for breach of oral contract and promissory estoppel arising out of Choi's alleged promise to pay for Chang's graduate school expenses.  MTD at 17–20.  Defendants allege that Choi orally promised in November 2015 that "if Chang worked for SRC for one more year, if at that time Chang still wished to go to a graduate school (law or business), Choi would pay for it."  ACC at 45.  Although Chang continued to work for SRC until April 2017, Choi allegedly repudiated the oral contract by demanding that unless Chang returned to work for SRC in Georgia for an indefinite period, Choi would not pay for Chang's graduate school expenses.  Id. at 45.  Plaintiffs assert that the breach of contract counterclaim is not actionable because (1) the terms of the alleged oral agreement are indefinite and uncertain; and (2) the alleged oral contract is barred by California's Statute of Frauds, Cal. Civ. Code § 1624(a).  MTD at 17–19.  Plaintiffs similarly argue that the promissory estoppel counterclaim fails because the alleged promise was not "clear and unambiguous" and defendants are nevertheless "barred" from asserting the counterclaim because breach of contract and promissory estoppel are mutually exclusive theories of recovery.  Id. at 20.

First, Under California law, "[w]here a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable."  Ladas v. California State Auto. Ass'n, 19 Cal. App. 4th 761, 770 (1993).  "To be enforceable, a promise must be definite enough that a court can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

determine the scope of the duty and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." Id. However, the California Supreme Court has cautioned that voiding contracts based on indefiniteness is disfavored and therefore courts should "construe agreements as to carry into effect the reasonable intentions of the parties if [they] can be ascertained." Patel v. Liebermensch, 45 Cal.4th 344, 349 (2008) (citations omitted). Here, plaintiffs assert that the alleged oral contract is fatally indefinite because it "does not specify the maximum amount of tuition Choi would be required to pay, nor what types of programs Chang could apply for." MTD at 18. The counterclaim does allege, however, that Choi promised to cover the cost of "graduate school (law or business)." ACC at 45. Because the Court must liberally construe the alleged contract terms, and because the tuition costs for law and business graduate programs are widely published, the Court finds the alleged terms to be sufficiently certain and definite to determine the scope of the parties' duties and to provide a rational basis for assessing damages.

Second, California's Statute of Frauds provides that "[a]n agreement that by its terms is not to be performed within a year from the making thereof" is invalid unless memorialized in writing. Cal. Civ. Code § 1624(a)(1). Plaintiffs assert that Choi's alleged promise to pay for graduate school "if Change worked for SRC *for one more year*" is facially barred by the statute. ACC at 45 (emphasis added). The Court disagrees. Section 1624(a)(1) is construed narrowly and therefore "applies only to those contracts which, by their terms, *cannot possibly be performed within one year*." White Lighting Co. v. Wolfson, 68 Cal.2d 336, 343 (1968) (emphasis added). Accordingly, "if by its terms performance of a contract is possible within one year, the contract does not fall within the statute even though it is probable that it will extend beyond one year." Plumlee v. Poag, 150 Cal.App.3d 541, 548–49 (1984). Here, the alleged terms do not clearly state that the agreement cannot be performed within one year, in other words, Chang could have fulfilled his end of the bargain by working for exactly one additional year. Moreover, "[w]here the contract is unilateral, or, though originally bilateral, has been fully performed by one party, the remaining promise is taken out of the statute, and the party who performed may enforce it against the other." Secrest v. Sec. Nat'l Mortg. Loan Tr. 2002-2, 167 Cal. App. 4th 544, 556 (2008). Because defendants allege that Chang fully performed under the oral contract by remaining at SRC for an additional year, the statute of frauds does not bar the counterclaim.

Defendants' promissory estoppel counterclaim is also not defective for lack of certainty. "The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." <u>Aceves v. U.S. Bank, N.A.</u>, 192 Cal. App. 4th 218, 225 (2011) (internal quotation marks omitted) (alteration in original). To be enforceable under the doctrine of promissory estoppel, a promise need only be "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." <u>Id.</u> (quoting <u>Garcia v. World Sav., FSB</u>, 183 Cal. App. 4th 1031, 1045 (2010)). Again, the terms of Choi's allege promise to Chang are reasonably certain such that the Court can readily determine the scope of the parties' duties and assess damages. Moreover, contrary to plaintiffs' assertion, defendants may properly plead their counterclaims for breach of contract and promissory estoppel in the alternative, even if these claims involve mutually exclusive theories of recovery. <u>See</u> <u>PAE Gov't Servs., Inc. v. MPRI, Inc.</u>, 514 F.3d 856, 859 (9th Cir. 2007) ("we allow pleadings in the alternative—even if the alternatives are mutually exclusive.")

Accordingly, plaintiffs' motion to dismiss the counterclaims for breach of oral contract and promissory estoppel is **DENIED**.

## IV.    CONCLUSION

Based on the foregoing, plaintiffs' motion to strike portions of the amended counterclaims and affirmative defenses (dkt. 43) is hereby **GRANTED** in part and **DENIED** in part. The Court **GRANTS** plaintiffs' motion to strike paragraph 1, the offending portion of paragraph 3, and paragraph 53 of defendants' first amended answers and counterclaims (dkts. 31–38) and **ORDERS** defendants to re-plead their counterclaims consistent with this Order. However, the Court **DENIES** plaintiffs' motion to strike the affirmative defenses.

Plaintiffs' motion to dismiss counterclaims (dkt. 44) is also **GRANTED** in part and **DENIED** in part. The Court **DENIES** plaintiffs' motion to dismiss the Ajin LLCs for lack of personal jurisdiction. The Court further **DENIES** plaintiffs' motion to dismiss the fourth counterclaim for rescission based on fraud, fifth counterclaim for breach of oral contract, and sixth counterclaim for promissory estoppel. However, the Court **GRANTS** plaintiffs' motion to dismiss the second counterclaim for intentional interference with prospective economic advantage and dismisses the claim **without prejudice**.

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS (AFMx) | Date | July 16, 2018 |
|----------|--------------------------|------|---------------|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

Defendants shall have **twenty-one (21) days** from the date of this Order to file amended answers and counterclaims addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|--|----|----|-----|
| Initials of Preparer | | CMJ | |