Russell M. Selmont (SBN 252522)
    rselmont@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Defendants and Counter-Claimants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOSES CHOI; and SOUTHEAST REGIONAL CENTER, LLC,<br><br>              Plaintiffs,<br><br>      v.<br><br>8TH BRIDGE CAPITAL, INC.; YOUNG HUN KIM; 8TH BRIDGE CAPITAL, LLC; MANHATTAN REAL ESTATE FUND GP, LLC; MANHATTAN REAL ESTATE FUND, LP; MANHATTAN REAL ESTATE FUND II, LP; MANHATTAN REAL ESTATE EQUITY FUND, LP; and PATRICK JONGWON CHANG,<br><br>              Defendants. | Case No. 2:17-cv-8958-CAS (AFMx)<br><br>*Hon. Christina A. Snyder – Crtrm 8D*<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT & COUNTERCLAIMANT PATRICK CHANG FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    October 7, 2019<br>Time:    10:00<br>Crtrm:   8D |
| 8TH BRIDGE CAPITAL, INC.; 8TH BRIDGE CAPITAL, LLC; YOUNG HUN KIM; and PATRICK JONGWON CHANG,<br><br>              Counter-Claimants,<br><br>      v.<br><br>MOSES CHOI; SOUTHEAST REGIONAL CENTER, LLC; SRC AJIN FUND I, LLC; SRC AJIN  FUND II, LLC; SRC AJIN FUND III, LLC; SRC AJIN-WOOSHIN FUND IV, LLC and SRC AJIN-WOOSHIN FUND V, LLC,<br><br>              Counter-Defendants | *Action Filed: December 13, 2017* |

ERVIN COHEN & JESSUP LLP

1

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on October 7, 2019 at 10:00 a.m. in Courtroom 8D of the above-entitled court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant and Counterclaimant PATRICK JONGWON CHANG ("Chang") will move the Court for an order granting judgment on the pleadings of the remaining claims against Chang (the Fourth and Twelfth Claims for Breach of Fiduciary Duty, Fifth Claim for Fraudulent Concealment and Fourteenth Claim for Unfair Business Practices) contained in the First Amended Complaint of Plaintiffs MOSES CHOI and SOUTHEAST REGIONAL CENTER (collectively "Plaintiffs").

The Motion will be made pursuant to Rule 12(c) on the grounds that the two claims for breach of fiduciary duties fail to allege *any* facts against Chang that could plausibly impart any fiduciary duty.  Furthermore, the claims for fraudulent concealment and unfair business practices all require the existence of a fiduciary duty owed by Chang and since no legally tenable fiduciary duty has been alleged (the mere fact he was an employee of Plaintiffs is insufficient), those claims must too fail.

The Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Court's own files and records, and upon such oral and documentary evidence as the Court may allow at any hearing of this matter.

DATED:  September 5, 2019          ERVIN COHEN & JESSUP LLP
                                   Russell M. Selmont

                              By:  _____/s/ Russell M. Selmont_____
                                   Russell M. Selmont
                                   Attorneys for Defendants and Counter-
                                   Claimants

**ERVIN COHEN & JESSUP LLP**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This simple motion seeks only to dismiss the remaining[1] meritless claims against Defendant/Counterclaimant Patrick Chang ("Chang").  Two of the claims, both labeled breach of fiduciary duty, fail to include any allegations that even mention Chang, moreover factual allegations that could give rise to him owing a fiduciary duty or could constitute breaches thereof.  Dismissal of these claims is obviously appropriate on those grounds alone.  Furthermore, to the extent those claims, as well as the claims for fraudulent concealment and unfair business practices, are premised on some unpled duty of loyalty owed by Chang to Plaintiffs (as Plaintiffs stated during the meet and confer process), they too still fail.  All Plaintiffs have alleged is that Chang was a mere employee of Plaintiffs.  The courts of the Central District of California have repeatedly and recently made clear that employees do not owe a duty of loyalty or other fiduciary duties to their employers. The claims thus not only fail as pleaded but cannot be salvaged so Plaintiffs should be denied leave to amend.[2]

## II.   RELEVANT BACKGROUND

As often happens, Chang finds himself embroiled in this lawsuit simply by virtue of being collateral damage of an emotional plaintiff's scorched earth approach.  Chang previously was an entry-level employee of Plaintiffs/Counter-Defendants Moses Choi ("Choi") and Southeast Regional Center LLC ("SRC"), making less than $50,000 a year.  At Choi's behest, Chang was sent from Atlanta to Los Angeles to apprentice and learn from Defendant/Counterclaimants Young Kim

---

[1] In the process of meeting and conferring on the instant motion, Plaintiffs agreed to dismiss the two trade secret claims in the First Amended Complaint. (Selmont Dec, Ex. A)

[2] As another practical matter, the time to amend the pleadings, as set forth in the Scheduling Order, expired on June 28, 2019.

