UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-8958-CAS(AFMx) | Date | October 7, 2019 |
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Debbie Gale | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregg Rapoport | Russell Selmont |

**Proceedings:** DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. [ 75 ], filed September 5, 2019)

## I. INTRODUCTION AND BACKGROUND

This case arises out of a business dispute between alleged joint-venturers, their affiliated corporate entities, and a former employee. On December 13, 2017, plaintiffs Moses Choi ("Choi") and Southeast Regional Center ("SRC") (collectively, "plaintiffs") initiated this action against defendants Young Hun Kim ("Kim"), Patrick Jongwong Chang ("Chang"), 8th Bridge Capital, Inc. ("8th Bridge"), 8th Bridge Capital, LLC, Manhattan Real Estate Fund GP, LLC, Manhattan Real Estate Fund, LP, Manhattan Real Estate Fund II, LP, and Manhattan Real Estate Equity Fund, LP (collectively, "defendants"). Dkt. 1. Plaintiffs thereafter filed the operative first amended complaint on December 22, 2017. Dkt. 8 ("FAC"). The gravamen of plaintiffs' claims is that Kim and his wholly-owned company, 8th Bridge, breached a joint-venture agreement with Choi and SRC, Choi's company, regarding the marketing of federally-approved projects to foreign investors pursuant to the United States Citizen and Immigration Service's EB-5 immigrant visa program ("EB-5 Program"). Id. ¶¶ 4–5.

The EB-5 Program allows foreign investors, their spouses, and their unmarried children to apply for permanent residency in the United States in return for investment in commercial enterprises associated with "regional centers." Id. ¶¶ 25–27. Regional centers are for-profit entities which pool investment capital from individual foreign investors for "specific project proposals located within the regional center's geographic territory." Id. ¶ 27. Choi formed SRC in 2009 to serve as a regional center. Id. ¶ 24. In the years since, SRC has sponsored projects in the Southeastern United States and has developed a network of investors and agents in China and South Korea. Id. ¶¶ 32–33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-8958-CAS(AFMx) | Date | October 7, 2019 |
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Choi alleges that in 2015, he and Kim began discussions regarding potential opportunities for collaboration between their two respective companies, SRC and 8th Bridge. FAC ¶¶ 35–38. Choi further asserts that by October 2015, Choi and Kim had agreed to proceed as joint-venturers, whereby "Choi would make the initial capital contribution to cover business expenses, and the parties would 'work together . . . to capture future business opportunities,' while sharing profits through a holding company." Id. ¶ 41. One such opportunity was the development of the Ace Hotel in New York City ("Ace Hotel Project"). Id. To that end, Kim requested that Chang, then SRC's employee, "work with 8th Bridge Inc. to prepare marketing materials for the Ace Hotel Project." Id. ¶ 43. Plaintiffs allege that to facilitate Chang's work for 8th Bridge, "SRC sent Chang from Atlanta, Georgia to Los Angeles to work fulltime on behalf of the joint venture . . . while continuing to pay Chang a salary" and that "Choi signed a lease for an apartment in downtown Los Angeles for 8th Bridge Inc. to use for workspace and living space for Chang while he worked with Kim and 8th Bridge Inc. . . . on marketing the Ace Hotel Project." Id. ¶¶ 61–62.

According to Choi, after having secured his funding, "Kim and 8th Bridge Inc. thereupon froze Plaintiffs out by transferring partnership assets to third parties, by refusing to recognize Plaintiffs' right to a share in profits, by refusing to allow them to continue to be involved with or benefit from the EB-5 project, by denying them access to the book[s] and records of the joint venture or the project, by disavowing and denying having formed any joint venture, and/or by purporting to rescind the joint venture without cause." Id. ¶ 6. Moreover, "[i]n or about June 2017," despite requests from Choi not to do so, 8th Bridge "hired . . . Chang to work directly for it fulltime" and "Chang proceeded to become employed by 8th Bridge Inc." Id. ¶ 79.

