UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
|----------|--------------------------|------|----------------|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Greg Rapoport | Russell Selmont |

Attorneys Present for Objectors:
Howard Fredman
Yasin Almadani

**Proceedings:**    PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Dkt. [182], filed June 5, 2020)

## I.    INTRODUCTION AND BACKGROUND

The Court previously set out the factual and procedural background of this case in its prior orders. For that reason, the Court only sets forth those facts necessary to resolve plaintiffs' present motion to modify the scheduling order and for leave to file a second amended complaint.

Plaintiffs Moses Choi ("Choi") and Southeast Regional Center, LLC ("SRC") (collectively, "plaintiffs") filed this action on December 13, 2017, against defendants 8th Bridge Capital, Inc.; 8th Bridge Capital, LLC; Manhattan Real Estate Fund GP, LLC; Manhattan Real Estate Fund, LP; Manhattan Real Estate Fund II, LP; Manhattan Real Estate Equity Fund, LP; Patrick Jongwon Chang ("Chang"); and Young Hun Kim ("Kim") (collectively, "defendants"). Dkt. 1. The gravamen of plaintiffs' claim is that Kim and his 8th Bridge companies breached a joint venture agreement with Choi and SRC, Choi's company, regarding the marketing of federally-approved projects to foreign investors pursuant to the United States Citizen and Immigration Service's EB-5 immigrant visa program. See generally id.

Plaintiffs subsequently filed a first amended complaint against defendants on December 22, 2017, see dkt. 8 ("FAC"), and defendants later filed their operative second amended answers and counterclaims against plaintiffs on August 6, 2018. Dkts. 52–59.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
|---|---|---|---|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

On March 25, 2019, the Court denied the parties' cross-motions for summary judgment. See Dkt. 179. Pursuant to plaintiffs' election of "their remedy of monetary damages," the Court dismissed plaintiffs' claims for violation of the Revised Uniform Partnership Act, constructive fraud, judicial dissolution, and accounting. Id. at 9.

The Court entered a scheduling order on August 13, 2018. Dkt. 60. Since then, the parties have requested—and the Court has agreed—to modify the scheduling order on numerous occasions. See, e.g., Dkts. 72, 74, 81, 88, 95–97, 100–01, 104–05, 110–11, 115–16, 119, 122, 147, 149, 160, 180–81, 189–90. Accordingly, the operative deadlines in this case are as follows:

| Case Event | Deadline |
|---|---|
| Deadline to File Amended Pleadings or Add New Parties | June 28, 2019 |
| Fact Discovery Cut-Off | January 6, 2020 |
| Fact Discovery Cut-Off Regarding Financial Issues | August 14, 2020 |
| Fact Discovery Cut-Off Regarding Non-Party UCMK & Associates | August 14, 2020 |
| Exchange of Expert Reports | August 31, 2020 |
| Exchange of Rebuttal Reports | No date set |
| Expert Discovery Cut-Off | No date set |
| Pretrial Conference and Hearing on Motions in Limine | October 19, 2020 |
| Jury Trial | November 3, 2020[1] |

---

[1]  During the hearing, the Court denied the parties' request to continue the November 3, 2020 trial date. To the extent that federal, state, and local elections are set to occur on November 3, 2020, the Court indicated that it would not empanel jurors or conduct *voir dire* until November 4, 2020. With respect to the parties' concerns regarding the ongoing COVID-19 pandemic, the Court explained that should circumstances regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
|---|---|---|---|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Plaintiffs filed the present motion to modify the scheduling order and for leave to file a second amended complaint on June 5, 2020. Dkt. 182 ("Mot."). Defendants filed an opposition on June 22, 2020. Dkt. 187 ("Opp."). Plaintiffs filed a reply on June 29, 2020. Dkt. 188 ("Reply").

The Court held a hearing on July 13, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

Once the deadline to file amended pleadings has passed, a party seeking leave to amend must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The scheduling order may be modified only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

If the moving party shows good cause under Rule 16(b), the court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. Johnson, 975 F.2d at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is "denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rule 15(a) "is to be applied with extreme liberality," Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), and whether to permit amendment is a decision "entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982).

---

pandemic not improve before November 3, 2020, the Court would consider continuing the trial date *sua sponte*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
|---|---|---|---|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

## III.    DISCUSSION

Plaintiffs assert that "discovery efforts relating to [d]efendants' financial transactions during 2017-2019 have now yielded enough evidence to enable [plaintiffs] to make a prima facie showing that, during this litigation, [d]efendants made a series of significant asset transfers to their own non-party affiliates." Mot. at 1.  According to plaintiffs, "[t]he evidence . . . further demonstrates that [d]efendants made these transfers with the intent to put their assets out of reach of [p]laintiffs." Mot. at 1.  Plaintiffs therefore seek to: (1) modify the scheduling order; (2) obtain leave to file a second amended complaint, asserting "new statutory and common law fraudulent transfer claims" and "an accounting" against these other entities controlled by Kim; and (3) "reopen discovery as to the new claims and extend the expert report deadline." Mot. at 1.[2]  Because the time for filing amended pleadings and adding additional parties has passed, plaintiffs must demonstrate "good cause" under Rule 16(b) for modifying the Court's scheduling order, and if the requisite good cause is shown, that amendment is proper under Rule 15(a).

