UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Gregg Rapoport | Russell Selmont |
| Yasin Almadani | |

**Proceedings:**     PLAINTIFF'S MOTION FOR REVIEW OF NONDISPOSITIVE RULING BY MAGISTRATE JUDGE (Dkt. 223, filed October 26, 2020)

## I. INTRODUCTION

Plaintiffs Moses Choi ("Choi") and Southeast Regional Center, LLC ("SRC") (collectively, "plaintiffs") filed this action on December 13, 2017, against defendants 8th Bridge Capital, Inc.; 8th Bridge Capital, LLC; Manhattan Real Estate Fund GP, LLC; Manhattan Real Estate Fund, LP; Manhattan Real Estate Fund II, LP; Manhattan Real Estate Equity Fund, LP; Patrick Jongwon Chang ("Chang"); and Young Hun Kim ("Kim") (collectively, "defendants"). Dkt. 1 ("the Choi action").[1] Plaintiffs filed the operative first amended complaint on December 22, 2017, dkt. 8 ("FAC"), and defendants filed their operative second amended answers and counterclaims on August 16, 2018. Dkts. 52-59. The gravamen of plaintiffs' claim is that Kim and his 8th Bridge companies breached a joint venture agreement with Choi and SRC, Choi's company, regarding the marketing of federally-approved projects to foreign investors pursuant to the United States Citizen and Immigration Services EB-5 immigrant visa program. See generally id. The procedural and factual background of this dispute are set out in the Court's prior orders. See e.g. dkt.

---

[1] On July 30, 2020, the Court consolidated this action for trail with Corbrus LLC v. 8th Bridge Capital, Inc. et al., 2:19-cv-10182-CAS-AFMx (C.D. Cal.) ("the Corbrus action"). Dkt. 199. Because the instant discovery dispute concerns only the Choi action, the Court refers to the record in Moses Choi et al. v. 8th Bridge Capital, Inc. et al., 2:17-cv-08958-CAS-AFMx (C.D. Cal.) throughout.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

179 (March 25, 2020 order denying partial summary judgment). Accordingly, the Court recites only those facts necessary to resolve Choi's present motion.

On October 14, 2020, Magistrate Judge Alexander F. MacKinnon (the "Magistrate Judge") issued an order denying defendants' motion for a protective order and ordering defendants to produce a "Common Membership Interests Purchase Agreement." Dkt. 219 ("Order"). On October 16, 2020, Choi filed the instant motion for review of the Magistrate Judge's ruling. Dkt. 223 ("Mot."). On November 2, 2020, defendants filed an opposition. Dkt. 224 ("Opp'n"). Choi filed a reply on November 6, 2020. Dkt. 225 ("Reply").

The Court held a hearing on November 23, 2020. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND TO THE INSTANT MOTION

### A. Financial Discovery in this Matter

Discovery in the Choi action has been ongoing for years, and this Court has extended the parties' discovery deadlines and continued trial on numerous occasions. The Court first entered a scheduling order on August 13, 2018, Dkt. 60, and has since repeatedly modified the scheduling order at the request of the parties. See e.g., Dkts. 72, 74, 81, 88, 95-97, 100-01, 104-105, 110-11, 115-116, 119, 122, 147, 149, 160, 180-81, 182, 189-90, 194, 198-99, 202, 205, 209.

For instance, as is most relevant to the instant dispute, the Court has extended the factual discovery cut-off as relates to financial issues in the Choi action on at least nine prior occasions. On February 26, 2019, the Court granted the parties' joint request to amend the scheduling order and, among other changes, extended the factual discovery cutoff from July 13, 2019 to November 4, 2019. Dkt. 74. On October 7, 2019, on its own motion following discussions with counsel, the Court further continued the factual discovery cutoff to January 6, 2020. Dkt. 88. On November 27, 2019, the Court granted the parties' stipulation and ordered that "the fact discovery cut-off presently set for January 6, 2020, is continued to February 5, 2020 as to Rule 30(b)(6) depositions relating to financial issues and discovery hearings related to such issues." Dkt. 97. On January 14, 2020, the Court again granted a stipulation extending "the financial-related fact discovery cut-off presently set for February 5, 2020" to February 18, 2020, Dkt. 105, which was subsequently extended to February 25, 2020 via stipulation granted January 29, 2020. Dkt. 111. On February 19, 2020, the Court granted a further stipulation continuing the deadline

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

for Rule 30(b)(6) depositions and related hearings to March 13, 2020. Dkt. 149. On April 7, 2020, the Court granted a stipulation extending the discovery cutoff as to Rule 30(b)(6) depositions relating to financial issues and UCMK & Associates, setting a new deadline of July 14, 2020, Dkt. 181, which was further extended to August 14, 2020 via stipulation granted July 2, 2020. Dkt. 190.