1  ("Kim") and  his company, 8th Bridge Capital ("8BC").  Right around the time that

2  Kim and Choi's business relationship permanently deteriorated (the allegations that

3  give rise to the crux of this lawsuit), Chang informed Choi that he wanted to stay in

4  California and work for 8BC rather than return to Georgia and work for SRC.

5  Choi's ego was bruised and after making several desperate overtures to change

6  Chang's mind, eventually threatened Chang, without any legal justification, that if

7  Chang continued to work for Kim, Choi would sue him.

8  Choi made good on his threat despite the fact he had no valid legal claims

9  against Chang.  Choi likely hoped that Chang, thirty years his junior and without the

10  resources for sophisticated legal counsel, would wilt and volunteer to turn against

11  Kim and 8BC in exchange for being dismissed from the case.  Chang, however, has

12  more integrity than that.  He agreed to participate actively in discovery and already

13  has been deposed, knowing that this involvement would shine light on the falsity of

14  Choi's allegations against Kim and 8BC as well as himself.

15  At this juncture, however, the time has come for the untenable legal claims

16  thrust at Chang to be dismissed from the case.  The First Amended Complaint (the

17  operative pleading) initially had six claims levied at Chang: two nearly identical

18  ones for breach of fiduciary duty (4th and 12th claims), and one each for fraudulent

19  concealment (5th claim), violation of the Defend Trade Secrets Act (8th claim),

20  violation of the California Uniform Trade Secrets Act (9th Claim),  and unfair

21  business practices under California Bus. & Prof Code Section 17200 (14th claim).

22  However, in the process of meeting and conferring on the instant motion, Plaintiffs

23  agreed to dismiss the two trade secret claims and a stipulation to that effect has, or

24  shortly will be, entered with the court.  (Selmont Dec., ¶ 3).  All that remains against

25  Chang, then, are the fiduciary duty claims and the fraudulent concealment and

26  17200 claims that are buttressed thereon.[3]

27

28  _____

[3] As set forth below, fraudulent concealment claims require a duty to disclose

ERVIN COHEN & JESSUP LLP

III.   <u>**STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

Motions for judgment on the pleadings under Rule 12(c) and virtually interchangeable with motions to dismiss under Rule 12(b)(6) and the court applies the same standards to both.  *U.S. ex rel. v. General Dynamics* (9th Cir. 2011) 637 F. 3d 1047, 1054 fn. 4 ("Rule 12(c) is functionally identical to Rule 12(b)(6)").  As with a Rule 12(b)(6) motion, to survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Chavez v. United States* (9th Cir. 2012) 683 F. 3d 1102, 1108-1109.

IV.   <u>**RELEVANT ALLEGATIONS OF THE FIRST AMENDED**</u>
       <u>**COMPLAINT**</u>

Despite being almost forty pages long and containing sixteen claims for relief, the allegations against Chang in the First Amended Complaint are glaringly sparse. Chang is never even mentioned in the "Nature of the Action" section (FAC, pp. 3-4).  The only allegations involving Chang's actions are:

"Chang work[ed] with 8th Bridge Inc. to prepare marketing materials…" (FAC, ¶ 43);

"SRC sent Chang from Atlanta, Georgia to Los Angeles to work fulltime on behalf of the joint venture with Kim and 8th Bridge Inc., while continuing to pay Chang a salary."  (FAC, ¶ 60);

"in April 2016, Choi signed a lease for an apartment in downtown Los Angeles for 8th Bridge Inc. to sue for workspace and living space for Chang while he worked with Kim and 8th Bridge, Inc. on marketing the Ace Hotel Project."  (FAC, ¶ 61);

"In or about June 2017, 8th Bridge Inc. hired Defendant Chang to work

_____

and the only duty alleged by Plaintiffs giving rise to the claim is a fiduciary duty. Similarly, 17200 claims are necessarily premised off underlying cognizable legal claims and with the trade secret claims removed from the lawsuit, the breach of fiduciary duty is the only improper action alleged against Chang.