Accordingly, the FAC asserts the following claims for relief: (1) declaratory judgment; (2) breach of joint venture partnership agreement; (3) enforcement of rights under the Revised Uniform Partnership Act; (4) breach of fiduciary duty; (5) fraudulent concealment; (6) constructive fraud; (7) conversion; (8) violation of the Defend Trade Secrets Act ("DTSA"); (9) violation of the California Uniform Trade Secrets Act ("CUTSA"); (10) judicial dissolution; (11) breach of contract to form joint venture; (12) breach of fiduciary duty; (13) promissory estoppel; (14) violation of California's Unfair Competition Law ("UCL"); (15) accounting; and (16) quantum meruit.[1] See generally

---

[1] The FAC asserts two claims for breach of fiduciary duty, Count IV and Count XII, each against Kim, 8th Bridge, and Chang.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-8958-CAS(AFMx) | Date | October 7, 2019 |
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

FAC. As to Chang, however, the FAC only asserts claims for breach of fiduciary duty, fraudulent concealment, DTSA, CUTSA, and UCL claims. Id. On September 5, 2019, plaintiffs stipulated to dismiss, without prejudice, their DTSA and CUTSA claims against defendants, dkt. 76, and, the Court dismissed these claims on September 6, 2019, dkt. 77.

Chang filed the present motion for judgment on the pleadings as to plaintiff's remaining claims against him on September 5, 2019. Dkt. 75 ("Mot."). On September 15, 2019, plaintiffs filed an opposition. Dkt. 78 ("Opp."). On September 23, 2019, Chang filed a reply. Dkt. 79 ("Reply").

The Court held a hearing on October 7, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

## III.    DISCUSSION

Plaintiffs assert claims for breach of fiduciary duty, fraudulent concealment, and violation of California's UCL against Chang. FAC ¶¶ 91, 106, 173, and 184. Chang moves for judgment on the pleadings as to each of these claims. Mot. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-8958-CAS(AFMx) | Date | October 7, 2019 |
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

The Court notes that since plaintiffs first filed the operative FAC on December 22, 2017, there has been substantial progress in this case to date. For example, discovery is already well underway, and Chang's deposition was taken on August 15, 2019. Dkt. 81 at 8–9. While the Court recognizes that Chang raises alleged pleading defects in the FAC, plaintiffs are prepared to augment the FAC to include more specific allegations regarding Chang's responsibilities within SRC as well as his alleged misconduct that serves as the basis for plaintiffs' claims. Opp. at 2–3. Moreover, if the Court were inclined to grant Chang's motion for judgment on the pleadings based on pleading deficiencies in the FAC, at this juncture, the Court would allow plaintiffs the opportunity to amend. See Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:341.1 (The Rutter Group 2019) ("A dismissal without affording plaintiff an opportunity to amend to conform the allegations of the complaint to postfiling developments and evidence obtained during discovery may constitute an abuse of discretion.") (internal citations omitted).

In light of the foregoing, the Court concludes that matter is better decided on a motion for summary judgment, rather than a motion for judgment on the pleadings. See Perez v. Oak Grove Cinemas, Inc., No. 3:13-cv-00728-HZ, 2014 WL 1796674, at *4 (D. Or. May 5, 2014) (denying Rule 12(c) motion for judgment on the pleadings where discovery, including depositions, had already taken place); accord Jones v. Town of Quartzsite, No. 12-cv-2629-PHX-LOA, 2014 WL 12617038, at *1 (D. Ariz. Feb. 24, 2014) (denying Rule 12(c) motion and noting that "court[s] should hesitate to entertain Rule 12(c) motion[s] once parties have invested substantial resources in discovery[.]").

Accordingly, the Court **DENIES** Chang's motion for judgment on the pleadings.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Chang's motion for judgment on the pleadings.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-8958-CAS(AFMx) | Date | October 7, 2019 |
|---|---|---|---|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

On the Court's own motion and discussions with counsel, the Court continues the dates, as follows:

- Factual Discovery Cut-off: January 6, 2020;
- Last Day to File Dispositive Motions: January 10, 2020;
- Exchange of Expert Reports Cut-off: December 16, 2020;
- Exchange of Rebuttal Reports Cut-off: January 15, 2020;
- Expert Discovery Cut-off: February 18, 2020;
- Pretrial Conference/Motions In Limine (**11:00 A.M.**): **March 23, 2020**; and
- Jury Trial (**9:30 A.M.**): **April 7, 2020**.

Plaintiffs and Counterdefendants *Ex Parte* Application to Amend/Modify the Scheduling Order[81] is denied as moot.

IT IS SO ORDERED.

|  | 00 : 30 |
|---|---|
| Initials of Preparer | CMJ |