Plaintiffs assert that their discovery efforts "eventually yielded extensive bank records, general ledgers and other bookkeeping records for Kim's entities . . . as well as interrogatory responses and testimony by Kim and his accountant." Mot. at 4.  Plaintiffs aver that this evidence establishes that defendants "made several fund transfers, after this action was filed and apparently without consideration, to three insiders, including Kim's wife and two entities Kim claimed under oath were formed for purposes not related to the Ace Hotel project." Id.  According to plaintiffs, "[t]he evidence of post-litigation fraudulent transfers falls into three categories: (1) Transfers of at least $463,000 from 8th Bridge LLC to YK Bridge Capital Limited, located in Hong Kong; (2) Transfers of more than $600,000 from 8th Bridge LLC to Yna Kim; and (3) Transfers of $360,000 from MRE

---

[2]    Plaintiffs' operative first amended complaint previously sought an accounting "by [d]efendants of all financial transactions relating to the business of the joint venture, including the operation and financial transactions of 8th Bridge., 8th Bridge LLC, MRE Fund GP, MRE Fund LP, MRE Fund II LP, and MRE Equity Fund, and any EB-5 investment projects of these entities since September 2015." FAC ¶¶ 188–89.  Plaintiffs' motion for summary judgment, however, indicated that plaintiffs "elected their remedy of monetary damages and request[ed]" that the Court dismiss plaintiffs' "alternatively-pled claims" for equitable relief, including, inter alia, plaintiffs' request for an accounting. Dkt. 143 at 2–3.  Pursuant to plaintiffs' request, the Court thereafter dismissed plaintiffs' request for an accounting.  Dkt. 179 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
|---|---|---|---|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

Fund GP to 8BC Loan Fund, some of which can be further traced to real property held by 8BC Loan Fund or its transferee, which is now on the market." Id. (internal citations omitted).

The Court acknowledges the serious nature of the allegations raised by plaintiffs' proposed second amended complaint. At bottom, however, plaintiffs seek to modify the scheduling order so as to obtain leave to pursue new claims to ensure that defendants cannot "put their assets out of reach of [p]laintiffs" should plaintiffs prevail on plaintiffs' claims at trial. The Court need not take the extraordinary step—more than two and a half years after plaintiffs filed this action, nearly two years after the Court first entered a scheduling order, and mere months before trial—of allowing plaintiffs to file a second amended complaint, with new claims and additional parties, solely to ensure that plaintiffs could obtain post-trial relief should plaintiffs hypothetically prevail at trial. To the contrary, "[f]ederal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (internal citation and quotation marks omitted). "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id. (internal citation and quotation marks omitted).

The Court finds instructive Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., No. 5:16-cv-06370-EJD, 2020 WL 1139638 (N.D. Cal. Mar. 9, 2020). In that case, a jury entered a verdict against defendant Ningbo Sunny Electronic Co., Ltd. ("Ningbo Sunny"), determining that Ningo Sunny violated federal antitrust law by engaging in conspiracies to fix the price of telescopes, allocate the market for telescopes, and monopolize the market for telescopes. Id. at *1. After trebling, the Court awarded plaintiff Optronic Technologies, Inc. ("Orion") $50,400,000.00. Id. Orion subsequently filed a motion "for an order restraining Ningbo Sunny from removing assets—specifically, accounts receivable—from the United States." Id. During the hearing on Orion's motion for a restraining order, the court "repeatedly asked Ningbo Sunny's counsel whether Ningbo Sunny could provide assurance to Orion and the [c]ourt that [Ningbo Sunny] would not frustrate enforcement of the judgment by transferring its assets outside of the United States." Id. The court denied Orion's motion for a restraining order after Ningbo Sunny filed a declaration from its President ("the Ni Declaration") attesting that Ningbo Sunny "will not transfer any of its cash or other assets located in the United States to a location outside of the United States other than in the ordinary course of busines while post-trial motions and appeals remain pending." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