The parties once again filed a joint stipulation to modify the scheduling order on July 27, 2020, primarily seeking to extend the trial date in order to provide more time for the parties to assess settlement in light of the financial impact of the COVID-19 pandemic. Dkt. 198. On July 30, 2020, the Court denied the parties' request to continue trial but granted the portion of the stipulation permitting the parties to conduct Rule 30(b) depositions remotely. Dkt. 199. On August 5, 2020, the parties filed a joint stipulation seeking in part to extend the discovery cutoff for the UCMK and Rule 36(b)(6) depositions relating to financial issues, and related hearings, to August 28, 2020. Dkt. 202. The Court denied the August 5, 2020 stipulation on August 6, 2020, Dkt. 205, and subsequently held a telephonic status conference on August 12, 2020. Dkt. 209.

Finally, following the August 12, 2020 status conference, the Court modified the trial schedule for the consolidated Choi and Corbrus actions and further "extend[ed] the factual discovery cutoff for [the Choi action] to October 14, 2020, in order to allow the parties to complete the two depositions specified on the record" relating to financial issues. Dkt. 209. Accordingly, document discovery in the Choi action closed on October 14, 2020.

    **B.**    **The Magistrate Judge's Order**

On October 14, 2020, the Magistrate Judge issued an order denying defendants' motion for a protective order and directing defendants to produce a "Common Membership Interests Purchase Agreement" (the "PSA") to plaintiffs, for the reasons stated on the record of the hearing held on that date. Order. The Magistrate Judge further denied "any other relief sought by [p]laintiffs (including award fees and expenses in connection with the motion)." Id.

Choi has never moved to compel production of the PSA or any of the related documents that he now contends were at issue before the Magistrate Judge. See Mot. at 1. Instead, Choi appears to have raised his request for production of the PSA to the Magistrate Judge via email in advance of an informal discovery conference held on October 2, 2020. See Dkt. 221 ("Oct. 14 Transcript") at 3; dkt. 213. Following that informal discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

conference, the Magistrate Judge issued an order directing defendants to "either produce the documents in dispute or file a motion for a protective order. If a motion is filed, counsel for defendants also shall email the agreement in question to Judge MacKinnon's chambers email address for in camera review." Dkt. 213.

Defendants subsequently filed a motion for a protective order, dated October 9, 2020, which sought issuance of an order "preventing from disclosure the Common Membership Interest Purchase Agreement and emails related thereto" on the grounds that the PSA does not relate to the transactions at issue in this dispute. Dkt. 215. Defendants also provided the PSA to the Magistrate Judge for in camera review. Oct. 14 Transcript at 4. On October 13, 2020, Choi filed an opposition to the motion for protective order and requested that the Magistrate Judge "order [d]efendants to produce all records responsive to Request for Production No. 131 (RFP 131), including emails and other documents relating to the Common Membership Interest Purchase Agreement." Dkt. 217. Choi further requested that the Magistrate Judge "award [p]laintiff its reasonable expenses" in connection with the motion for a protective order. Id.

During the October 14, 2020 hearing, the Magistrate Judge explained that he was ordering production of the PSA but that his order "doesn't open the door to lots of other documents that might relate to this hotel project that haven't been produced to date." Oct. 14 Transcript at 5. In response to a question from Choi's counsel regarding his reasoning for "limiting the production just to the PSA," the Magistrate Judge explained that the PSA was the only issue properly before the court and there was no basis for further extending the discovery deadline:

> Well, I think there's two reasons. One is because that was certainly my understanding of the focus of the issue that was raised with me, it was the focus of the issue we discussed on the call, it was the focus of what I asked – or what the protective order was being briefed as, and given that we're literally now in the close of discovery – and even when the issue was raised with me by email, we were so close to the end of discovery you couldn't have raised it on a regular motion anyway – that you can't bring up a host of last-minute issues as discovery closes and expect to get rulings on them. I mean, you have to plan ahead of time. If those – if the other documents were critical and had to be produced, they should have been highlighted further to the Court, they weren't, and at this point the discovery in this area is closed. I don't think there's – I don't think there's a justification – it's not my call, but in terms of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

> my review of it from the discovery standpoint, I wouldn't see a justification for extending it for further disputes in this area.
>
> As I said, this document itself you're getting, to me, doesn't look like the heart of the case, but I'm agreeing to – I'm ordering its production because I think arguably it falls within the scope of that agreement between the parties, but I don't see a basis for – given the timing and the nature of what you're arguing about, I don't see a basis for extending the cutoff to address them, and I don't think the other documents have been properly brought before the Court in a fashion that would justify an order.

Id. at 8-9. The Magistrate Judge further found that "the arguments on both sides" of the motion for a protective order "had substantial justification" and denied the request for expenses and fees on that basis. Id.

Choi filed the instant motion seeking review of the Magistrate Judge's determinations regarding production of emails and other documents related to the PSA and fees and expenses on October 26, 2020. Mot. at 1.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a party may file objections to a magistrate judge's non-dispositive order within fourteen days. The party shall file a motion for review by the assigned district judge "designating the specific portions of the ruling objected to and stating the grounds for the objection." Local Rule 72–2.1. Under this rule, the district judge will not modify or set aside a magistrate judge's ruling unless the objecting party shows that the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A). "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions." Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. Of California, Inc. v. Constr. Laborers Pension Tr. for S. California, 508 U.S. 602, 623 (1993). The "contrary to law" standard allows "independent, plenary review of purely legal determinations" by the magistrate judge. Jadwin v. Cty. of Kern, No. CV-F-07-026 OWW/TAG, 2008 WL 4217742, at *1 (E.D. Cal. Sept. 11, 2008). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

## IV. DISCUSSION

Choi's instant motion for review of the October 14 order contends that the Magistrate Judge ruling was "clearly erroneous" on two grounds: both (a) because the Magistrate Judge ordered production of the PSA "without ordering production of related emails and other documents," and (b) because the Magistrate Judge denied Choi's request for fees and expenses. Mot. at 1 (emphasis in original). The Court addresses each of those arguments in turn.

### C. Production of Documents Related to the PSA

Choi contends that the Magistrate Judge's order requiring defendants to produce the PSA without also requiring defendants to produce other documents and emails that relate to the PSA is "clearly erroneous" because "a review of the record demonstrates that a mistake has been committed." Mot at 1. The gravamen of Choi's argument is that the parties' briefing regarding the motion for protective order made clear that "the subject of the dispute was not confined to the PSA itself" in a manner that placed the related emails and other documents at issue before the Magistrate Judge, in addition to the PSA. Id. As such, Choi contends that the Magistrate Judge's failure to order production of the related documents was an obvious mistake that should be rectified by this Court.

Choi has not demonstrated that the Magistrate Judge's ruling reflects an obvious mistake regarding the scope of the dispute properly before him such that it is "clearly erroneous." Choi appears to contend that the parties placed production of documents related to the PSA at issue before the Magistrate Judge *after* the October 2, 2020 informal discovery conference, when defendants sought a protective order seeking to prevent disclosure of the PSA and "emails related thereto," and Choi stated that he was seeking those related emails in opposition. See Mot. at 7. But in so arguing, Choi is asking the wrong question. Absent a motion to compel, which Choi did not file, the related emails Choi now seeks could only have been placed in dispute if Choi adequately raised them with the Magistrate Judge at the informal discovery conference, such that those documents fall within the meaning of the Magistrate Judge's October 2, 2020 order directing defendants to "either produce the documents in dispute or file a motion for a protective order." Dkt. 213. Here, it is clear to the Court that the Magistrate Judge concluded that the scope of the dispute raised at the informal discovery conference included only the PSA, which his order refers to as "the agreement in question," id., and not the "other documents" related to the PSA, which the Magistrate Judge explained at the hearing "should have been highlighted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

further to the Court, [but] they weren't." Oct. 14 Transcript at 9. When asked specifically by counsel why he was "limiting the production just to the PSA," the Magistrate Judge explained that the PSA itself "was the focus of the issue we discussed on the call, it was the focus of what I asked – or what the protective order was being briefed as." Id. at 8. Nothing in the record below contradicts the Magistrate Judge's conclusion that the issue placed before him at the informal discovery conference concerned the PSA specifically, and Choi has presented this Court with no evidence to the contrary. As such, the Court finds that there is no basis on which to determine that the Magistrate Judge's ruling was "clearly erroneous" because he was or should have been on notice that the scope of Choi's request included emails related to the PSA.

Moreover, the Magistrate Judge also explained that his decision to order production only of the PSA took into account Choi's failure to bring a properly noticed motion to compel, explaining that "even when the issue was raised with me by email, we were so close to the close of discovery you couldn't have raised it on a regular motion anyway" before the October 14, 2020 discovery cutoff. Id. at 9. That determination by the Magistrate Judge that any dispute regarding additional documents related to the PSA was not timely raised and briefed before the close of discovery is entirely consistent with the Court's direction to the parties regarding discovery disputes. The Court's notice to counsel upon filing of the complaint makes clear that all discovery disputes must be fully briefed and argued in advance of the discovery cutoff:

> "The Court expects that by the date of the discovery cutoff, all discovery and responses thereto shall have been served, and all motions to compel will be on file and have been argued (but not necessarily decided). The only discovery that may be conducted after the discovery cutoff date without leave of Court is discovery ordered by the Magistrate Judge for which a timely filed motion was pending and argued before the discovery cutoff date."

Dkt. 20 ("Notice to Counsel") at 3-4. Choi failed to comply with the Court's requirements for timely raising his discovery disputes before the Magistrate Judge in a motion to compel. As such, the Court certainly does not conclude that the fact that the Magistrate Judge did not decide those disputes—even to the extent that they were referenced by the parties—demonstrates that the Magistrate Judge's determinations were "clearly erroneous or contrary to law," such that reversal is warranted. See e.g. Santillan v. USA Waste of California, Inc., No. CV 14-00335-AB (SSx), 2019 WL 2970828, at *5 (C.D. Cal. May 9,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
|---|---|---|---|
| Title | MOSES CHOI, ET AL. v. 8TH BRIDGE CAPITAL, INC., ET AL. | | |

2019) (rejecting challenge to Magistrate Judge's finding that defendant "did not act diligently in conducting discovery" in part because defendant failed to comply with "the Court's Scheduling Order" directing that "[t]he cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which all discovery, including all hearings on any related motions, must be completed.").

Nor does the history of this litigation provide any support for an argument that Choi's failure to timely file a motion to compel should be excused in the interest of justice, or that a further extension to the discovery cutoff to address the documents he now seeks is otherwise now warranted. Quite to the contrary, as the Court has recited at length, the relevant fact discovery cutoff in the Choi matter has been extended at least nine times since the Court entered its initial scheduling order on August 13, 2018, well over two years ago. See generally supra at II.A. As such, as the Magistrate Judge correctly explained, Choi has had ample opportunity to raise any discovery disputes in advance of the cutoff and he cannot "bring up a host of last minute issues as discovery closes," past the time at which he could "have raised [the issues] on a regular motion[,] […] and expect to get rulings on them." Oct. 14 Transcript at 9; see also Notice to Counsel at 3-4; C.D. Cal. L.R. 37-2.2, 2.3 (outlining the proper form and briefing deadlines for a motion to compel). If documents related to the PSA were important to Choi's case, he could have—and should have—highlighted them to the court in a timely motion to compel.[2] The Magistrate Judge's refusal to consider Choi's discovery dispute in the absence of a timely motion was neither "clearly erroneous [nor] contrary to law."

Consistent with the foregoing, the Court finds no legal or factual error that would displace the Magistrate Judge's determination that production of the PSA alone was warranted.

---

[2] To that point, although not explicitly relied upon by the Magistrate Judge, the declaration Choi filed in support of his opposition to defendants' motion for a protective order represents that defendants made the production responsive to RFP 131 that Choi now contends was inadequate in July 2020. See Dkt. 217-1 ("Rapaport Decl.") at ¶ 5. As such, Choi had more than two months after learning of any issues with that specific production to timely move to compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-08958-CAS-(AFMx) | Date | November 23, 2020 |
| Title | MOSES CHOI, ET AL. v. 8ᵀᴴ BRIDGE CAPITAL, INC., ET AL. | | |

### D.   Attorney's Fees

The Court likewise finds no basis to overturn the Magistrate Judge's ruling denying Choi's request for fees and expenses. Federal Rule of Civil Procedure 37(a)(5), requires a court denying a motion for protective order to order the moving party "to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," *except* that the "court *must not order this payment* if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. C. P. 37(a)(5) (emphasis added). Here, as Choi acknowledges, the Magistrate Judge determined on the record that the arguments presented "on both sides had substantial justification" and therefore that this was not "a case where the interest of justice would be served by ordering payment of the plaintiffs' fees and expenses in connection with this motion." Oct. 14 Transcript at 6. That finding is supported by the Magistrate Judge's explanation that production of the PSA falls on "the outside edge of what [Choi's document request] would properly go to" and "doesn't open the door to lots of other documents." Id. at 5. Accordingly, the Court concludes that the Magistrate Judge's decision not to award fees and expenses was neither clearly erroneous nor contrary to law.

### V.   CONCLUSION

For the foregoing reasons, plaintiffs' motion for review of Magistrate Judge Alexander MacKinnon's order dated October 14, 2020 is **DENIED**.

**IT IS SO ORDERED**.

|  | 00 | 09 |
|---|---|---|
| Initials of Preparer | | CMJ |