ERVIN COHEN & JESSUP LLP

1  directly for it fulltime.  SRC requested that Chang not do so and that he refrain from

2  disclosing any of SRC's confidential information, but Chang proceeded to become

3  employed by 8th Bridge, Inc."  (FAC, ¶ 79);

4      "On information and belief, Defendant Chang, while employed by SRC and

5  thus under a fiduciary duty to SRC, learned information from Kim and 8th Bridge

6  Inc. that made or should have made him aware that" (i) "Kim and 8th Bridge Inc.

7  planned to disavow and deny the existence of the joint venture or rescind it without

8  cause, upon the funding of the Ace Hotel Project."  (FAC, ¶ 106); (ii) "Kim and 8th

9  Bridge had placed MRE Fund GP under their sole control" (FAC ¶ 107); and (iii)

10  "Kim and 8th Bridge had transferred 8th Bridge Inc.'s interest in MRE Fund GP to 8th

11  Bridge LLC."  (FAC, ¶ 108)

12      "On information and belief, Chang intentionally failed to disclose to SRC

13  what he had learned about the undisclosed intentions and actions of Kim and 8th

14  Bridge, Inc., with the intent to continue working for 8th Bridge, Inc. and living in

15  Los Angeles."  (FAC, ¶ 109).

16  **V.   PLAINTIFFS' 4TH AND 12TH CLAIMS FOR BREACH OF FIDUCIARY**

17      **DUTY AGAINST CHANG FAIL AS A MATTER OF LAW**

18      Plaintiffs' First Amended Complaint includes two nearly identical claims for

19  breach of fiduciary duty (the 4th and 12th claims).  In the "Claim for Relief"

20  headings, both are asserted against Chang.  However, neither of those claims

21  contains any allegations against Chang or alleges the existence of any fiduciary duty

22  Chang may have owed Plaintiffs, moreover sufficient facts to allow the Court to

23  conclude the existence of any fiduciary duty owed by Chang is even plausible.  The

24  claims for relief exclusively describe actions and duties owed by Kim and 8BC.

25  (FAC, ¶¶ 92-93; 174-175).  For this reason alone, the claims against Chang must be

26  dismissed.

27      Furthermore, even if this Court were to allow Plaintiffs to incorporate the

28  later pled allegation that Chang was "employed by SRC and thus under a fiduciary

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1   duty to SRC" (FAC ¶¶ 106-108), the claims would still fail.  In *Mattel, Inc. v. MGA*

2   *Entertainment, Inc.* (C.D. Cal. 2011) 2011 WL 8427611, the court made clear that,

3   with respect to employees, "there is no separate tort of a breach of a duty of

4   loyalty." *Id.* at *1.  The *Mattel* court explained "no good reason exists to extend

5   these [fiduciary] principles to all aspects of the employment relationship.  Some

6   employees may owe an extra-contractual duty to their employer, but only because

7   they have been entrusted with meaningful authority or property and therefore stand

8   as fiduciaries….But even as to these employees, the scope of the common law duty

9   is narrowly construed to the specific obligations they 'owe as fiduciary.'" *Id* at *2.

10  The *Mattel* court further stated that "imposing a new duty of loyalty upon all

11  employees not only runs afoul of the Supreme Court's general rule, but it also

12  ignores the consistent safeguards upon employee mobility and the freedom to work

13  in the State of California." *Id.*  Based on this analysis, the court found there was no

14  cognizable legal duty upon employees to (i) "not take action inimical to the best

15  interests of the employer"; (ii) "not compete with the employer"; and (iii) "not

16  secretly compete with the employer." *Id.*

17  *Mattel* has recently been cited in this District several times for the simple

18  proposition that "non-fiduciary employees owe no duty of loyalty to their

19  employers." *Officia Imaging, Inc. v. Langridge* (C.D. Cal. 2018) 2018 WL 6137183

20  at * 10; *Agfa Corporation v. Richard* (C.D. Cal. 2018) 2018 WL 3078585 at *3, fn.

21  4 ("To the extent Plaintiff contends that Defendant owed a duty of loyalty solely

22  based upon his status as an employee, as the District Court has previously found, not

23  all employees, regardless of rank or responsibility, owe a duty of loyalty to their

24  employers, rather, a "fiduciary duty is a prerequisite to the existence of a duty of

25  loyalty."

26  Notably, the court in *Officia* made clear "the allegation that Defendant

27  Langridge was employed as a 'Strategic Account Manager' 'whose primary duty

28  was to generate business,' is not enough for the Court to find that Defendant

1    Langridge owed Plaintiff a fiduciary duty of loyalty." *Id.*

2         Here, Plaintiffs have alleged even less than what was deemed insufficient in

3    *Officia.*  There are no allegations that Chang was entrusted with any special duties

4    or property that could make him rise to the level of a fiduciary.  There are similarly

5    no allegations that he took any action to actively compete with Plaintiffs or breached

6    any so-called duty of loyalty.  In fact, there are no allegations that Chang did

7    anything except fail to disclose information that "made or *should have made him*

8    *aware*" about actions allegedly taken by Kim and 8BC.  Therefore, the allegations

9    as pleaded fail to live up to the *Twombly* plausibility standard and the 4th and 12th

10   claims must therefore be dismissed.

11   **VI.    PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIM AGAINST**

12          **CHANG FAILS**

13         "There are four circumstances in which nondisclosure or concealment may

14   constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with

15   the plaintiff; (2) when the defendant had exclusive knowledge of material facts not

16   known to the plaintiff; (3) when the defendant actively conceals a material fact from

17   the plaintiff; and (4) when the defendant makes partial representations but also

18   suppresses some material facts."  *LiMandri v. Judkins* (1997) 52 Cal.App. 4th 326,

19   336.  With respect to the second, third and fourth circumstances, they "presuppose

20   the existence of some other relationship between the plaintiff and defendant in

21   which a duty to disclose can arise."  *Id.* at 336-337.  "As a matter of common sense,

22   such a relationship can only come into being as a result of some sort of *transaction*

23   between the parties."  *Id.* at 337 (italics in original).

24         Here, as set forth above, Chang owed no fiduciary duty to Plaintiffs by virtue

25   of simply being their employee.  Furthermore, there are no allegations that Chang

26   had any sort of transactional relationship with Plaintiffs that could implicate the

27   second, third or fourth *LiMandri* circumstances.  Consequently, this claim fails as a

28   matter of law as well.

ERVIN COHEN & JESSUP LLP

## VII.  PLAINTIFFS' UNFAIR BUSINESS PRACTICES CLAIM AGAINST CHANG FAILS

Plaintiffs' fourteenth claim for relief for violation of Cal. Bus. & Prof. Code Section 17200 alleges two allegedly "unlawful, fraudulent and unfair business acts": (i) "misappropriating Plaintiffs' confidential and trade secret information" and (ii) "wrongfully depriving Plaintiffs of their rightful ownership in the joint venture."

Plaintiffs have already agreed to dismiss their trade secret related claims. (Selmont Dec., ¶ 3).  Therefore, the only conduct giving rise to this claim is the alleged deprivation of Plaintiffs' ownership interest in the Ace Hotel Project.  The allegations in the First Amended Complaint make clear that it was Kim and 8BC who allegedly deprived Plaintiffs of their ownership interest, not Chang.  The only allegations against Chang were that he committed fraudulent concealment for failing to volunteer this information of which "he was aware or should have been aware."[4] Since, as discussed above, the fraudulent concealment claim against Chang has no merit, this claim too is similarly meritless.

## VIII.  CONCLUSION

It is clear from the First Amended Complaint that the allegations against Chang were trumped up to exert pressure on him to flip sides and be a star witness for Choi.  This is evident from the fact that Plaintiffs name Chang as a defendant in the two breach of fiduciary duty claims without even mentioning him once in either of those claims for relief.  They also fail to address him in the 17200 claim, except at best to make passing reference to the trade secret claims they have since agreed to dismiss.  The simple truth is that the claims against Chang lack all legal merit and are not sufficiently plausible to support a lawsuit against him.  Chang respectfully

---

[4] This Court should note the weakness in these allegations. Plaintiffs are not even alleging that Chang knew what Kim and 8BC were allegedly up to, only that he should have known.  This hardly amounts to plausible allegations for an unfair business practices claim.

ERVIN COHEN & JESSUP LLP

1 | requests that this Court dismiss all claims against Chang and enter judgment on his
2 | behalf with respect to the First Amended Complaint.
3 |       Respectfully submitted.
4 |
5 | DATED:  September 5, 2019          ERVIN COHEN & JESSUP LLP
6 |                                            Russell M. Selmont
7 |
8 |                                   By:      */s/ Russell M. Selmont*
9 |                                            Russell M. Selmont
10 |                                           Attorneys for Defendants and Counter-
                                               Claimants

ERVIN COHEN & JESSUP LLP

10

## DECLARATION OF RUSSELL SELMONT

I, Russell Selmont, hereby declare as follows:

1.      I am an attorney duly licensed to practice law before the courts of the State of California.  I am a partner at Ervin Cohen & Jessup, LLP, attorneys of record for Defendants and Counterclaimants in this action.  I haver personal knowledge of the facts set forth herein and if called as a witness, I would and could testify competently thereto.

2.      On August 26, 2019, I emailed Plaintiffs' counsel, Gregg Rapoport, asking him if we could meet and confer with respect to the instant motion at our already scheduled call for September 3, 2019.  In a subsequent email that same day, I told him we intended to move for judgment on the pleadings with respect to all defendants on the two trade secret related claims as well as for the remaining claims against Patrick Chang.

3.      On September 3, 2019, Mr. Rapoport and I conducted a telephonic meet and confer.  On that call, he stated that he was willing to stipulate to dismiss the trade secret claims but that he disagreed with my opinion that the claims against Chang were not adequately pleaded.  We agreed to a briefing schedule on that call whereby he would be served with the moving papers by September 5, 2019 and the motion would be heard October 7, 2019.  Later that day, Mr. Rapoport emailed me a draft stipulation to dismiss the trade secret claims.  A true and correct copy of that email and draft stipulation, which I told Mr. Rapoport we accepted and he could file on our behalf, is attached hereto as **Exhibit "A"**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of September, 2019 at Beverly Hills, California.


*/s/ Russell M. Selmont*
Russell M. Selmont

ERVIN COHEN & JESSUP LLP

16337.1:9667044.2

11

# EXHIBIT A

# EXHIBIT A

**Attachments:**      Stip to dismiss trade secret claims.doc; Order on Stip to dismiss trade secret claims.doc

---

**From:** Rapoport, Gregg <grapoport@sgrlaw.com>
**Sent:** Tuesday, September 3, 2019 4:02 PM
**To:** Rusty Selmont <rselmont@ecjlaw.com>
**Subject:** Choi v. 8th Bridge - Stipulation to Dismiss 8th and 9th Claims

Rusty – Please review the attached proposed stip and order at your convenience.  Thanks.

*Gregg*

**Gregg A. Rapoport**
*Of Counsel*

---

**p** | 213-358-7220
**f** | 213-358-7320
**e** | grapoport@sgrlaw.com
444 South Flower Street | Suite 1700 | Los Angeles, CA 90071
www.sgrlaw.com  |  My Bio  |  vCard



---

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

1  Gregg A. Rapoport (SBN 136941)
2  SMITH, GAMBRELL & RUSSELL, LLP
   444 South Flower Street, Suite 1700
   Los Angeles, CA 90071
3  Tel: (213) 358-7220
   Fax: (213) 213-478-0955
4  grapoport@sgrlaw.com

5  Attorney for Plaintiffs and Counterdefendants
6  MOSES CHOI and SOUTHEAST REGIONAL CENTER,
   LLC and Counterdefendants SRC AJIN FUND I, LLC, SRC
7  AJIN FUND II, LLC, SRC AJIN FUND III, LLC, SRC AJIN-
   WOOSHIN FUND IV, LLC and SRC AJIN-WOOSHIN
8  FUND V, LLC

9

10              **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  MOSES CHOI, an individual; and        | Case No. 2:17-cv-8958-CAS(AFMx)
    SOUTHEAST REGIONAL CENTER,           | *Hon. Christina A. Snyder*
14  LLC, a Georgia limited liability
    company,                              | **STIPULATION TO DISMISS
15                                        | PLAINTIFFS' EIGHTH CLAIM
                Plaintiffs,               | FOR RELIEF FOR VIOLATION
16                                        | OF THE DEFEND TRADE
         v.                               | SECRETS ACT AND NINTH
17                                        | CLAIM FOR RELIEF FOR
    8TH BRIDGE CAPITAL, INC., a          | VIOLATION OF THE
18  California corporation; YOUNG HUN     | CALIFORNIA UNIFORM TRADE
    KIM, an individual; 8TH BRIDGE       | SECRETS ACT**
19  CAPITAL, LLC, a California limited
    liability company; MANHATTAN REAL    | **[Proposed Order attached]**
20  ESTATE FUND GP, LLC, a Delaware
    limited liability company;
21  MANHATTAN REAL ESTATE FUND,
    LP, a Delaware limited partnership;
22  MANHATTAN REAL ESTATE FUND
    II, LP, a Delaware limited partnership;
23  MANHATTAN REAL ESTATE
    EQUITY FUND, LP, a Delaware limited
24  partnership; and PATRICK JONGWON
    CHANG, an individual.
25
                Defendants.
26
    _____
27
    AND RELATED COUNTER-CLAIMS
28

The parties to this action, Plaintiffs MOSES CHOI and SOUTHEAST REGIONAL CENTER, LLC (together, "Plaintiffs"), Defendants 8TH BRIDGE CAPITAL, INC.; YOUNG HUN KIM; 8TH BRIDGE CAPITAL, LLC; MANHATTAN REAL ESTATE FUND GP, LLC; MANHATTAN REAL ESTATE FUND, LP; MANHATTAN REAL ESTATE FUND II, LP; MANHATTAN REAL ESTATE EQUITY FUND, LP; and PATRICK JONGWON CHANG (collectively, "Defendants"), Counterclaimants 8TH BRIDGE CAPITAL, INC.; YOUNG HUN KIM; 8TH BRIDGE CAPITAL, LLC and PATRICK JONGWON CHANG (collectively, "Counterclaimants"), and Counterdefendants MOSES CHOI, SOUTHEAST REGIONAL CENTER, LLC, SRC AJIN FUND I, LLC, SRC AJIN FUND II, LLC, SRC AJIN  FUND III, LLC, SRC AJIN-WOOSHIN FUND IV, LLC and SRC AJIN-WOOSHIN FUND V, LLC (together, "Counterdefendants"), by and through their respective attorneys, jointly submit this Stipulation:

WHEREAS, Plaintiffs filed the Complaint in this action on December 13, 2017, and filed a First Amended Complaint on December 22, 2017;

WHEREAS, on March 30, 2018, Defendants filed their Amended Answers to the First Amended complaint; and

WHEREAS, the parties are agreeable to having the Eighth and Ninth Claims for Relief within the First Amended Complaint, for Violation of the Defend Trade Secrets Act and Violation of the California Uniform Trade Secrets Act, respectively, dismissed without prejudice and with no admission as to the merits of these claims.

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING RECITALS, IT IS HEREBY STIPULATED, subject to the Court's approval, as follows:

The Eighth and Ninth Claims for Relief, for Violation of the Defend Trade Secrets Act and Violation of the California Uniform Trade Secrets Act, respectively, shall be dismissed without prejudice.

With respect to these dismissed claims, the parties each are to bear their own costs and attorney's fees.

SO STIPULATED.

DATED: September 3, 2019          LAW OFFICES OF GREGG A. RAPOPORT

                                 By:    _*/s/ Gregg A. Rapoport*_____
                                        Gregg A. Rapoport
                                        Attorneys for Plaintiffs and
                                        Counterdefendants

DATED: September 3, 2019          ERVIN COHEN & JESSUP LLP

                                 By:    _*/s/ Russell M. Selmont*_____
                                        Russell M. Selmont
                                        Attorneys for Defendants and
                                        Counterclaimants


## FILER'S ATTESTATION

I, Gregg A. Rapoport, pursuant to L.R. 5-4.3.4(a)(2)((i) attest that concurrence in the filing of this Stipulation has been obtained from each of the other signatories listed above.

Dated:  September 3, 2019

                        /s/ *Gregg A. Rapoport*_____
                        Gregg A. Rapoport

## **CERTIFICATE OF SERVICE**

I, Gregg A. Rapoport, am over the age of 18 years and am not a party to this action.  I am an attorney licensed to practice before the bar of this Court.  Upon my oath, I hereby state that on the date set forth below, I caused the foregoing document to be filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. In addition, if any attorneys are not participating in electronic filing, they are identified below and have been mailed, via first-class postage, notice hereof on the date this document is being electronically filed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2019, at Los Angeles, California.

*s/ Gregg A. Rapoport*
Gregg A. Rapoport

STIPULATION TO DISMISS PLAINTIFFS' EIGHTH AND NINTH CLAIMS FOR RELIEF

**ERVIN COHEN & JESSUP LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

### CENTRAL DISTRICT OF CALIFORNIA

*Moses Choi, et al. v. 8th Bridge Capital, Inc, et al.*

*Case No.: 2:17-cv-8958-CAS-AFM*

The undersigned certifies that on September 5, 2019, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**NOTICE OF MOTION AND MOTION BY DEFENDANT & COUNTERCLAIMANT PATRICK CHANG FOR JUDGMENT ON THE PLEADINGS**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

By:  *\_\_\_/s/  Russell M. Selmont\_\_\_*
Russell M. Selmont

12