During the course of post-judgment discovery, Orion adduced evidence that, despite Ningbo Sunny's representation that it would not transfer any of its assets outside the United States other than in the ordinary course of its business, Ningbo Sunny requested that one of its customers make an early payment that was not yet due to Ningbo Sunny's account at a bank located in China.  Optronic Techs., 2020 WL 1139638, at *2.  Orion further determined that the customer did, in fact, make the payment to Ningbo Sunny, depositing the payment in Ningbo Sunny's account with the Agricultural Bank of China.  Optronic Techs., 2020 WL 1139638, at *2.  The court determined "that the totality of the circumstances and the evidence show that Ningbo Sunny made the Ni Declaration in bad faith," alloqing the court to "exercise its inherent authority to sanction Ningbo Sunny." Id. at *3–4.  The court's sanction order provided that, *inter alia*: (1) "Ningbo Sunny shall pay Orion the $4,184,057 [it] received from Celestron"; (2) "Ningbo Sunny is enjoined from transferring assets outside the United States until" either: (a) "Orion collects the judgment owed by Ningbo Sunny," or (b) "Ningbo Sunny posts a bond sufficient to satisfy the [c]ourt's judgment"; (3) Orion could take "expedited discovery . . . to determine what, if any, other improper transfers Ningbo Sunny caused or accepted"; and (4) "Ningbo Sunny shall pay reasonable attorney's fees and costs incurred by Orion in connection with" Orion's request for sanctions.[3]  Id. at *4.

After the court sanctioned Ningbo Sunny and its prior counsel, Orion adduced further evidence that Ningbo Sunny and Peter Ni, Ningbo Sunny's President, were flouting the court's sanction order.  Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., No. 5:16-cv-06370-EJD, 2020 WL 3617907 (N.D. Cal. July 2, 2020).  Accordingly, the court held Peter Ni, Ningbo Sunny's President, in civil contempt.  Id. at *7.  The court ordered Ni "to pay Orion a total of $4,203,200.20, consisting of the $4,184,057.70 due under the Sanctions Order and $19,142.50 in attorneys' fees and costs." Id.  The court's contempt order further provided that "Ni's obligation to pay Orion shall be purged upon Ningbo Sunny's full compliance with the Sanctions Order, including its payment of the same sum to Orion." Id.

---

[3]     In a separate order, the court "award[ed] monetary sanctions jointly against Ningbo Sunny" and its then-counsel, based on counsel's failure "to ensure that Ningbo Sunny fully complies with Orion's post-judgment document requests." Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., No. 16-cv-06370-EJD-VKD, 2020 WL 2838806, at *7–8 (N.D. Cal. June 1, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

In sum, the Court has a multitude of readily available tools that would allow the Court to adequately safeguard plaintiffs' ability to recover from defendants should plaintiffs hypothetically prevail at trial. These include, but are not limited to, the Court's authority to: (1) require defendants to satisfy any judgment; (2) enjoin defendants from transferring assets; (3) sanction defendants should they, in bad faith, frustrate plaintiffs' hypothetical recovery; and (4) sanction defendants' counsel should counsel fail to adequately supervise defendants' hypothetical post-trial obligations. To be clear, the Court makes no determination as to whether plaintiffs are likely to prevail at trial; whether defendants have been, are currently, or will engage in conduct that would frustrate plaintiffs' hypothetical recovery; or whether the Court may need to employ any or all of these tools after trial. Instead, the Court simply observes that the availability of these tools renders plaintiffs' proposed additional claims—which plaintiffs acknowledge would serve the sole function of protecting plaintiffs' post-trial interests—superfluous at this late stage of litigation. That is particularly true in light of the prejudice that defendants would likely suffer were the Court to modify its scheduling order and allow plaintiffs to add their proposed new claims and parties. See Robinson v. Twin Falls Highway Dist., 233 F.R.D. 670, 672 (D. Idaho 2006) ("Any prejudice to the opposing party can be an additional reason to deny a motion" to modify a scheduling order pursuant to Rule 16(b)); see also Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC, No. 14-cv-03953-BLF, 2015 WL 1737691, at *2 (N.D. Cal. Apr. 13, 2015) (denying Rule 15(d) motion for leave to file a supplemental pleading "to introduce additional claims and allegations based on [d]efendants' alleged fraudulent transfer of assets that occurred after the filing of this lawsuit" where "[f]act discovery is closed, save for limited clean up agreed to by the parties" and less than four months remained until trial, explaining that "adding [fraudulent transfer] claims at this stage in litigation would severely prejudice the existing defendants.").

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." Hunt v. Cty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (internal citation and quotation marks omitted). In exercise of that discretion, and because plaintiffs fail to establish the requisite good cause under Rule 16, the Court declines to modify the scheduling order. For that reason, the Court does not reach the question of whether plaintiffs' proposed second amended complaint, which would add additional claims and new parties, satisfies Rule 15. See Urrutia v. Chipotle Mexican Grill, Inc., No. 2:16-cv-02065-BRO-MRW, 2017 WL 2901717, at *10 (C.D. Cal. June 16, 2017) ("Here, the Court need not reach Plaintiff's arguments under the Rule 15 standard because Plaintiff has failed to show good cause under the Rule 16 inquiry.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:17-cv-08958-CAS(AFMx) | Date | July 13, 2020 |
|---|---|---|---|
| Title | MOSES CHOI ET AL. v. 8TH BRIDGE CAPITAL, INC. ET AL. | | |

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' motion in its entirety.

IT IS SO ORDERED.

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |